UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 12-49219 |
| EDISON MISSION ENERGY, et al., | ) | (Jointly Administered) |
| | ) | Chapter: 11 |
| | ) | Honorable Jacqueline Cox |
| Debtor(s) | ) | |

FINAL ORDER (A) APPROVING
PAYMENT OF PREPETITION CLAIMS OF CERTAIN LIEN
CLAIMANTS AND (B) AUTHORIZING PROCEDURES RELATED THERETO

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Order") authorizing but not directing the Debtors to pay certain prepetition claims of lien claimants, and approving and authorizing procedures to address any lien claimants that repudiate or otherwise refuse to honor contractual obligations to the Debtors all as more fully set forth in the Motion, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized but not directed to pay in the ordinary course of business prepetition claims of Lien Claimants without further Court order; provided that with respect to each Lien Claimant's prepetition claim, the Debtors are not authorized to pay a Lien Claimant's prepetition claim unless the Lien Claimant has perfected or, in the Debtors' judgment, is capable of perfecting or may be capable of perfecting in the future, one or more liens in respect of such claim; provided, further, that such payment shall not be deemed to be a waiver of rights regarding the extent, validity, perfection or possible avoidance of the related liens.

3. The Debtors' payment of prepetition claims owed to Lien Claimants shall not exceed, in the aggregate, $400,000 unless otherwise ordered by the Court; provided, that the Debtors shall provide counsel to the official committee of unsecured creditors (the "Committee") and counsel to the ad hoc committee of certain holders of the Debtors' senior unsecured notes (the "Noteholder Group") with weekly reports of any payments made under this Order, with the first report to be delivered on January 18, 2013; provided further, that counsel to the Committee and counsel to the Noteholder Group shall

treat such reports as confidential and for professionals' eyes only, and may share such reports with their clients only with Lienholder names and any other identifying information redacted.

4. The Debtors will condition payment of the claims of Lien Claimants upon their agreement to continue supplying goods and services to the Debtors postpetition on normal and customary trade terms, practices and programs that were most favorable to the Debtors and that were in effect within 120 days before the Petition Date, or such other trade terms that are acceptable to the Debtors (the "Customary Trade Terms"); provided that the Debtors reserve the right to adjust normal trade terms with any such Lien Claimant according to the facts and circumstances.

5. The Debtors, in consultation with the Committee and the Noteholder Group (if reasonably practicable) are hereby authorized to waive the conditions of this Order for payment of a claim (the "Waiver") and to conditionally pay the claim of a threatening or non-conforming Lien Claimant (the "Non-Conforming Lien Claimants"), including any Lien Claimant who, despite receiving payment for its respective Lien Claimant Claim, threatens to withhold performance of its obligations or refuses to perform under one or more executory contracts with the Debtors. If the Debtors grant a Waiver, the Debtors may file a Notice of Waiver and a proposed Order to Show Cause with the Court within three (3) business days of payment pursuant to the Waiver. The Debtors will serve any Notice of Waiver and Order to Show Cause on: (a) the Non-Conforming Lien Claimant; (b) the Office of the United States Trustee for the Northern District of Illinois; (c) counsel for the Committee; (d) counsel to the Noteholder Group; and (e) those persons who have formally appeared and requested service in this proceeding pursuant to Bankruptcy Rule 2002. At the first regularly scheduled hearing occurring at least five (5) business days following entry of the Order to Show Cause by the Court, the Non-Conforming Lien Claimant is required to appear before the Court and should the Court determine that the Non-Conforming Lien Claimant has violated sections 362 and 365 of the Bankruptcy Code, the Court will require the Non-Conforming Lien Claimant to disgorge the payments made by the Debtors pursuant to the Waiver, plus attorneys' fees and costs, within three (3) business days of entry of the order holding such Non-Conforming Lien Claimant in violation.

6. The form of Notice of Waiver attached to the Motion as Exhibit C and the form of Order to Show Cause attached to the Motion as Exhibit D are hereby approved by the Court in all respects for use in accordance with the provisions of the foregoing paragraph.

7. If a Lien Claimant that has received a payment pursuant to this Order refuses to perform its postpetition obligations pursuant to an executory contract with one or more of the Debtors in violation of the Bankruptcy Code, the Debtors may file an Order to Show Cause, substantially in the form attached to the Motion as Exhibit D, setting forth the Debtors' belief that the Lien Claimant is in violation of the Bankruptcy Code through its failure to perform under a prepetition agreement, identifying the name of the Lien Claimant, and the identity of the agreement in question and seeking entry of such Order to Show Cause, which shall require the Lien Claimant to appear before the Court to show why it should not be (a) found to have willfully violated sections 362 and 365 of the Bankruptcy Code and (b) required to return any payment made by the Debtors to the Lien Claimant pursuant to this Order, plus attorneys' fees and costs.

8. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is directed to receive, process, honor, and pay any and all checks, drafts, wire transfers, and automated clearing house transfers issued, whether before or after the Petition Date, for payment of obligations described in the Motion to the extent that sufficient funds are on deposit in such amounts.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition wire transfer requests, in replacement of any checks or wire transfer requests in respect of payments of prepetition obligations described in the Motion that are dishonored or rejected.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14. All postpetition payments from a Debtor to another Debtor are hereby accorded superpriority administrative expense status and shall have priority over any administrative claims that arise under section 503(b) of the Bankruptcy Code in accordance with the Court's order approving continued use of the Debtors' cash management system.

15. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' or any other party's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Enter:  *Jacqueline P. Cox*
J. Cox

Dated: **17 JAN 2013**

United States Bankruptcy Judge

**Prepared by:**
James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
Sarah Hiltz Seewer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654

Rev: 20120501_bko

Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Joshua A. Sussberg
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Proposed Counsel to the Debtors
and Debtors in Possession
Other than Camino Energy Company

- and -

David A. Agay
Joshua Gadharf
MCDONALD HOPKINS LLC
300 North LaSalle
Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232

Proposed Counsel to Debtor Camino Energy Company
and Conflicts Counsel to the other Debtors
and Debtors in Possession