UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 12-49219 |
| EDISON MISSION ENERGY, et al., | ) | (Jointly Administered) |
| | ) | Chapter: 11 |
| | ) | Honorable Jacqueline Cox |
| Debtor(s) | ) | |

FINAL ORDER DETERMINING ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY
SERVICES AND AUTHORIZING PROCEDURES RELATED THERETO

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") determining adequate assurance of payment for future utility services, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized but not directed to establish the Adequate Assurance Deposit Account.

3. Except in accordance with the procedures set forth below, absent further order of the Court, the Utility Providers, including, but not limited to, those Utility Providers listed on Exhibit 1 attached hereto, are prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against, the Debtors solely on the basis of the commencement of these cases or on account of any unpaid invoice for services provided before the Petition Date, or (b) requiring the payment of a deposit or other security in connection with the Utility Providers' continued provision of utility services, including the furnishing of gas, heat, electricity, water, telephone service, data service, waste removal, or any other utility of like kind, to the Debtors.

4. The Debtors shall serve this Order upon each of the Utility Providers listed on Exhibit 1 attached hereto, at the addresses listed thereon, by first class mail, postage prepaid, within five (5) business days after the date of entry of this Order.

5. The following Adequate Assurance Procedures are approved in all respects:

 a. If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtors, the Utility Provider must serve a request (a "Request") upon (i) the Debtors at the following addresses: (a) Midwest Generation, LLC, 500 West Madison Street, Suite 2640, Chicago, Illinois, 60661, Attn: Daniel McDevitt; (b) Edison Mission Energy, 3 MacArthur Place, Suite 100, Santa Ana, California 92707, Attn: Maria Rigatti; and (c) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Sarah Hiltz Seewer and Brad Weiland; (ii) counsel to the official committee of unsecured creditors (the "Committee"); and (iii) counsel to the ad hoc committee of certain holders of the Debtors' senior unsecured notes (the "Noteholder Group") at the following addresses: (a) Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Keith Wofford, and (b) Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, Massachusetts 02199, Attn: Stephen Moeller-Sally.

 b. Any Request must: (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to two weeks of utility service it provides to the Debtors, calculated as a historical average over the past 12 months; (v) certify that it currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Debtors' Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

 c. Upon the Debtors' receipt of a Request, the Debtors will have until the later of (i) fourteen (14) days from the receipt of such Request and (ii) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance; provided, however, that the Resolution Period may be extended by mutual consent of the Debtors and the Utility Provider.

 d. The Debtors may, in their sole discretion, resolve any Request by mutual agreement with the Utility Provider without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, without limitation, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable; provided, however, that the Debtors shall notify counsel to the Committee and counsel to the Noteholder Group before providing any such additional adequate assurance. Upon receipt of such notice, the Committee and the Noteholder Group shall have three (3) business days to notify the Debtors of any objection to the proposed additional adequate assurance. If the Committee and the Noteholder Group informs the Debtors that neither has no objection or fails to notify the Debtors of any objection within three (3) business days, the Debtors may provide such proposed additional adequate assurance. If the Committee or the Noteholder Group does object, and if the dispute remains unresolved after three (3) business days, the Committee or the Noteholder Group, as applicable, may file an objection with the Court and the dispute shall be resolved at the next scheduled omnibus hearing. Pending resolution of a dispute over additional adequate assurance, Utility Providers shall be prohibited from terminating service to the Debtors.

 e. If the Debtors determine that a Request is unreasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will file a motion pursuant to section 366(c) of the Bankruptcy Code (a "Determination Motion") seeking a determination from the Court that the Adequate Assurance Deposit Account, together with any additional consideration the Debtors offer, constitutes adequate assurance of payment.

f. Pending resolution of any such Determination Motion, the Utility Provider filing such Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objection to the Proposed Adequate Assurance.

g. The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make a Request.

6. The Debtors are authorized but not directed to file amendments to the Utility Service List to add or delete any Utility Provider, and this Order shall apply to any such Utility Provider that is subsequently added to the Utility Service List. The Debtors shall provide contemporaneous notice to the Committee and counsel to the Noteholder Group of any additions to or deletions from the Utility Service List.

7. All Utility Providers, including subsequently added Utility Providers, are prohibited from altering, refusing, or discontinuing utility services to the Debtors absent further order of the Court.

8. Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code. Nothing herein shall be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of an executory contract.

9. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. All postpetition payments from a Debtor to another Debtor are hereby accorded superpriority administrative expense status and shall have priority over any administrative claims that arise under section 503(b) of the Bankruptcy Code in accordance with the Court's order approving continued use of the Debtors' cash management system.

14. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

15. The Debtors are authorized but not directed to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Enter:

*Jacqueline P. Cox*
J. Cox
United States Bankruptcy Judge

Dated: **17 JAN 2013**

**Prepared by:**
James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
Sarah Hiltz Seewer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Joshua A. Sussberg
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Proposed Counsel to the Debtors
and Debtors in Possession
Other than Camino Energy Company

- and -

David A. Agay
Joshua Gadharf
MCDONALD HOPKINS LLC
300 North LaSalle
Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232

Proposed Counsel to Debtor Camino Energy Company
and Conflicts Counsel to the other Debtors
and Debtors in Possession

Rev: 20120501_bko

# EXHIBIT 1

## Utility Service List

## Utility Service List

| Utility Provider | Address | Service Type | Estimated Deposit |
|---|---|---|---|
| Ameren Illinois | ATTN: Legal Officer/Bankruptcy Department<br>PO Box 66884<br>St. Louis, MO 63166-6884 | Electricity/Gas | $29 |
| AT&T | ATTN: Legal Officer/ Bankruptcy Department<br>1150 S. Olive St. Ste. 1400<br>Los Angeles, CA 90015 | Telecom | $12,642 |
| Charter | ATTN: Legal Officer/ Bankruptcy Department<br>12405 Powerscourt Drive<br>St. Louis, MO 63131 | Telecom | $24 |
| City of Chicago Department of Water | ATTN: Legal Officer/ Bankruptcy Department<br>PO Box 6330<br>Chicago, IL 60680-6330 | Water | $30,262 |
| City of Waukegan | ATTN: Legal Officer/ Bankruptcy Department<br>100 N. Martin Luther King Jr. Ave<br>Waukegan, IL 60085 | Water | $1,432 |
| ComEd | ATTN: Legal Officer/ Bankruptcy Department<br>Two Lincoln Center, 9th Floor<br>Villa Park, IL 60181-4260 | Electricity/Gas | $142,009 |
| COX | ATTN: Legal Officer/ Bankruptcy Department<br>29947 Avenida de las Banderas<br>Rancho Santa Margarita, CA 92688 | Telecom | $48 |
| DIRECTV | ATTN: Legal Officer/ Bankruptcy Department<br>PO Box 60036<br>Los Angeles, CA 90060-0036 | Telecom | $37 |
| Esker | ATTN: Legal Officer/ Bankruptcy Department<br>1212 Deming Way, Suite 350<br>Madison, WI 53717 | Telecom | $0[1] |
| Latisys | ATTN: Legal Officer/ Bankruptcy Department<br>17222 Von Karman Ave.<br>Irvine, CA 92614 | Telecom | $39,452 |
| MCI | ATTN: Verizon Legal Compliance<br>Custodian of Record<br>TXD01613<br>P.O. Box 1001<br>San Angelo, TX 76902-1001 | Telecom | $74 |
| North Shore Sanitary District | ATTN: Legal Officer/ Bankruptcy Department<br>PO Box 2140<br>Bedford Park, IL 60499-2140 | Sewer | $346 |
| Satworx | ATTN: Legal Officer/ Bankruptcy Department<br>7251 W. Lake Mead Blvd, Suite 300<br>Las Vegas, NV 89128 | Telecom | $277 |
| Tachyon Networks, Inc. | ATTN: Legal Officer/ Bankruptcy Department<br>9339 Carroll Park Drive #150<br>San Diego, CA 92121 | Telecom | $7,846 |
| T-Mobile | ATTN: Legal Officer/ Bankruptcy Department<br>3 MacArthur Pl 10th Fl<br>Santa Ana, CA 92707 | Telecom | $323 |

---

[1] Payment for this service is made in advance.

K&E 24719881

| Utility Provider | Address | Service Type | Estimated Deposit |
|---|---|---|---|
| Verizon | ATTN: Verizon Legal Compliance Custodian of Record TXD01613 P.O. Box 1001 San Angelo, TX 76902-1001 | Telecom | $58,900 |
| XO Communications | ATTN: Legal Officer/ Bankruptcy Department 818 W, 7th Street Suite 980 Los Angeles, CA 90017 | Telecom | $138 |
| **Total** | | | **$293,839** |