UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>EDISON MISSION ENERGY, et al.,<br><br><br>Debtor(s) | BK No.: 12-49219<br>(Jointly Administered)<br>Chapter: 11<br>Honorable Jacqueline Cox |

### ORDER AUTHORIZING DEBTORS
### TO PAY FEES AND EXPENSES OF COUNSEL TO THE INFORMAL
### COMMITTEE OF EDISON MISSION ENERGY UNSECURED NOTEHOLDERS

Upon the motion (the "Motion") of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing but not directing the Debtors to pay the reasonable and documented fees and expenses of the Noteholders' Counsel, and granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized to assume the R&G Agreement pursuant to section 365 of the Bankruptcy Code and to pay cure amounts (if any) related thereto to the extent provided in this Order.

3. The Debtors are authorized but not directed to pay the Noteholder Committee Counsel for their reasonable and documented fees and expenses subject to the terms and conditions of the R&G Agreement, without the need for further motion, fee application, or order of the Court.

4. The Noteholder Committee Counsel shall contemporaneously provide the United States Trustee for the Northern District of Illinois and counsel to the official committee of unsecured creditors (collectively, the "Reviewing Parties") with a copy of all periodic fee statements (each, a "Periodic Fee Statement") delivered to the Debtors under the R&G Agreement. The Reviewing Parties shall have 20 calendar days from the delivery of any Periodic Fee Statement (the "Fee Objection Period") to notify the Noteholder Committee Counsel of any dispute with respect to the reasonableness of the fees or expenses invoiced in connection therewith (such notice, a "Fee Dispute Notice"). Each Fee Dispute Notice shall be in writing and shall identify the amount of fees and/or expenses disputed by such Reviewing Party. The Reviewing Parties and the Noteholder Committee Counsel shall use good faith

efforts to promptly and consensually resolve any disputed fees and expenses set forth in any Fee Dispute Notice; provided, that if any Reviewing Party and the Noteholder Committee Counsel are unable to resolve such dispute within 30 calendar days after receipt by the Noteholder Committee Counsel of a Fee Dispute Notice, then such Reviewing Party may file an objection with the Court and the dispute shall be heard at the next omnibus hearing date. Pending resolution of such dispute, the Debtors shall not pay the disputed amounts set forth in the Fee Dispute Notice; provided, however, that the Debtors shall be authorized to pay all undisputed amounts in the ordinary course on the terms specified in each invoice. If the Reviewing Parties inform the Debtors and the Noteholder Committee Counsel that the Reviewing Parties have no dispute with respect to a Periodic Fee Statement or fail to notify the Debtors and the Noteholder Committee Counsel of any such dispute within the Fee Objection Period, the Debtors may pay the fees or expenses invoiced in connection therewith.

5. Each Periodic Fee Statement shall be accompanied by a cover letter from the Noteholder Committee Counsel, setting forth the members of the Noteholder Committee and the aggregate amount of Senior Unsecured Notes beneficially held by such members in the aggregate. Notwithstanding anything to the contrary in the R&G Agreement, if such cover letter states that the members of the Noteholder Committee no longer beneficially hold more than 40% of the outstanding Senior Unsecured Notes in the aggregate, the Debtors shall have the right, upon 20 business days' prior written notice to the Noteholder Committee Counsel and the Reviewing Parties, to terminate the R&G Agreement; provided, however, that the Debtors shall be authorized to pay all fees and expenses of the Noteholder Committee Counsel accrued prior to the date of termination of the R&G Agreement in accordance with this Order.

6. The Noteholder Committee Counsel shall cooperate in good faith to provide any additional information reasonably requested by the Reviewing Parties in order to evaluate the reasonableness of the fees or expenses invoiced in connection with a Periodic Fee Statement.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) other than the R&G Agreement, a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Enter: *Jacqueline P. Cox*
J. Cox
United States Bankruptcy Judge

Dated: **17 JAN 2013**

**Prepared by:**

James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
Sarah Hiltz Seewer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Joshua A. Sussberg
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Proposed Counsel to the Debtors
and Debtors in Possession
Other than Camino Energy Company

- and -

David A. Agay
Joshua Gadharf
MCDONALD HOPKINS LLC
300 North LaSalle
Suite 2100
Chicago, Illinois 60654
Telephone: (312) 280-0111
Facsimile: (312) 280-8232

Proposed Counsel to Debtor Camino Energy Company
and Conflicts Counsel to the other Debtors
and Debtors in Possession

Rev: 20120501_bko