UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 12-49219 |
| EDISON MISSION ENERGY, et al., | ) | (Jointly Administered) |
| | ) | Chapter: 11 |
| | ) | Honorable Jacqueline Cox |
| Debtor(s) | ) | |

**FINAL ORDER (A) APPROVING PAYMENT OF PREPETITION CLAIMS OF CERTAIN VENDORS AND (B) AUTHORIZING PROCEDURES RELATED THERETO**

Upon the motion (the "Motion") of the above captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing but not directing the Debtors to pay, in the Debtors' sole discretion, the prepetition claims of certain critical vendors and service providers in an aggregate amount not to exceed $8.2 million on the terms described in the Motion, including certain prepetition claims for goods received by the Debtors in the ordinary course of their business during the twenty-day period before the Petition Date, which may be entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code, and approving and authorizing procedures to address any vendors that repudiate or otherwise refuse to honor contractual obligations to the Debtors, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized but not directed to make payment to the Critical Vendors on the condition that the Critical Vendor agrees to continue supplying goods and services to the Debtors on Customary Trade Terms or Negotiated Trade Terms.

3. The Debtors are authorized to negotiate trade terms with any Critical Vendor, as a condition to payment of any Critical Vendor Claim, that vary from the Customary Trade Terms (the "Negotiated Trade Terms") to the extent the Debtors, in consultation with the official committee of unsecured creditors (the "Committee") and the ad hoc committee of certain holders of the Debtors' senior unsecured notes (the "Noteholder Group") (if reasonably practicable) determine that such terms are necessary to procure essential goods or services or are otherwise in the best interests of the Debtors'

estates.

4. The Debtors' payment of prepetition claims owed to Critical Vendors shall not exceed, in the aggregate, $8.2 million, unless otherwise ordered by the Court; provided, that the Debtors shall provide counsel to the Committee and counsel to the Noteholder Group with weekly reports of any payments made under this Order, with the first report to be delivered on January 18, 2013; provided further, that counsel to the Committee and counsel to the Noteholder Group shall treat such reports as confidential and for professionals' eyes only, and may share such reports with their clients only with vendor names and any other identifying information redacted.

5. A Critical Vendor's acceptance of payment is deemed to be acceptance of the terms of this Order, and if the Critical Vendor thereafter does not provide the Debtors with Customary Trade Terms or Negotiated Trade Terms during these cases, then any payments of prepetition claims made after the Petition Date may be deemed to be unauthorized postpetition transfers and therefore recoverable by the Debtors in these chapter 11 cases.

6. The Debtors are authorized but not directed to obtain written verification of Customary Trade Terms or Negotiated Trade Terms to be supplied by the Critical Vendors before issuing payment hereunder.

7. If a Critical Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms or Negotiated Trade Terms following receipt of payment of its Critical Vendor Claim, the Debtors shall notify counsel to the Committee and counsel to the Noteholder Group and may, in their discretion and without further order of the Court, declare that provisional payments made to the Critical Vendor on account of the Critical Vendor Claim be deemed to have been in payment of then-outstanding postpetition claims of such vendors without further order of the Court or action by any person or entity. In the event the Debtors exercise the right set forth in the preceding sentence, the Critical Vendor against which such right is exercised shall immediately return to the Debtors any payments made to it on account of its Critical Vendor Claim to the extent that any such payments exceed the postpetition claims of such vendor then outstanding without giving effect to any further rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise.

8. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is directed to receive, process, honor, and pay any and all checks, drafts, wire transfers, and automated clearing house transfers issued, whether before or after the Petition Date, for payment of obligations described in the Motion to the extent that sufficient funds are on deposit in such amounts.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition wire transfer requests, in replacement of any checks or wire transfer requests in respect of payments of prepetition obligations described in the Motion that are dishonored or rejected.

10. The Debtors, in consultation with the Committee and the Noteholder Group (if reasonably practicable) are hereby authorized to waive the conditions of this Order for payment of a claim (the "Waiver") and to conditionally pay the claim of a threatening or non-conforming Non-Conforming Vendor, including any Critical Vendor who, despite receiving payment for its respective Critical Vendor Claim, threatens to withhold performance of its obligations or refuses to perform under one or more executory contracts with the Debtors. If the Debtors grant a Waiver, the Debtors may file a Notice of Waiver and a proposed Order to Show Cause with the Court within three (3) business days of

payment pursuant to the Waiver. The Debtors will serve any Notice of Waiver and Order to Show Cause on: (a) the Non-Conforming Vendor; (b) the Office of the United States Trustee for the Northern District of Illinois; (c) counsel for the Committee; (d) counsel to the Noteholder Group; and (e) those persons who have formally appeared and requested service in this proceeding pursuant to Bankruptcy Rule 2002. At the first regularly scheduled hearing occurring at least ten (10) business days following entry of the Order to Show Cause by the Court, the Non-Conforming Vendor is required to appear before the Court and should the Court determine that the Non-Conforming Vendor has violated sections 362 and 365 of the Bankruptcy Code, the Court will require the Non-Conforming Vendor to disgorge the payments made by the Debtors pursuant to the Waiver, plus attorneys' fees and costs, within five (5) business days of entry of the order holding such Non-Conforming Vendor in violation.

11. The form of Notice of Waiver attached to the Motion as Exhibit D and the form of Order to Show Cause attached to the Motion as Exhibit E are hereby approved by the Court in all respects for use in accordance with the provisions of the foregoing paragraph.

12. If a Critical Vendor that has received a payment pursuant to this Order refuses to perform its postpetition obligations pursuant to an executory contract with one or more of the Debtors in violation of the Bankruptcy Code, the Debtors may file an Order to Show Cause, substantially in the form attached to the Motion as Exhibit E, setting forth the Debtors' belief that the Critical Vendor is in violation of the Bankruptcy Code through its failure to perform under a prepetition agreement, identifying the name of the Critical Vendor, the identity of the agreement in question and seeking entry of such Order to Show Cause, which shall require the Critical Vendor to appear before the Court to show why it should not be (a) found to have willfully violated sections 362 and 365 of the Bankruptcy Code and (b) required to return any payment made by the Debtors to the Critical Vendor pursuant to this Order, plus attorneys' fees and costs.

13. To the extent that the Debtors pay a prepetition claim pursuant to this Order to Southern Environmental, Inc., such payment shall be made pursuant to terms to be mutually agreed between the Debtors and Southern Environmental, Inc. and shall be subject to the Critical Vendor Cap.

14. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18. All postpetition payments from a Debtor to another Debtor are hereby accorded superpriority administrative expense status and shall have priority over any administrative claims that arise under section 503(b) of the Bankruptcy Code in accordance with the Court's order approving continued use of the Debtors' cash management system.

19. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief,

nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' or any other party's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

21. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Enter: *Jacqueline P. Cox*

J. Cox
United States Bankruptcy Judge

Dated: 17 JAN 2013

**Prepared by:**
James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
Sarah Hiltz Seewer
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Joshua A. Sussberg
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Proposed Counsel to the Debtors
and Debtors in Possession
Other than Camino Energy Company

- and -

David A. Agay
Joshua Gadharf
MCDONALD HOPKINS LLC
300 North LaSalle
Suite 2100
Chicago, Illinois 60654

Telephone: (312) 280-0111
Facsimile: (312) 280-8232

Proposed Counsel to Debtor Camino Energy Company
and Conflicts Counsel to the other Debtors
and Debtors in Possession