UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| EDISON MISSION ENERGY, et al.,[1] | ) Case No. 12-49219 (JPC) |
| Debtors. | ) (Jointly Administered) |

FINAL ORDER APPROVING
THE DEBTORS' (A) PAYMENT OF CERTAIN
PREPETITION COMPENSATION AND REIMBURSABLE EMPLOYEE
EXPENSES, (B) CONTINUED EMPLOYEE MEDICAL AND OTHER BENEFITS,
AND (C) CONTINUED EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing but not directing the Debtors to (a) pay certain prepetition wages, salaries and other compensation, taxes, withholdings, and reimbursable expenses, (b) pay and honor obligations relating to medical and other benefits programs, and (c) continue their employee compensation and benefit programs, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

K&E 24719462

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein; provided, however, that the relief requested in the Motion shall be granted on an interim basis with respect to the Debtors' Employees in salary band "E" until further order of the Court. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized, except to the extent provided in the paragraphs below, to continue to honor, in their discretion, the Employee Compensation and Benefits and to pay any prepetition amounts in connection therewith.

3. The Debtors are authorized but not directed to continue the following Employee Compensation and Benefits, on a postpetition basis, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto: (a) Unpaid Compensation, inclusive of any Allocable Costs; (b) Deductions and Payroll Taxes; (c) Reimbursable Expenses (including expenses incurred pursuant to the Amex Corporate Card and P-Card programs); (d) the Health Plans; (e) the Health Spending Accounts and the Dependent Care Accounts; (f) the Employee Assistance Program; (g) the Comprehensive Disability Plan, the Long-Term Disability Plan, the

2

Workers' Compensation, the BTA Insurance, the Life Insurance, the AD&D Insurance, and the Long-Term Care; (h) the Vacation Time, the Severance Program, and the Paid Time Off; (i) the 401(k) Plan, the Midwest Gen Bargaining Unit Plan, the Retirement Plan, and the Executive Retirement Plan; (j) the Safety Award Program, the Service Awards, and the Welder Awards; and (k) the Other Benefit Programs, including, but not limited to, the Employee Education Program, the Relocation Program, and the Transportation Program; *provided, however*, the Debtors shall provide the official committee of unsecured creditors (the "Committee") and the ad hoc group of unsecured noteholders (the "Noteholder Group") with regularly monthly reports of any severance payments made pursuant to this paragraph 3 of the Order, with the first report to be delivered on January 25, 2013; *provided, further*, nothing in this Order shall prejudice the rights of any party in interest, under the Bankruptcy Code or applicable law, with respect to such severance payments.

4. The Debtors are further authorized but not directed to continue the Deferred Compensation Plan, on a postpetition basis, in the ordinary course of business, in accordance with the Debtors' prepetition policies and practices and, in the Debtors' discretion, to pay and honor prepetition amounts related thereto.

5. Amounts owed by the Debtors for such services rendered by the EIX Entities in connection with the Employee Compensation and Benefits postpetition shall constitute allowed administrative expenses under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code and may be paid by the Debtors without the need for further application or motion or Court order.

6. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is directed to receive, process, honor, and pay any and all

3

checks, drafts, wire transfers, and automated clearing house transfers issued, whether before or after the Petition Date, for payment of obligations described in the Motion to the extent that sufficient funds are on deposit in such amounts.

7. The Debtors are authorized to issue postpetition checks, or to effect postpetition wire transfer requests, in replacement of any checks or wire transfer requests in respect of payments of prepetition obligations described in the Motion that are dishonored or rejected.

8. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. All postpetition payments from a Debtor to another Debtor are hereby accorded superpriority administrative expense status and shall have priority over any administrative claims that arise under section 503(b) of the Bankruptcy Code in accordance with the Court's order approving continued use of the Debtors' cash management system.

12. The Debtors shall not pay to plan participants and/or the EIX Entities amounts owed to participants pursuant to the (a) the Edison International Executive Deferred Compensation Plan; (b) the Edison International 2008 Executive Deferred Compensation, Executive Retirement, Executive Survivor Benefit and Executive Disability Plans; or (c) the Southern California Edison Company Executive Retirement Plan to the extent that the EIX

K&E 24719462

Entities have assumed and been compensated for such obligations. Nothing in this Order shall prevent the payment to the EIX Entities of amounts that individuals are deferring under these plans and/or Debtor-funded obligations provided for under these plans, in each case, on an ongoing basis and in the ordinary course; provided, however, the Debtors shall provide the Committee and the Noteholder Group with regular monthly reports on any payments made pursuant to this paragraph 12 of the Order, with the first report to be delivered on January 25, 2013; provided, further, nothing in this Order shall prejudice the rights of any party in interest, under the Bankruptcy Code or applicable law, with respect to such payments.

13. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, and subject to the administrative priority afforded pursuant to paragraph five of this Order, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 17, 2013
Chicago, Illinois

_____
Jacqueline P. Cox
United States Bankruptcy Judge

K&E 24719462