UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EDISON MISSION ENERGY, et al.,[1] | ) Case No. 12-49219 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**FINAL ORDER AUTHORIZING DEBTORS TO CONTINUE PERFORMANCE
OF OBLIGATIONS UNDER INTERCOMPANY ARRANGEMENTS**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to continue performance of obligations under the Intercompany Arrangements in the ordinary course of business and (b) granting such other relief as is just and proper, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

103903011 v7

19897168.4

of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis solely to the extent set forth herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized but not directed to continue performance under any and all of the Intercompany Arrangements in the ordinary course of business and on the terms set forth in the Motion and this Order. The Debtors are further authorized to use estate property and expend estate funds in the ordinary course of business to perform under the Intercompany Arrangements on the terms set forth in the Motion and this Order.

3. EIX's obligation to provide corporate support services terminates on December 31, 2013 unless the Master Restructuring Agreement is approved by a final non-appealable order of the Court within 210 days of the Petition Date.

4. In accordance with this Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion and approved in this Order is directed to receive, process, honor, and pay any and all checks, drafts, wire transfers, and automated clearing house transfers issued, whether before or after the Petition Date, for payment of obligations described in the

103903011 v7

19897168.4

Motion and approved by this Order to the extent that sufficient funds are on deposit in such amounts.

5. The Debtors are authorized to issue postpetition checks, or to effect postpetition wire transfer requests, in replacement of any checks or wire transfer requests in respect of payments of prepetition obligations described in the Motion that are dishonored or rejected; provided, however, that nothing in this Order shall be construed as a finding of the validity, necessity or essential nature of any such payments or obligations, or an admission by any party with respect thereto.

6. Any amounts owed by the Debtors under the Intercompany Arrangements for services rendered postpetition are actual, necessary expenses to preserve the value of the Debtors' estates that shall constitute allowed administrative expenses under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code and may be paid by the Debtors without the need for further application, motion, or Court order. For the avoidance of doubt, nothing in this Order shall be construed or deemed to create joint and several liability among the Debtors with respect to amounts owed by the Debtors under the Intercompany Arrangements.

7. All postpetition payments from a Debtor to another Debtor are hereby accorded superpriority administrative expense status and shall have priority over any administrative claims that arise under section 503(b) of the Bankruptcy Code in accordance with the Court's order approving continued use of the Debtors' cash management system.

8. The Debtors shall be required to provide the official committee of unsecured creditors (the "Committee") and the ad hoc group of unsecured noteholders (the "Noteholder Group") with regular bi-weekly reports of any payments, loans, capital contributions or other transfers of value made by the Debtors to, or on behalf of, a non-Debtor affiliate pursuant to any

103903011 v7

19897168.4

Intercompany Arrangements, with the first report to be delivered on or before February 11, 2013, and with such report containing, at a minimum, (a) the identity of the payor or transferor, (b) the identity of the payee or transferee, (c) if applicable, the entity upon whose behalf such payment was made, (d) the amount of the payment or transfer, (e) the date of such payment or transfer, and (f) a reasonably detailed explanation of the reason for such payment or transfer.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Except with respect to that portion of paragraph 6 of this Order that states that services rendered postpetition are actual and necessary to preserve the value of the Debtors' estates and shall constitute allowed administrative expenses under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code, nothing in this Order, and no action taken pursuant to the relief granted in this Order, shall be deemed: (a) an admission or finding as to the validity (or any other finding) of any claim (whether pre- or postpetition) against a Debtor entity, including, without limitation, the amount, propriety, or arms' length nature of any administrative expense; (b) a waiver of the right (if any) of the Debtors, the Committee and/or the Noteholder Group to dispute any claim or invoice on any grounds; (c) a promise or requirement to pay any claim; (d) an implication, admission or finding that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of any rights (if any) of

Case 12-49219　Doc 400　Filed 02/05/13　Entered 02/05/13 15:06:57　Desc Main
Document　　Page 5 of 5

EIX, the Debtors, the Committee and/or the Noteholder Group under the Bankruptcy Code or any other applicable law.

12. Except with respect to that portion of paragraph 6 of this Order that states that services rendered postpetition are actual and necessary to preserve the value of the Debtors' estates and shall constitute allowed administrative expenses under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code, all rights of all parties are reserved with respect to (a) any claims or causes of action against the EIX Entities relating to pre- or postpetition services rendered under the Intercompany Arrangements and (b) any claims or causes of action (including, without limitation, any claims or causes of action under sections 502(d), 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code, and any other avoidance or similar action under the Bankruptcy Code or similar federal or state law) with respect to transactions with or relating to HCG and the Homer City Facility.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: Feb. 5, 2013
Chicago, Illinois

_J.P.Cox_ _Jacqueline P. Cox_
Jacqueline P. Cox
United States Bankruptcy Judge

5

103903011 v7

19897168.4