# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| EDISON MISSION ENERGY, et al.,[1] | ) | Case No. 12-49219 (JPC) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## FINAL ORDER FOR AUTHORIZATION TO
## (A) CONTINUE USING CASH MANAGEMENT SYSTEM; (B) MAINTAIN
## EXISTING BANK ACCOUNTS AND BUSINESS FORMS; (C) MAINTAIN
## EXISTING INVESTMENT PRACTICES; (D) CONTINUE INTERCOMPANY
## TRANSACTIONS; AND (E) GRANT SUPERPRIORITY ADMINISTRATIVE
## EXPENSE STATUS TO POSTPETITION INTERCOMPANY PAYMENTS

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Order") (a) authorizing but not directing the Debtors to continue using their existing cash management system, bank accounts, and business forms, (b) granting superpriority administrative expense status to postpetition intercompany claims, and (c) waiving investment and deposit requirements, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

relief requested in the Motion, as limited by the relief granted in this Order, is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having

found that the Debtors provided appropriate notice of the Motion and the opportunity for a

hearing on the Motion under the circumstances; and the Court having found that the

requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice; and

the Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before the Court (the "Hearing"); and the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is granted on a final basis solely to the extent set forth herein.

Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them

in the Motion.

    2.    The Debtors are authorized but not directed to:  (a) continue using the Cash

Management System; (b) designate, maintain, and continue to use on a final basis any or all of

their existing Bank Accounts, including, but not  limited to, the Bank Accounts identified on

**Exhibit 1** and **Exhibit 2** hereto, in the names and with the account numbers existing immediately

before  the Petition Date; (c) deposit funds in and withdraw funds from the Bank Accounts by all

usual means, including checks, wire transfers, ACH transfers, and other debits; and (d) treat their

prepetition Bank Accounts for all purposes as debtor in possession accounts.

    3.    The Debtors are authorized but not directed to continue using, in their present

form, the Business Forms (including purchase cards), as well as checks and other documents

related to the Bank Accounts existing immediately before the Petition Date, without reference to
their status as debtors in possession.

4.      The Debtors are authorized but not directed to continue the Investment Practices,
provided that deposits and investments made under the Investment Practices shall be made in
deposit accounts, money market accounts, and other investment vehicles that in turn invest only
in assets, securities, or other instruments insured or guaranteed or collateralized by the United
States or by a department, agency, or instrumentality of the United States or backed by the full
faith and credit of the United States.

5.      The Debtors are authorized but not directed to continue using the Foreign Funding
Account.

6.      Except as otherwise provided in this Order and only to the extent funds are
available in each applicable Bank Account, all Banks at which the Bank Accounts are
maintained are directed to continue to service and administer the Bank Accounts as accounts of
the Debtors as debtors in possession, without interruption and in the ordinary course, and to
receive, process, honor, and pay any and all checks, drafts, wire transfers, and ACH transfers
issued, whether before or after the Petition Date, and drawn on the Bank Accounts after the
Petition Date by the holders or makers thereof, as the case may be.

7.      As soon as practicable after entry of this Order, the Debtors shall serve a copy of
this Order on the Banks.

8.      The requirement to establish separate accounts for cash collateral and/or tax
payments is hereby waived.

9.      The Debtors are authorized but not directed to:  (a) pay prepetition amounts
outstanding as of the Petition Date, if any, owed to the Banks as service charges for the

3

maintenance of the Cash Management System and (b) reimburse the Banks for any claims arising before or after the Petition Date in connection with customer checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds in their Bank Accounts.

10.    Notwithstanding any other provision of this Order, should a Bank honor a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors to honor such prepetition check or item, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as the result of an innocent mistake made despite implementation of customary item handling procedures, the Bank shall not be deemed to be nor shall be liable to the Debtors or their estates or otherwise in violation in this Order.

11.    The Banks are authorized to charge, and the Debtors are authorized to pay, honor, or allow prepetition and postpetition fees, costs, charges, and expenses, including the Bank Fees, and charge back returned items to the Bank Accounts in the ordinary course.

12.    No liens on any of the Bank Accounts granted to any creditors (including any postpetition secured lenders, if any) shall take priority over the Bank Fees of the respective Cash Management Bank at which such Bank Account is located.

13.    The Banks are authorized to debit the Debtors' accounts in the ordinary course of business and without further court order on account of all checks drawn on the Debtors' accounts which are cashed at the Banks' counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

4

## Intercompany Transactions

14. Subject to the limitations set forth herein, the Debtors are authorized but not directed to enter into and engage in the Postpetition Intercompany Transactions and to take any actions and to pay prepetition obligations related thereto.

15. All postpetition payments from a Debtor to another Debtor under any Postpetition Intercompany Transaction are hereby accorded superpriority administrative expense status and shall have priority over any administrative claims that arise under section 503(b) of the Bankruptcy Code. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including the Postpetition Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

16. The Debtors shall provide the professional advisors to the official committee of unsecured creditors (the "Committee," such advisors, the "Committee Advisors") and ad hoc committee of holders of Debtor EME's senior unsecured fixed rate notes (the "Noteholder Group," such advisors the "Noteholder Advisors") with: (a) journal entries of intercompany transfers between the Debtors and their Debtor and non-Debtor affiliates on a monthly basis (with such journal entries to be provided no later than fifteen (15) days after month end), which journal entries shall include: (i) the date of the journal entry; (ii) the relevant company or unit codes; (iii) the general ledger account; and (iv) the amount of the intercompany transfer or balance; (b) a monthly schedule of intercompany settlements; and (c) a monthly schedule of intercompany balances. The Committee Advisors and the Noteholder Advisors reserve the right to request further detail from the Debtors with respect to journal entries reflecting material transactions. To the extent the Debtors have not already provided the Committee Advisors with all of the information described in clauses (b) and (c) of this paragraph for the period from

5

December 2012 through February 2013, the Debtors shall provide such information within thirty (30) days of entry of this Order.

## A. Intercompany Charges and Intercompany Notes

17.     As used in this Order:  (a) the term "Intercompany Note" means a promissory note or any other loan agreement (including any amendment thereto) between a Debtor and another Debtor or non-Debtor affiliate; (b) the term "Intercompany Charge" means the recording of an intercompany receivable on one entity's books and an intercompany payable on another entity's books on account of a cost incurred or goods or services provided from a Debtor to another Debtor or a non-Debtor affiliate; (c) "EME Intercompany Note" shall mean any of the following, as each may be amended, supplemented, or modified from time to time:  (w) the Promissory Note, in the original principal amount of $211,738,800, dated as of August 24, 2000, by EME in favor of MWG; (x) the Promissory Note, in the original principal amount of $285,849,200, dated as of August 24, 2000, by EME in favor of MWG; (y) the Promissory Note, in the original principal amount of $369,961,200, dated as of August 24, 2000, by EME in favor of MWG; and (z) the Promissory Note, in the original principal amount of $499,450,800, dated as of August 24, 2000, by EME in favor of MWG; and (d) "MWG Entity" shall mean MWG, Midwest Generation EME, LLC, Edison Mission Midwest Holdings Co., Edison Mission Energy Fuel Services LLC, Midwest Generation Procurement Services, LLC, Midwest Finance Corp., Edison Mission Fuel Resources, Inc., Edison Mission Fuel Transportation, Inc., and/or Midwest Peaker Holdings, Inc.

18.     The Debtors are authorized but not directed to incur postpetition Intercompany Charges and issue postpetition Intercompany Notes to other Debtors and their non-Debtor affiliates, subject to the following limitations and as otherwise provided in this Order or any other order of the Court:

6

a. ***Debtor to Non-Debtor Intercompany Loans.*** Unless the Court orders otherwise, the Debtors shall not, without the prior written consent of the Committee and the Noteholder Group, make any advances under any prepetition or postpetition Intercompany Note pursuant to which a Debtor is a lender and a non-Debtor is a borrower;

b. ***Non-Debtor to Debtor Intercompany Loans.*** The Debtors are authorized but not directed to issue Intercompany Notes pursuant to which a Debtor is a borrower and a non-Debtor is a lender (each such note, an "Intercompany Note Payable"); provided, no Debtor shall be authorized, absent an order of this Court, to repay its obligations under any Intercompany Note Payable (whether prepetition or postpetition) in cash without the prior written consent of the Committee and the Noteholder Group;

c. ***EME Obligations to MWG.*** Unless the Court orders otherwise, a MWG Entity shall not, without the prior written consent of the Committee and the Noteholder Group, make Intercompany Charges against EME nor make advances to EME pursuant to an Intercompany Note under which EME is a borrower; provided, nothing in this paragraph or this Order shall affect (i) the ability of an MWG Entity to provide intercompany services to EME, or the ability of EME to accept such services (if any), in accordance with the *Final Order Authorizing Debtors to Continue Performance of Obligations Under Intercompany Arrangements* [Docket No. 400] (the "Intercompany Shared Services Order") or (ii) EME's ability to incur and settle an Intercompany Charge owing to an MWG Entity on account of refunds for overpayments or rebates;

d. ***MWG Obligations to EME.*** EME is authorized but not directed to make Intercompany Charges against MWG Entities; provided, the aggregate net amount owing by the MWG Entities to EME at the end of each calendar month shall not exceed $1,500,000 without the prior written consent of the Committee and the Noteholder Group, which aggregate net amount shall not include Intercompany Charges for taxes, insurance, and accrued interest on any EME Intercompany Note (as defined herein). In addition, unless the Court orders otherwise, EME shall not, without the prior written consent of the Committee and the Noteholder Group, make advances to an MWG Entity pursuant to an Intercompany Note under which an MWG Entity is a borrower;

e. ***Homer City.*** Unless the Court orders otherwise, the Debtors shall not, without the prior written consent of the Committee and the Noteholder Group, (x) enter into any Intercompany Note with EME Homer City Generation L.P., Edison Mission Finance Co., or Homer City Property Holdings, Inc. (collectively, the "Homer City Debtors") pursuant to which any Homer City Debtor is a borrower; or (y) make payments in excess of $1,500,000 in the aggregate during the pendency of these chapter 11 cases to fund litigation costs of EME Homer City Generation, L.P. regarding environmental litigation; and

f. ***ServCo.*** The Debtors are authorized but not directed to continue to make payments to and accept payments from ServCo in the ordinary course of business, as described in

the Motion (collectively, the "ServCo Transactions"); provided, unless the Court orders otherwise, the Debtors shall not utilize the ServCo Transactions to fund capital expenditures for new development or project expansion without the prior written consent of the Committee and the Noteholder Group; provided, further, if:

 i. the aggregate net amount owing to the Debtors on account of the ServCo Transactions at the end of any calendar month exceeds $5,000,000 (the "Aggregate ServCo Cap"); or

 ii. the aggregate net amount owing to ServCo by any single non-Debtor affiliate exceeds amounts agreed to among the Debtors, the Committee, and the Noteholder Group (each such amount, an "Entity Level ServCo Cap" and together with the Aggregate ServCo Cap, the "ServCo Caps"),

then the Debtors shall promptly notify the Committee and the Noteholder Group that one or more of the ServCo Caps has been exceeded and consult with the Committee and the Noteholder Group regarding the continuation of the ServCo Transactions. If the Committee and/or the Noteholder Group do not consent to change the ServCo Caps and the parties are unable to resolve the dispute on a consensual basis, then the Committee and/or the Noteholder Group shall each have the right to object to the continuation of the ServCo Transactions, and the dispute shall, unless otherwise ordered by the Court, be resolved at a hearing to be set at a mutually agreeable time.

19. Notwithstanding anything contained herein to the contrary, the Debtors are authorized, unless the Court orders otherwise, to: (a) make advances pursuant to Intercompany Notes to Edison Mission Marketing & Trading, Inc. ("EMMT") only on the terms set forth in the *Final Order Authorizing Continued Performance Under Special Trading Contracts* [Docket No. 313] (the "Trading Order") and (b) record Intercompany Charges against EMMT.

**B. Intercompany Investments**

20. Unless the Court orders otherwise, the Debtors are not authorized, without first obtaining the prior written consent of the Committee and the Noteholder Group, to make (directly or indirectly) any Intercompany Investment or equity contribution in any Debtor or non-Debtor other than EMMT; provided, any Intercompany Investment or equity contribution in EMMT shall be subject to the terms set forth in the Trading Order.

## C.     Charges, Receivables, and Intercompany Setoffs

21.     Except as provided to the contrary in this Order, the Debtors are authorized but not directed to set off mutual prepetition and postpetition intercompany receivables from and payables to their Debtor and non-Debtor affiliates (including their joint ventures) through the Cash Management System if and only to the extent such setoffs are in the ordinary course of the Debtors' business.

22.     Unless the Court orders otherwise, the Debtors shall not repay or clear (by intercompany setoffs or otherwise) any prepetition intercompany receivables and payables above $1,000.00 (including, without limitation, any portion of any EME Intercompany Note) against postpetition intercompany receivables and payables without the prior written consent of the Committee and the Noteholder Group.

23.     Except as otherwise provided in this paragraph or unless the Court orders otherwise, the Debtors are not authorized, without the prior written consent of the Committee and the Noteholder Group, to set off, whether through the Cash Management System or otherwise, any prepetition intercompany receivables and payables against any prepetition intercompany receivables and payables of any MWG Entity. Nothing in this paragraph shall (i) affect the Debtors' rights to engage in setoffs that are authorized under the Intercompany Shared Services Order or (ii) prohibit setoffs of prepetition amounts against prepetition amounts solely between MWG and any other MWG Entity.

24.     The Debtors shall repay or clear (by intercompany setoffs or otherwise) the net balance resulting from a setoff of any postpetition intercompany receivables and payables against postpetition intercompany receivables and payables (a "Net Monthly Balance") on a monthly basis, except any Net Monthly Balance that is less than $1,000.00; provided, if the Debtors do not want to repay or clear a Net Monthly Balance that is more than $1,000 at the end of any

9

month, then the Debtors shall promptly notify and consult with the Committee and the Noteholder Group regarding the Debtors' election to not repay or clear the Net Monthly Balance. If there is a dispute regarding the foregoing, the Committee and the Noteholder Group shall have the right to object to the Debtors' election to not repay or clear the Net Monthly Balance, and the dispute shall, unless otherwise ordered by the Court, be resolved at a hearing to be set at a mutually agreeable time.

25.     Unless the Court orders otherwise, no Debtor, through Intercompany Charges or otherwise through intercompany receivables or payables, shall pay or otherwise fund any capital expenditures for new development or project expansion (including construction costs related thereto) of any non-Debtor affiliate without the prior written consent of the Committee and the Noteholder Group.

26.     The Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Postpetition Intercompany Transactions, may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

27.     Notwithstanding anything contained herein, nothing in this Order shall be deemed or construed to authorize setoff of, or against, any contingent or unliquidated claims.

### Citi Collateral Account

28.     Subject to applicable bankruptcy or other law, those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks and, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination and fee provisions, shall remain in full force and effect absent further order of the Court or unless with respect to any such agreement with any Bank, the Debtors and such Bank agree otherwise. Notwithstanding anything to the contrary in this Order or under that certain Pledge Agreement

10

(the "Pledge Agreement"), dated as of June 4, 2012, between Debtor EME and Citibank, N.A. ("Citi") relating to that certain Collateral Account maintained by EME at Citi, Account No. xxxx5706 (the "Citi Collateral Account"), upon the occurrence of a Pledgor Termination Event (as defined in the Pledge Agreement) identified in section 14(a) of the Pledge Agreement or a Pledgor Affiliate Entity Termination Event (as defined in the Pledge Agreement) identified in section 15(a) of the Pledge Agreement, and after 21-days' written notice to the Debtors and the respective counsel to the Committee and the Noteholder Group, Citi may exercise any rights or remedies set forth in sections 14 or 15 of the Pledge Agreement, respectively, and section 362(a) of the Bankruptcy Code is deemed modified, without further order of, or notice to, the Bankruptcy Court, to the extent necessary to permit the exercise of such rights or remedies; provided, however, that if any noticed Pledgor Termination Event or Pledgor Affiliate Entity Termination Event is cured within such 21-day period, such noticed Pledgor Termination Event or Pledgor Affiliate Entity Termination Event is deemed permanently waived. Nothing in this Order shall waive, limit, or otherwise modify the rights of the Debtors, the Committee and/or the Noteholder Group to seek an order, including an order for injunctive relief, on the grounds that Citi is not permitted to exercise rights or remedies under the Pledge Agreement or Citi's right to contest entry of such order on any basis.

## Changes to Cash Management System Permitted

29. The Debtors and the Banks may, without further order of the Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including the opening and closing of Bank Accounts; provided, however, that unless the Court orders otherwise, the Debtors shall not implement material changes to the Cash Management System and procedures with respect thereto without the prior written consent of the Committee and the Noteholder Group.

## Other Provisions

30.     The Debtors, the Committee and the Noteholder Group each reserve all rights with respect to any prepetition transfers by the Debtors.

31.     On a weekly basis, the Debtors shall provide the Committee Advisors and the Noteholder Advisors with a rolling 13-week cash flow forecast on an "advisors' eyes only" basis and only to the extent that the Debtors prepare such a forecast in a given week.

32.     On a monthly basis, the Debtors shall provide the Committee Advisors and the Noteholder Advisors with: (a) the cash bank balance of each Debtor and non-Debtor affiliate that has cash; and (b) a schedule of intercompany balances between ServCo and each Debtor and non-Debtor affiliate.

33.     Within thirty (30) days of entry of this Order, the Debtors shall provide the Committee Advisors and the Noteholder Advisors with the following information regarding each Collateral Account: (a) the institution at which each Collateral Account is maintained; (b) the counterparty for whose benefit each Collateral Account is maintained; (c) the amount of cash or type of non-cash collateral that was held in each Collateral Account as of the Petition Date; (d) the name of the entity that provided the collateral at each Collateral Account; and (e) the maturity date.

34.     Within fifteen (15) days of entry of this Order, the Debtors shall provide the Committee Advisors and the Noteholder Advisors with the following information regarding all prepetition intercompany balances that have been set off under the Interim Cash Management Order: (a) the amount of each prepetition intercompany balance against which a setoff was effectuated; (b) the identity of each party (i.e., the name of the Debtor and/or non-Debtor affiliate) to the setoff; and (c) whether the setoff was a cash setoff or non-cash setoff. The

12

Committee Advisors and the Noteholder Advisors each reserve the right to request further detail from the Debtors with respect to any such setoffs involving material amounts.

35.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, and subject to the superpriority administrative status afforded pursuant to paragraph 15 of this Order, nothing in this Order shall be deemed: (a) an admission or finding as to the validity of any claim against a Debtor entity; (b) a waiver of the right of the Debtors, the Committee, or the Noteholder Group to dispute any claim or invoice on any grounds; (c) a promise or requirement to pay any claim; (d) an implication, admission, or finding that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the rights of the Debtors, the Committee, or the Noteholder Group under the Bankruptcy Code or any other applicable law.

36.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

37.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

38.    Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

39.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

40.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13

41.    The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated:  _May 15_, 2013
      Chicago, Illinois

_Jacqueline P. Cox_
_J. Cox_
_____
Jacqueline P. Cox
United States Bankruptcy Judge

14

41.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated:  _May 15_, 2013                              _J. Cox_
        Chicago, Illinois                    Jacqueline P. Cox
                                             United States Bankruptcy Judge

14

## EXHIBIT 1

### Debtor-Owned Bank Accounts

| Debtor | Bank Name | Account Type | Last 4 Digits of Account Number | Bank Address |
|---|---|---|---|---|
| EME Homer City Generation L.P. | Citibank, N.A. | Standalone Disbursement Account | 9935 | One Penn's Way New Castle, Delaware 19720 |
| EME Homer City Generation L.P. | Bank of New York Mellon | Collateral Account | 5437 | 385 Rifle Camp Road Paterson, New Jersey 07544 |
| Edison Mission Energy | Citibank, N.A. | EME Master Disbursement Account | 9783 | One Penn's Way New Castle, Delaware 19720 |
| Edison Mission Energy | Citibank, N.A. | Standalone Disbursement Account | 8633 | One Penn's Way New Castle, Delaware 19720 |
| Edison Mission Energy | Citibank, N.A. | Standalone Disbursement Account | 0981 | One Penn's Way New Castle, Delaware 19720 |
| Edison Mission Energy | Citibank, N.A. | Standalone Disbursement Account | 0238 | One Penn's Way New Castle, Delaware 19720 |
| Edison Mission Energy | Citibank United Kingdom (Citibank International PLC) | Foreign Funding Account | 8088 | Citi Dublin Service Centre, 2nd Floor 1 North Wall Quay Dublin 1, Ireland |
| Edison Mission Energy | City National Bank | Standalone Disbursement Account | 7910 | 18111 Von Karman Avenue Irvine, California 92612 |
| Edison Mission Energy | Union Bank N.A. | Standalone Disbursement Account | 5060 | 445 South Figueroa Street, 8th Floor Los Angeles, California 90071 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 6001 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0036 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0067 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0017 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0310 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0160 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0091 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0191 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0221 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0033 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0034 | 200 Park Avenue, 31st Floor New York, New York 10166 |

K&E 24751322

| Debtor | Bank Name | Account Type | Last 4 Digits of Account Number | Bank Address |
|---|---|---|---|---|
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0044 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0049 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0051 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | DNB BANK ASA | Collateral Account | 0160 | 200 Park Avenue, 31st Floor New York, New York 10166 |
| Edison Mission Energy | JPMorgan Chase Bank N.A. | Collateral Account | 1130 | P.O. Box 659754, San Antonio, Texas 78265 |
| Edison Mission Energy | JPMorgan Chase Bank N.A. | Collateral Account | 7023 | P.O. Box 659754 San Antonio, Texas 78265 |
| Edison Mission Energy | Citibank, N.A. | Collateral Account | Not Held by Debtors | 399 Park Avenue New York, New York 10022 |
| Edison Mission Energy | Citibank, N.A. | Collateral Account | Not Held by Debtors | 399 Park Avenue New York, New York 10022 |
| Edison Mission Energy | Institutional Cash Distributors LLC | Investment Account | 0335 | 580 California Street Suite 1335 San Francisco, California 94104 |
| Midwest Finance Corp. | Citibank, N.A. | Standalone Disbursement Account | 2827 | One Penn's Way New Castle, Delaware 19720 |
| Midwest Generation EME, LLC | Bank of America, N.A. | Onsite Facility Cash Account | 1429 | 540 W. Madison Street 16th Floor Chicago, Illinois 60661 |
| Midwest Generation EME, LLC | Citibank, N.A. | EME MWG Master Disbursement Account | 4458 | One Penn's Way New Castle, Delaware 19720 |
| Midwest Generation EME, LLC | Citibank, N.A. | Standalone Disbursement Account | 8822 | One Penn's Way New Castle, Delaware 19720 |
| Midwest Generation, LLC | Citibank, N.A. | MWG Master Disbursement Account | 0098 | One Penn's Way New Castle, Delaware 19720 |
| Midwest Generation, LLC | Citibank, N.A. | Standalone Disbursement Account | 0071 | One Penn's Way New Castle, Delaware 19720 |
| Midwest Generation, LLC | Citibank, N.A. | Standalone Disbursement Account | 9732 | One Penn's Way New Castle, Delaware 19720 |
| Midwest Generation, LLC | Bank of New York Mellon | Leveraged Lease Trustee Account | 2661 | 385 Rifle Camp Road Paterson, New Jersey 07544 |
| Midwest Generation, LLC | Bank of New York Mellon | Leveraged Lease Trustee Account | 2662 | 385 Rifle Camp Road Paterson, New Jersey 07544 |
| Midwest Generation, LLC | Bank of New York Mellon | Leveraged Lease Trustee Account | 5421 | 385 Rifle Camp Road Paterson, New Jersey 07544 |
| Midwest Generation, LLC | Bank of New York Mellon | Leveraged Lease Trustee Account | 5422 | 385 Rifle Camp Road Paterson, New Jersey 07544 |

K&E 24751322

| Debtor | Bank Name | Account Type | Last 4 Digits of Account Number | Bank Address |
|--------|-----------|--------------|----------------------------------|--------------|
| Midwest Generation, LLC | Bank of New York Mellon | Leveraged Lease Trustee Account | 5417 | 385 Rifle Camp Road Paterson, New Jersey 07544 |
| Midwest Generation, LLC | Bank of New York Mellon | Leveraged Lease Trustee Account | 5419 | 385 Rifle Camp Road Paterson, New Jersey 07544 |
| Midwest Generation, LLC | Wilmington Trust Company | Collateral Account | 2000 | 1100 N. Market Street Wilmington, Delaware 19890 |
| Midwest Generation, LLC | Morgan Stanley Smith Barney | Collateral Account | 8068 | 411 E. Wisconsin Avenue Columbus, WI 43202 |
| Midwest Generation, LLC | Institutional Cash Distributors LLC | Investment Account | 0234 | 580 California Street, Suite 1335 San Francisco, California 94104 |

3

## EXHIBIT 2

**Subsidiary Accounts**

| Non-Debtor Affiliate | Bank Name | Last 4 Digits of Account Number |
|---|---|---|
| Aguila Energy Company | Citibank, N.A. | 9644 |
| American Bituminous Power Partners, L.P. | Citibank, N.A. | 9652 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7683 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7684 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7685 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7687 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7688 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7689 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7690 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7681 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7691 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7692 |
| American Bituminous Power Partners, L.P. | Bank of New York Mellon | 7693 |
| Anacapa Energy Company | Citibank, N.A. | 9687 |
| Arrowhead Energy Company | Citibank, N.A. | 9695 |
| Beheer-en Beleggingsmaatschappij Plogema B.V. | Citibank International PLC | 2101 |
| Big Sky Wind, LLC | Union Bank N.A. | 4838 |
| Big Sky Wind, LLC | Union Bank N.A. | 4594 |
| Big Sky Wind, LLC | Union Bank N.A. | 4773 |
| Big Sky Wind, LLC | Union Bank N.A. | 4811 |
| Big Sky Wind, LLC | Union Bank N.A. | 6303 |
| Big Sky Wind, LLC | Union Bank N.A. | 6302 |
| Big Sky Wind, LLC | Union Bank N.A. | 6304 |
| Big Sky Wind, LLC | Union Bank N.A. | 6305 |
| Big Sky Wind, LLC | Union Bank N.A. | 6301 |
| Broken Bow Wind, LLC | Citibank, N.A. | 0962 |
| Broken Bow Wind, LLC | KeyBanc Capital Markets | 3131 |
| Broken Bow Wind, LLC | KeyBanc Capital Markets | 3130 |
| Broken Bow Wind, LLC | KeyBanc Capital Markets | 3133 |
| Broken Bow Wind, LLC | KeyBanc Capital Markets | 3138 |
| Broken Bow Wind, LLC | KeyBanc Capital Markets | 3135 |
| Broken Bow Wind, LLC | KeyBanc Capital Markets | 3136 |
| Broken Bow Wind, LLC | KeyBanc Capital Markets | 3137 |
| Broken Bow Wind, LLC | KeyBanc Capital Markets | 3132 |
| Broken Bow Wind, LLC | KeyBanc Capital Markets | 3134 |
| Buffalo Bear, LLC | Citibank, N.A. | 2268 |
| Capistrano Wind Holdings, Inc. | Citibank, N.A. | 8864 |
| Capistrano Wind II, LLC | Citibank, N.A. | 8872 |
| Capistrano Wind Partners, LLC | Citibank, N.A. | 5567 |

| Non-Debtor Affiliate | Bank Name | Last 4 Digits of Account Number |
|---|---|---|
| Capistrano Wind, LLC | Citibank, N.A. | 5559 |
| Cedro Hill Wind LLC | Union Bank N.A. | 4900 |
| Cedro Hill Wind LLC | Union Bank N.A. | 4862 |
| Cedro Hill Wind LLC | Union Bank N.A. | 4608 |
| Cedro Hill Wind LLC | Union Bank N.A. | 3401 |
| Cedro Hill Wind LLC | Union Bank N.A. | 3402 |
| Cedro Hill Wind LLC | Union Bank N.A. | 3404 |
| Cedro Hill Wind LLC | Union Bank N.A. | 3406 |
| Cedro Hill Wind LLC | Union Bank N.A. | 3409 |
| Cedro Hill Wind LLC | Union Bank N.A. | 3407 |
| Cedro Hill Wind LLC | Union Bank N.A. | 3408 |
| Cedro Hill Wind LLC | Union Bank N.A. | 3403 |
| Cedro Hill Wind LLC | Union Bank N.A. | 3405 |
| Citizen Power Holdings One, LLC | Citibank, N.A. | 9724 |
| Clear View Acres Wind Farm, LLC | Citibank, N.A. | 2224 |
| Collins Holdings EME, LLC | Citibank, N.A. | 9732 |
| Community Wind North LLC | Citibank, N.A. | 5126 |
| Corporation for Affordable Housing LLP II | Eastern Bank | 4550 |
| Corporation for Affordable Housing LLP III | Eastern Bank | 4667 |
| Corporation for Affordable Housing LLP | Eastern Bank | 9327 |
| Crofton Bluffs Wind, LLC | Citibank, N.A. | 8571 |
| Crofton Bluffs Wind, LLC | KeyBanc Capital Markets | 3140 |
| Crofton Bluffs Wind, LLC | KeyBanc Capital Markets | 3142 |
| Crofton Bluffs Wind, LLC | KeyBanc Capital Markets | 3144 |
| Crofton Bluffs Wind, LLC | KeyBanc Capital Markets | 3150 |
| Crofton Bluffs Wind, LLC | KeyBanc Capital Markets | 3151 |
| Crofton Bluffs Wind, LLC | KeyBanc Capital Markets | 3147 |
| Crofton Bluffs Wind, LLC | KeyBanc Capital Markets | 3149 |
| Crofton Bluffs Wind, LLC | KeyBanc Capital Markets | 3143 |
| Crofton Bluffs Wind, LLC | KeyBanc Capital Markets | 3145 |
| Cy-Hawk Wind Energy, LLC | Citibank, N.A. | 2347 |
| Del Mar Energy Company | Citibank, N.A. | 9767 |
| Eagle View Acres Wind Farm, LLC | Citibank, N.A. | 2232 |
| EC Asset Services, Inc. | Eastern Bank | 4386 |
| EC Latin American Inv (Ber), Ltd. | HSBC Bank Bermuda Ltd. | 9501 |
| EC-SLP, Inc. | Eastern Bank | 5043 |
| EC Properties, Inc. | Eastern Bank | 4352 |
| EC Properties III, Inc. | Eastern Bank | 9855 |
| Edison Capital | Citibank, N.A. | 4378 |

3

| Non-Debtor Affiliate | Bank Name | Last 4 Digits of Account Number |
|---|---|---|
| Edison Capital Housing | US Bancorp | 8014 |
| Edison Capital Housing | US Bancorp | 8010 |
| Edison Capital Housing Investments | US Bancorp | 8013 |
| Edison Capital Housing Investments | Citibank, N.A. | 4394 |
| Edison Capital Housing Investments II | US Bancorp | 1014 |
| Edison Capital Housing Investments III | US Bancorp | 1013 |
| Edison Capital Housing Investments III | JPMorgan Chase Bank N.A. | 5141 |
| Edison Capital Housing Investments III | JPMorgan Chase Bank N.A. | 5143 |
| Edison Capital Housing Investments III | JPMorgan Chase Bank N.A. | 5142 |
| Edison  Capital Housing Partners XVI, LP | Citibank, N.A. | 2384 |
| Edison Capital Housing Partners IX, LP | Citibank, N.A. | 2261 |
| Edison Capital Housing Partners VII, LP | Citibank, N.A. | 2245 |
| Edison Capital Housing Partners VI, LP | Citibank, N.A. | 2237 |
| Edison Capital Housing Partners V, LP | Citibank, N.A. | 2229 |
| Edison Capital Housing Partners XIII, LP | Citibank, N.A. | 2317 |
| Edison Capital Housing Partners XII, LP | Citibank, N.A. | 2309 |
| Edison Capital Housing Partners XIV, LP | Citibank, N.A. | 2325 |
| Edison Capital Housing Partners XIX, LP | Citibank, N.A. | 2376 |
| Edison Capital Housing Partners XIX, LP | Citibank, N.A. | 2421 |
| Edison Capital Housing Partners XI, LP | Citibank, N.A. | 2296 |
| Edison Capital Housing Partners XVIII, LP | Citibank, N.A. | 2368 |
| Edison Capital Housing Partners XVIII, LP | Citibank, N.A. | 2413 |
| Edison Capital Housing Partners XVII, LP | Citibank, N.A. | 2341 |
| Edison Capital Housing Partners XVII, LP | Citibank, N.A. | 2405 |
| Edison Capital Housing Partners XVI, LP | Citibank, N.A. | 2392 |
| Edison Capital Housing Partners XV, LP | Citibank, N.A. | 2333 |
| Edison Capital Housing Partners X, LP | Citibank, N.A. | 2288 |
| Edison Capital Housing Partners, VIII, LP | Citibank, N.A. | 2253 |
| Edison Capital Latin American Investment Holdings Company | Citibank, N.A. | 0167 |
| Edison Enterprises Incorporated | Citibank, N.A. | 6583 |
| Edison First Power Ltd. | Barclays Bank PLC | 2904 |
| Edison First Power Ltd. | Citibank United Kingdom (Citibank International PLC) | 8142 |
| Edison Funding Company | Citibank, N.A. | 4386 |
| Edison Funding Company | Bank of America, N.A. | 0260 |
| Edison Funding Omicron | Citibank, N.A. | 0175 |
| Edison Mission Asset Services Inc. | Citibank, N.A. | 8541 |
| Edison Mission Group, Inc. | Citibank, N.A. | 9517 |
| Edison Mission Huntington Beach, LLC | Citibank, N.A. | 2073 |
| Edison Mission Marketing & Trading, Inc. | Citibank, N.A. | 9762 |

4

| Non-Debtor Affiliate | Bank Name | Last 4 Digits of Account Number |
|---|---|---|
| Edison Mission Marketing & Trading, Inc. | Citibank, N.A. | 9847 |
| Edison Mission Marketing & Trading, Inc. | Citibank, N.A. | 8289 |
| Edison Mission Operation & Maintenance, Inc. | Citibank, N.A. | 4503 |
| Edison Mission Operation & Maintenance, Inc. | Citibank, N.A. | 7118 |
| Edison Mission Operation & Maintenance, Inc. | Citibank, N.A. | 7126 |
| Edison Mission Operation & Maintenance, Inc. | Citibank, N.A. | 7134 |
| Edison Mission Operation & Maintenance, Inc. | Citibank, N.A. | 7142 |
| Edison Mission Operation & Maintenance, Inc. | Citibank, N.A. | 7169 |
| Edison Mission Wind, Inc. | Citibank, N.A. | 7557 |
| Edison O&M Services | Citibank, N.A. | 6591 |
| Edison Source Corporation | Citibank, N.A. | 6575 |
| Elk Lake Wind Farm LLC | Citibank, N.A. | 2259 |
| Elkhorn Ridge Wind, LLC | Citibank, N.A. | 3071 |
| EME Service Co. | Citibank, N.A. | 3119 |
| Forward Windpower LLC | Citibank, N.A. | 2081 |
| Goat Wind, LP | Citibank, N.A. | 5519 |
| Green Prairie Energy, LLC | Citibank, N.A. | 2267 |
| Greene Wind Energy, LLC | Citibank, N.A. | 2355 |
| Hardin Wind Energy, LLC | Citibank, N.A. | 2363 |
| Highland Township Wind Farm, LLC | Citibank, N.A. | 2275 |
| Jeffers Wind 20, LLC | Citibank, N.A. | 3331 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 8301 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 8302 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 8304 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 8306 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 8309 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 8307 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 8308 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 8303 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 8305 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 5036 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 0100 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 5052 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 5044 |
| Laredo Ridge Wind, LLC | Union Bank N.A. | 0305 |
| Lookout Windpower LLC | Citibank, N.A. | 2102 |
| MHICAL 94, LP | Citibank, N.A. | 0191 |
| MHIFED 94, LP | Citibank, N.A. | 2448 |
| MHIFED 95, LP | Citibank, N.A. | 2456 |

K&E 24751322

| Non-Debtor Affiliate | Bank Name | Last 4 Digits of Account Number |
|---|---|---|
| MHIFED 96A, LP | Citibank, N.A. | 2472 |
| MHIFED 96, LP | Citibank, N.A. | 2464 |
| Midway-Sunset Cogeneration Company | Citibank, N.A. | 0039 |
| Midway-Sunset Cogeneration Company | Bank of America, N.A. | 0637 |
| Mission (Bermuda) Investments, Ltd. | HSBC Bank Bermuda Ltd. | 7501 |
| Mission del Cielo, Inc. | Citibank, N.A. | 0135 |
| Mission Del Sol, LLC | Citibank, N.A. | 0143 |
| Mission Energy Holding Company | Citibank, N.A. | 3862 |
| Mission Funding Alpha | Citibank, N.A. | 2349 |
| Mission Funding Epsilon | Citibank, N.A. | 2365 |
| Mission Funding Zeta | Citibank, N.A. | 2583 |
| Mission Housing Alpha | Citibank, N.A. | 2499 |
| Mission Housing Investors Partnership | Citibank, N.A. | 2501 |
| Mission Investments, Inc. | Bank of Nova Scotia | 4577 |
| Mission Land Company | Citibank, N.A. | 0183 |
| Mission Minnesota Wind, LLC | Citibank, N.A. | 2604 |
| Mission (Bermuda) Investments Ltd. | Citibank, N.A. | 0204 |
| Mountain Wind Power II LLC | Citibank, N.A. | 2444 |
| Mountain Wind Power, LLC | Citibank, N.A. | 2372 |
| Odin Wind Farm, LLC | Citibank, N.A. | 2799 |
| Palo Alto County Wind Farm, LLC | Citibank, N.A. | 2283 |
| Pinnacle Wind Force, LLC | Citibank, N.A. | 5952 |
| Pinnacle Wind, LLC | KeyBanc Capital Markets | 3108 |
| Pleasant Valley Energy Company | Citibank, N.A. | 0178 |
| Poverty Ridge Wind, LLC | Citibank, N.A. | 2371 |
| San Juan Mesa Wind Project, LLC | Citibank, N.A. | 1592 |
| Silver Lake Acres Wind Farm, LLC | Citibank, N.A. | 2291 |
| Silverado Energy Company | Citibank, N.A. | 0223 |
| Sleeping Bear, LLC | Citibank, N.A. | 2129 |
| Spanish Fork Wind Park 2, LLC | Citibank, N.A. | 2487 |
| Storm Lake Power Partners LLC | Citibank, N.A. | 2137 |
| Sunrise View Wind Farm, LLC | Citibank, N.A. | 2304 |
| Sunset View Wind Farm, LLC | Citibank, N.A. | 2312 |
| Sutton Wind Energy, LLC | Citibank, N.A. | 2398 |
| Taloga Wind, LLC | KeyBanc Capital Markets | 3109 |
| Taloga Wind, LLC | Citibank, N.A. | 4669 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3120 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3107 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3118 |

| Non-Debtor Affiliate | Bank Name | Last 4 Digits of Account Number |
|---|---|---|
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3111 |
| High Lonesome Mesa, LLC | Citibank, N.A. | 0821 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4411 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4410 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4405 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4401 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4400 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4404 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4209 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4207 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4208 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4204 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4211 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4205 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4201 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4200 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4202 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4206 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4210 |
| High Lonesome Mesa, LLC | Wells Fargo Bank N.A. | 4211 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3112 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3119 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3117 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3115 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3116 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3123 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3121 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3110 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3106 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3108 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 113 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3114 |
| Tapestry Wind, LLC | KeyBanc Capital Markets | 3122 |
| Timberwood DSC Fund | Eastern Bank | 5027 |
| Viejo Energy Company | Citibank, N.A. | 266 |
| Viento Funding II, Inc. | Union Bank N.A. | 8101 |
| Viento Funding II, Inc. | Union Bank N.A. | 8109 |
| Viento Funding II, Inc. | Union Bank N.A. | 8110 |
| Viento Funding II, Inc. | Union Bank N.A. | 8111 |

| Non-Debtor Affiliate | Bank Name | Last 4 Digits of Account Number |
|---|---|---|
| Viento Funding II, Inc. | Union Bank N.A. | 8112 |
| Viento Funding II, Inc. | Union Bank N.A. | 8102 |
| Viento Funding II, Inc. | Union Bank N.A. | 8103 |
| Viento Funding II, Inc. | Union Bank N.A. | 8108 |
| Viento Funding II, Inc. | Union Bank N.A. | 8106 |
| Viento Funding II, Inc. | Union Bank N.A. | 8107 |
| Viento Funding II, Inc. | Union Bank N.A. | 8104 |
| Viento Funding II, Inc. | Union Bank N.A. | 8105 |
| Virgin Lake Wind Farm, LLC | Citibank, N.A. | 2339 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 5575 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 5583 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3201 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3202 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3205 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3207 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3211 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3208 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3209 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3206 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3203 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3210 |
| Walnut Creek Energy, LLC | Union Bank N.A. | 3204 |
| WCEP Holdings, LLC | Union Bank N.A. | 5591 |
| WCEP Holdings, LLC | Union Bank N.A. | 5806 |
| WCEP Holdings, LLC | Union Bank N.A. | 5804 |
| WCEP Holdings, LLC | Union Bank N.A. | 5805 |
| WCEP Holdings, LLC | Union Bank N.A. | 5803 |
| Wildorado Wind, LLC | Citibank, N.A. | 1875 |
| Wind Family Turbine, LLC | Citibank, N.A. | 2419 |
| Zontos Wind, LLC | Citibank, N.A. | 2427 |

8