# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, *et al.*, | ) | Case No. 12-49219 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Jacqueline P. Cox |

## COVER SHEET FOR APPLICATION OF PROFESSIONAL COMPENSATION

Name of Applicant:     Perkins Coie LLP

Authorized to Provide Professional Services to:  Official Committee of Unsecured Creditors

Date of Order Authorizing Retention:  February 20, 2013 (nunc pro tunc to January 7, 2013)

Period for which Compensation is Sought:
From           April 1          , 2013  through        July 31              ,      2013

Amount of Fees Sought:      $53,252.50

Amount of Expense Reimbursement Sought:    $342.71

This is an:     Interim Application    X          Final Application

All prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fess & Expenses Previously Paid |
|---|---|---|---|---|
| May 15, 2013 | January 7 - March 3 | $109,061.46 | $109,061.46 | $126,147.17* |

*This represents $109,061.46 paid pursuant to Perkins Coie's first interim fee application, plus $6,056.51 and $11,029.20 paid to Perkins Coie pursuant to its April and May, 2013 monthly fee statements, respectively.

88466-0001/LEGAL27797586.1

The following chart details the fees and expenses requested, paid and remaining to be paid for this second interim fee application period.

| **Period** | **Fees Incurred** | **Expenses Incurred** | **Fees Paid** | **Expenses Paid** | **Balance Requested** |
|---|---|---|---|---|---|
| April 2013 Monthly Fee Statement | $7,374.00 | $157.31 | $5,899.20 | $157.31 | $1,474.80 |
| May 2013 Monthly Fee Statement | $13,772.50 | $11.20 | $11,018.00 | $11.20 | $2,754.50 |
| June 2013 Monthly Fee Statement | $14,562.50 | $159.20 | $0.00 | $0.00 | $14,721.70 |
| July 2013 Monthly Fee Statement | $17,543.50 | $15.00 | $0.00 | $0.00 | $17,558.50 |
| | **$53,252.50** | **$ 342.71** | **$16,917.20** | **$ 168.51** | **$36,509.50** |

Dated:   September 13, 2013            /s/ Brian A. Audette
                                       (Counsel)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, *et al.*, [1] | ) | Case No. 12-49219 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Jacqueline P. Cox |

**SECOND APPLICATION OF PERKINS COIE LLP FOR ALLOWANCE
OF INTERIM COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD APRIL 1, 2013 THROUGH AND INCLUDING JULY 31, 2013**

Perkins Coie LLP ("Perkins"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee"), and pursuant to sections 330, 331 and 504 of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 5082-1 of Bankruptcy Practice and Procedure of the United States Bankruptcy Court For the Northern District of Illinois (the "Local Rules") and the Court's Order Approving Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members (the "Procedures Order") submits this second application (the "Application") of Perkins for allowance of interim compensation for services rendered and reimbursement of expenses incurred as co-counsel to the Committee for the period April 1, 2013

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Finance Co. (9202); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

88466-0001/LEGAL27788253.1

through and including July 31, 2013 (the "Application Period") and respectfully requests an order awarding it interim compensation of $53,252.50 for professional services and reimbursement of its ordinary and necessary costs of $342.71, for total compensation of $53,595.21. In support of the foregoing, Perkins states as follows:

## I. BACKGROUND

1. On December 17, 2012 (the "Petition Date"), a majority of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Subsequently, on May 2, 2013, Debtors Edison Mission Finance Co., EME Homer City Generation L.P. and Homer City Property Holdings, Inc. each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court.

2. Since the Petition Date, Debtors have continued in possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On January 7, 2013 (the "Committee Formation Date"), the United States Trustee for the Northern District of Illinois appointed the Committee[2] to represent the interests of Debtors' unsecured creditors. On the Committee Formation Date, the Committee selected Akin

---

[2] The Committee currently consists of the following entities: Wells Fargo Bank, National Association, Carter C. Culver, Commonwealth Edison Co./Exelon Corporation, Clennon Electric, The Bank of New York Mellon, as Trustee, Peabody Coalsales, LLC, Nesbitt Asset Recovery, LLC, Geo. J. Beemsterboer, Inc., Rowell Chemical Corp. and International Brotherhood of Boilermakers Local One.

2

Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as counsel to the Committee. On January 11, 2013, the Committee selected Perkins to serve as co-counsel to the Committee.

4. On February 20, 2013, the Court entered an Order Authorizing the Committee to Employ and Retain Perkins Coie LLP as its Co-Counsel, which provided, among other things that Perkins' retention was effective as of the Committee Formation Date. Perkins was retained to provide the following services to the Committee:

a. advise the Committee with respect to its rights, duties and powers in these chapter 11 cases;

b. assist the Committee in analyzing the claims of Debtors' creditors and negotiating with holders of claims and equity interests;

c. assist the Committee in its investigation of Debtors' and its affiliates' acts, conduct, assets, liabilities and financial condition;

d. assist the Committee in its analysis of, and negotiations with, Debtors or any third parties concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, ancillary state court or regulatory litigation, financing of other transactions and the terms of one or more plans of reorganization and accompanying disclosure statements and related plan documents;

e. assist and advise the Committee with its communications to the general creditor body regarding significant matters in these chapter 11 cases;

f. represent the Committee at all hearings and other proceedings before the Court;

g. review and analyze motions, applications, orders, statements, operating reports and schedules filed with the Court and advise the Committee with respect to such filings;

h. advise the Committee with respect to any legislative, regulatory or governmental activities;

i. assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

j. prepare motions, applications, memoranda, adversary complaints, objections or other case analyses;

3

      k.      investigate and analyze any claims against Debtors' non-debtor affiliates; and

      l.      perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

5. Perkins has served as co-counsel to the Committee along with Akin Gump since the Committee Formation Date.

### A.    Fee Application

6. This is Perkins' second interim fee application. Pursuant to Perkins' first interim fee application, Perkins was awarded and paid fees in the amount of $101,358.50 and reimbursed expenses in the amount of $7,702.96.

7. Pursuant to the terms of the Procedures Order, Perkins has submitted four monthly fee statements in connection with its representation of the Committee in these cases during the Application Period. Perkins' April monthly fee statement identified that Perkins incurred legal fees totaling $7,374.00 and expenses totaling $157.31 and Perkins was paid $6,056.51 in connection with that fee statement. Perkins' May monthly fee statement identified that Perkins incurred legal fees totaling $13,772.50 and expenses totaling $11.20 and Perkins was paid $11,029.20 in connection with that fee statement. Perkins' June monthly fee statement identified that Perkins incurred legal fees totaling $14,562.50 and expenses totaling $159.20, but Perkins has not yet been paid in connection with that fee statement. Perkins' July monthly fee statement identified that Perkins incurred legal fees totaling $17,543.50 and expenses totaling $15.00, but Perkins has not yet been paid in connection with that fee statement.

8. Perkins seeks approval and entry of an order authorizing and allowing interim compensation of $53,252.50 for work performed on behalf of the Committee during the Application Period and reimbursement of its actual and necessary expenses in the amount of

4

$342.71. Perkins submits that all services and costs for which it requests compensation in the Application were reasonable and necessary and were performed for and on behalf of the Committee and not for or on behalf of any other person.

## II. JURISDICTION

9. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B). The statutory bases for the relief requested herein are sections 330, 331 and 504 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 5082-1.

## III. NATURE OF LEGAL SERVICES PERFORMED BY PERKINS

10. Perkins has served as co-counsel to the Committee since the Committee Formation Date. As part of that role, Perkins has devoted time to numerous legal issues in these cases. A chart summarizing the hours spent in these cases during the Application Period, along with the hourly rate and resulting fees for each attorney and paraprofessional, is attached hereto as Exhibit A. All of the professional services that Perkins rendered to the Committee during the Application Period are set forth in detail in the attached Exhibit A-1, segregated according to project billing categories pursuant to Local Rule 5082-1. Without limiting the detailed descriptions in Exhibit A-1, a brief description and summary of certain services rendered during the Application Period are provided below by project category as maintained by Perkins.

### A. General Case Administration

11. Perkins attorneys and paraprofessionals communicated regularly with Akin Gump attorneys regarding local practice and procedures to ensure that the Committee was in compliance with the Local Rules and the Court's preferences. Perkins attorneys also reviewed pleadings filed in Debtors' cases to remain informed about the status of Debtors' cases and the Committee's strategy and goals.

5

12. Perkins attorneys also participated in the weekly Committee conference calls and attended a presentation by Debtors' counsel and certain board members regarding Debtors' reorganization progress and future goals and strategies. In connection with the weekly Committee conference calls and Debtors' presentation, Perkins attorneys reviewed materials provided prior to the calls and the meeting to fully understand the issues being addressed and strategies being pursued by all major constituencies. Perkins attorneys and paraprofessionals also assisted Akin Gump with preparing for Debtors' monthly omnibus hearings and certain hearings that occurred on non-omnibus hearing dates.

13. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 50.7 hours for which Perkins seeks compensation of $25,769.50. An itemized breakdown of the services rendered to the Committee is included in Exhibit A-1.

### B. Perkins Coie Fee Application / Monthly Billing Reports

14. During the Application Period, Perkins attorneys reviewed and revised monthly prebilling summary reports to ensure accurate time entries for work performed on behalf of the Committee in Debtors' cases pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Perkins attorneys and paraprofessionals also prepared and filed three monthly fee statements pursuant to the Procedures Order. Perkins attorneys and paraprofessionals also prepared Perkins' first interim fee application, pursuant to which it was awarded and paid fees in the amount of $101,358.50 and reimbursed for expenses in the amount of $7,702.96.

15. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 30.2 hours for which Perkins seeks compensation of $9,413.00. An itemized breakdown of the services rendered to the Committee is included in Exhibit A-1.

### C. Court Hearings

16. During the Application Period, Perkins attorneys prepared for and attended six hearings in Debtors' cases, and reviewed agendas and pleadings relating to the hearings.

17. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 6.2 hours for which Perkins seeks compensation of $3,555.00. An itemized breakdown of the services rendered to the Committee is included in Exhibit A-1.

### D. General Adversary Proceedings / Litigation Matters

18. During the Application Period, Perkins attorneys reviewed and analyzed pleadings relating to Debtors' litigation with Tyche Power Partners, including appellate filings.

19. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 2 hours for which Perkins seeks compensation of $1,187.00. An itemized breakdown of the services rendered to the Committee is included in Exhibit A-1.

### E. PoJo

20. During the Application Period, Perkins attorneys reviewed and analyzed Debtors' motion for additional time to assume or reject the "POJO" leases, and reviewed related documents, correspondence and analyses.

21. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 4.2 hours for which Perkins seeks compensation of $2,629.00. An itemized breakdown of the services rendered to the Committee is included in Exhibit A-1.

### F. EIX Investigation

22. During the Application Period, Perkins attorneys consulted with Akin Gump professionals regarding the Committee's investigation of EIX. Perkins attorneys also reviewed and revised the Committee's motion to obtain standing to pursue certain causes of action against EIX and others and the Committee's draft complaint relating to its investigation into EIX.

7

23. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 16.5 hours for which Perkins seeks compensation of $10,699.00. An itemized breakdown of the services rendered to the Committee is included in Exhibit A-1.

### G.  Statement of Expenses

24. A chart summarizing expenses incurred by Perkins during the Application Period is attached hereto as Exhibit B. Perkins incurred expenses for, among other things, photocopying (at 10 cents per page), postage, filing fees and delivery charges. During the Application Period, Perkins incurred costs totaling $342.71. Invoices listing expenses incurred by Perkins during the Application Period are attached hereto as Exhibit B-1.

### H.  Statement of Total Compensation Sought for Preparation of Fee Applications

25. The compensation sought by Perkins relating to the first interim fee application and preparation of the four fee statements totals $9,413.00.

## IV.  STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND BANKRUPTCY RULE 2016(b)

26. All of the services performed by Perkins were required for the proper representation of the Committee in these cases, were authorized by the Court, and were performed by Perkins at the request and/or direction of the Committee. Pursuant to section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of Perkins' services are compensable.

27. There has been little, if any, duplication of services by the attorneys or paraprofessionals of Perkins. In those instances where two or more attorneys and/or paraprofessionals participated in any matter, such joint participation was necessary because of

8

the complexity of the problem, magnitude of the issues, allocation of work responsibility or work involved and/or the time constraints that existed.

28. The rates at which Perkins seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other Perkins clients.

29. No agreement exists between Perkins and any third person for the sharing of compensation received by Perkins in these cases, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of Perkins.

30. A copy of the computer generated time entries reflecting the time recorded for Perkins' services to the Committee, organized by project billing categories in accordance with Local Rule 5082-1, are attached hereto as Exhibit A-1.

31. Computer generated statements of expenses incurred by Perkins are attached hereto as Exhibit B-1.

32. Attached hereto as <u>Exhibit C</u> is the declaration of David M. Neff attesting to, among other things, the accuracy of the information set forth in Group Exhibit A and Exhibit B of this Application.

V. **PAYMENT OF PERKINS' FEES AND EXPENSES**

33. As set forth above and pursuant to the Procedures Order, Perkins has been paid $16,917.20 representing 80% of its requested fees for April and May and $168.51 representing 100% of its requested expenses for April and May, for a total of $17,085.71. Perkins has submitted its monthly fee statement for June in the amount of $11,809.20 (representing 80% of its requested fees of $14,562.50 and 100% of its requested expenses of $159.20). Perkins has submitted its amended monthly fee statement for July in the amount of $14,049.80 (representing

9

80% of its requested fees of $17,543.50 and 100% of its requested expenses of $15.00); however, Perkins has not yet received payment for its June or July fee statements.

**WHEREFORE**, Perkins Coie LLP, co-counsel for the Committee herein, requests that the Court enter an order authorizing and approving:

A. Interim compensation in the amount of **$53,252.50** for professional services rendered to the Committee by Perkins during the Application Period;

B. Interim reimbursement of Perkins' ordinary and necessary costs of **$342.71** incurred during the Application Period;

C. Authorizing and directing Debtors to pay to Perkins: (1) $1,474.80, which represents the 20% balance due from its April monthly fee statement; (2) $2,754.50, which represents the 20% balance due from its May monthly fee statement; (3) $14,721.70, which represents the amount of fees and expenses requested by Perkins in its June monthly fee statement, including the 20% holdback from its June monthly fee statement (i.e. $2,912.50); and (4) $17,558.50, which represents the amount of fees and expenses requested by Perkins in its July monthly fee statement, including the 20% holdback from its July monthly fee statement (i.e. $3,508.70); and

D. Such other and further relief as the Court may deem just and equitable under the circumstances.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: September 13, 2013 | **PERKINS COIE LLP** |

By: */s/ Brian A. Audette*
David M. Neff (ARDC # 6190202)
Brian A. Audette (ARDC # 6277056)
**PERKINS COIE LLP**
131 S. Dearborn Street - Suite 1700
Chicago, Illinois  60603-5559
(312) 324-8400
(312) 324-9400
dneff@perkinscoie.com
baudette@perkinscoie.com

*Co-Counsel to the Committee*

11