**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| EDISON MISSION ENERGY, *et al.*, | Case No. 12-49219 (JPC) |
| Debtors. | (Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS OF W.W. GRAINGER, INC. TO DEBTORS' NOTICE TO CONTRACT AND LEASE COUNTERPARTIES**

W.W. Grainger, Inc. ("Grainger"), by and through undersigned counsel, files this objection and reservation of rights (the "Objection") in response to the Notice to Contract and Lease Counterparties (the "Notice"), served by the above-captioned Debtors (the "Debtors") on or around December 19, 2013.[1] In support of this Objection, Grainger respectfully submits as follows:

1. On December 17, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing these jointly administered cases.

2. Before the Petition Date, Grainger Industrial Supply ("Grainger Industrial"), a division of Grainger, and Mission Procurement, LLC ("Mission Procurement"), a wholly owned subsidiary of Edison Mission Energy, entered into a certain Letter of Understanding dated as of April 15, 2012 (the "LOU"),[2] pursuant to which Grainger Industrial agreed to sell certain goods

---

[1] A true and correct copy of Exhibit A to the Notice is attached hereto as Appendix A.

[2] Due to its proprietary nature, a copy of the LOU is not attached hereto, but will be provided to appropriate parties upon request.

-1-

to Mission Procurement and certain of its affiliates, including some of the Debtors.

3. Based upon available information, the LOU is the only contractual agreement pursuant to which any of the Debtors can purchase goods from Grainger or Grainger Industrial.

4. The Notice refers generically to a "Terms and Conditions for Procurement of Material," but provides no date or description of the agreement. Grainger presumes that the "Terms and Conditions for Procurement of Material" refers to the LOU, but is seeking clarification from the Debtors.[3]

5. The Notice asserts that the cure amount with respect to the "Terms and Conditions for Procurement of Material" is zero dollars ($0.00). However, there is presently an unpaid balance of approximately $20,879.89, in aggregate, for purchases made under the LOU (the "<u>Cure Amount</u>").[4] Accordingly, Grainger hereby files this Objection to preserve its rights under Bankruptcy Code section 365.

6. Under Bankruptcy Code section 365(a), a debtor may, subject to court approval, assume or reject executory contracts. 11 U.S.C. § 365(a). But, before a debtor can assume an executory contract, it must: (a) cure all defaults under the contract or provide adequate assurance that such defaults will be promptly cured, (b) compensate, or provide adequate assurance that the counterparty will be promptly compensated, for any loss resulting from any defaults under the contract, and (c) provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1).

7. A debtor bears the burden of demonstrating that all of Bankruptcy Code section

---

[3] The Notice indicates that the Debtor-party to the contract is Midwest Generation EME, LLC.

[4] In particular, approximately $17,166.55 is owed on account of pre-petition purchases by Midwest Generation, LLC (one of the Debtors) and approximately $3,713.34 is owed on a post-petition basis. The Cure Amount is subject to further adjustments based upon Grainger's continued reconciliation of the unpaid amounts, any further purchases under the LOU and any payments subsequently received. In addition, Grainger reserves its right to supplement, correct or amend this Objection.

365's requirements have been met. See Beckett v. Coatesville Hous. Assoc., 2001 U.S. Dist. LEXIS 9281, *10-11 (E.D. Pa. 2001); In re Rachels Indus., Inc., 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990).

8.  Accordingly, the Debtors cannot assume or assign the LOU or any other agreement with Grainger or Grainger Industrial unless the Debtors pay all outstanding amounts owed under such contracts or provide adequate assurance that such payment will be made promptly.

WHEREFORE, Grainger respectfully requests that the Court condition the relief requested by the Debtors on the Debtors satisfying the Cure Amount and curing all other defaults. Grainger further requests that the Debtors clarify whether the LOU is the "Terms and Conditions for Procurement of Material" referred to in the Notice, or whether the Debtors believe there are any other agreements implicated by the Notice. Finally, Grainger requests that the Court grant Grainger such other and further relief as is just and proper.

Dated: January 7, 2014
      Chicago, Illinois

McDERMOTT WILL & EMERY LLP

/s/ Nathan Coco
Nathan Coco, Esq.
227 W. Monroe Street
Chicago, Illinois 60606-5096
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

-and-

Gregory Kopacz, Esq.
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

*Counsel to W.W. Grainger, Inc.*

*APPENDIX A*

## Exhibit A

Schedule of Contracts and Leases and Proposed Cure Cost

| Debtor | Counterparty | Description of Assumed Contracts or Leases | Cure Cost |
|---|---|---|---|
| Midwest Generation EME, LLC | Grainger Industrial Supply | Terms and Conditions for Procurement of Material | $0.00 |

K&E 28971032

## CERTIFICATE OF SERVICE

      I, Nathan F. Coco, an attorney, certify that on January 7, 2014, I caused a true and correct copy of the foregoing **Objection and Reservation of Rights of W.W. Grainger, Inc. to Debtors' Notice to Contract and Lease Counterparties** to be served in accordance with the Administrative Procedures for the Case Management / Electronic Case Filing System for the Northern District of Illinois to all counsel of record in this proceeding.

                                                        /s/ Nathan F. Coco