**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, *et al.*, | ) | Case No. 12-49219 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Jacqueline P. Cox |

**COVER SHEET FOR APPLICATION OF PROFESSIONAL COMPENSATION**

Name of Applicant:     Perkins Coie LLP

Authorized to Provide Professional Services to:  Official Committee of Unsecured Creditors

Date of Order Authorizing Retention:  February 20, 2013 (nunc pro tunc to January 7, 2013)

Period for which Compensation is Sought:
From      January 7, 2013      , 2013   through      March 11      , 2014

Amount of Fees Sought:     $230,776.00

Amount of Expense Reimbursement Sought:   $9,442.87

This is an:    Interim Application _____        Final Application      X

All prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fess & Expenses Previously Paid |
|---|---|---|---|---|
| May 15, 2013 | Jan 7 - March 30, 2013 | $109,061.46 | $109,061.46 | |
| Sept. 13, 2013 | April 1 - July 31, 2013 | $53,595.21 | $53,595.21 | 100% |
| Jan. 14, 2014 | August 1 - Nov. 30, 2013 | $52,800.30 | $52,800.30 | 100% |

LEGAL120619038.2

Prior Interim Fee Applications:

|  | **Fees** | **Expenses** | **Total Requested** | **Amount Paid** |
|---|---|---|---|---|
| First Interim Fee Application (1/7/13 - 3/3/13) | $101,358.50 | $7,702.96 | $109,061.46 | $109,061.46 |
| Second Interim Fee Application (4/1/13 - 7/31/13) | $53,252.50 | $342.71 | $53,595.21 | $53,595.21 |
| Third Interim Fee Application (8/1/13 - 11/30/13) | $52,611.50 | $188.80 | $52,800.30 | $52,800.30 |
|  | **$207,222.50** | **$8,234.47** | **$215,456.97** | **$215,456.97** |

Fees and expenses requested, paid and remaining to be paid for Application Period (as defined in the Application):

| **Period** | **Fees** | **Expenses** | **Fees Paid at 80%** | **Expenses Paid at 100%** | **Balance Requested** |
|---|---|---|---|---|---|
| December 2013 Monthly Fee Statement | $3,606.50 | $276.80 | $2,885.20 | $276.80 | $721.30 |
| January 2014 Monthly Fee Statement | $12,855.00 | $311.60 | $10,284.00 | $311.60 | $2,571.00 |
| February 2014 Monthly Fee Statement | $5,662.00 | $298.90 | $4,529.60 | $298.90 | $1,132.40 |
| March 1 to March 11, 2014 | $1,430.00 | $321.10 | $0.00 | $0.00 | $1,751.10 |
|  | **$23,553.50** | **$1,208.40** | **$17,698.80** | **$ 887.30** | **$6,175.80** |

Dated:     April 30, 2014                          /s/ Brian A. Audette
                                                   (Counsel)

- 2 -

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, *et al.*,[1] | ) | Case No. 12-49219 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Jacqueline P. Cox |

APPLICATION OF PERKINS COIE LLP FOR ALLOWANCE AND
PAYMENT OF FINAL COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Perkins Coie LLP ("Perkins"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee"), and pursuant to sections 330, 331 and 504 of chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"), Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 5082-1 of Bankruptcy Practice and Procedure of the United States Bankruptcy Court For the Northern District of Illinois (the "Local Rules"), applicable guidelines issued by the United States Trustee for the Northern District of Illinois and the terms of Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Modifications) (as amended, the "Plan") submits this application (the "Application") of Perkins for allowance and payment of final compensation for services rendered and reimbursement of expenses incurred as co-counsel to the Committee for the period December 1, 2013 through March 11, 2014 (the "Application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Finance Co. (9202); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447).

Period") and respectfully requests an order (a) awarding it final compensation of $23,553.50 for professional services and reimbursement of its ordinary and necessary costs of $1,208.40 for total compensation of $24,761.90 for the Application Period and (b) confirming and approving all of Perkins' *prior* interim compensation awards totaling $215,456.97 for the period January 7, 2013 through November 30, 2013.  In support of the foregoing, Perkins states as follows:

**I.      BACKGROUND**

1.      On December 17, 2012 (the "Petition Date"), a majority of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").  Subsequently, on May 2, 2013, Debtors Edison Mission Finance Co., EME Homer City Generation L.P. and Homer City Property Holdings, Inc. each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Court.

2.      Since the Petition Date, Debtors have continued in possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.      On January 7, 2013 (the "Committee Formation Date"), the United States Trustee for the Northern District of Illinois appointed the Committee[2] to represent the interests of Debtors' unsecured creditors.  On the Committee Formation Date, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to serve as counsel to the Committee.  On January 11, 2013, the Committee selected Perkins to serve as co-counsel to the Committee.

---

[2] The Committee currently consists of the following entities: Wells Fargo Bank, National Association, Carter C. Culver, Commonwealth Edison Co./Exelon Corporation, Clennon Electric, The Bank of New York Mellon, as Trustee, Peabody Coalsales, LLC, Nesbitt Asset Recovery, LLC, Geo. J. Beemsterboer, Inc., Rowell Chemical Corp. and International Brotherhood of Boilermakers Local One.

4. On February 20, 2013, the Court entered an Order Authorizing the Committee to Employ and Retain Perkins Coie LLP as its Co-Counsel, which provided, among other things, that Perkins' retention was effective as of the Committee Formation Date. Perkins was retained to provide the following services to the Committee:

a. advise the Committee with respect to its rights, duties and powers in these chapter 11 cases;

b. assist the Committee in analyzing the claims of Debtors' creditors and negotiating with holders of claims and equity interests;

c. assist the Committee in its investigation of Debtors' and its affiliates' acts, conduct, assets, liabilities and financial condition;

d. assist the Committee in its analysis of, and negotiations with, Debtors or any third parties concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, ancillary state court or regulatory litigation, financing of other transactions and the terms of one or more plans of reorganization and accompanying disclosure statements and related plan documents;

e. assist and advise the Committee with its communications to the general creditor body regarding significant matters in these chapter 11 cases;

f. represent the Committee at all hearings and other proceedings before the Court;

g. review and analyze motions, applications, orders, statements, operating reports and schedules filed with the Court and advise the Committee with respect to such filings;

h. advise the Committee with respect to any legislative, regulatory or governmental activities;

i. assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives;

j. prepare motions, applications, memoranda, adversary complaints, objections or other case analyses;

k. investigate and analyze any claims against Debtors' non-debtor affiliates; and

l. perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

- 3 -

5. Perkins has served as co-counsel to the Committee along with Akin Gump since the Committee Formation Date.

6. On March 11, 2014 (the "Confirmation Date"), the Court entered the Order Confirming Debtors' Joint Chapter 11 Plan of Reorganization with respect to the Plan. Pursuant to Article II of the Plan, final fee applications and payment of accrued professional compensation claims incurred during the period from the petition date through the Confirmation Date must be filed no later than 30 days after the Effective Date. The Effective Date was April 1, 2014 thus final fee applications must be filed on or before May 1, 2014.

**A.     Fee Application**

7. This is Perkins' final fee application. Pursuant to Perkins' previous interim fee applications (the "Interim Applications"), Perkins was awarded and has been paid fees and reimbursed expenses as follows:

|  | **Fees** | **Expenses** | **Total Requested** | **Amount Paid** |
|---|---|---|---|---|
| First Interim Fee Application (1/7/13 - 3/3/13) | $101,358.50 | $7,702.96 | $109,061.46 | $109,061.46 |
| Second Interim Fee Application (4/1/13 - 7/31/13) | $53,252.50 | $342.71 | $53,595.21 | $53,595.21 |
| Third Interim Fee Application (8/1/13 - 11/30/13) | $52,611.50 | $188.80 | $52,800.30 | $52,800.30 |
|  | **$207,222.50** | **$8,234.47** | **$215,456.97** | **$215,456.97** |

8. Pursuant to the terms of the Court's Order Approving Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members [Dkt No. 331] (the "Procedures Order"), Perkins submitted three monthly fee statements in connection with its representation of the Committee in these cases during the Application Period. In addition, Perkins' is submitting with this Application its invoices for legal services performed and reasonable and necessary expenses incurred for March 1, 2014

- 4 -

LEGAL120296889.4

through the plan confirmation date of March 11, 2014. The chart below identifies the payments Perkins received to date in the amount of 80% of its fees and 100% of its expenses for the Application Period:

| Period | Fees | Expenses | Total Requested | Amount Paid | Balance Requested |
|---|---|---|---|---|---|
| December 2013 Monthly Fee Statement | $3,606.50 | $276.80 | $3,883.30 | $3,162.00 | $721.30 |
| January 2014 Monthly Fee Statement | $12,855.00 | $311.60 | $13,166.60 | $10,595.60 | $2,571.00 |
| February 2014 Monthly Fee Statement | $5,662.00 | $298.90 | $5,960.90 | $4,828.50 | $1,132.40 |
| March 1 to March 11, 2014 | $1,430.00 | $321.10 | $1,751.10 | $0.00 | $1,751.10 |
|  | **$23,553.50** | **$1,208.40** | **$24,761.90** | **$18,586.10** | **$6,175.80** |

9.  As previously stated, Perkins seeks approval and entry of an order authorizing and allowing final compensation of $23,553.50 for work performed on behalf of the Committee during the Application Period and reimbursement of its actual and necessary expenses in the amount of $1,208.40. Perkins also seeks confirmation and final approval of all prior fees and expenses awarded to Perkins in connection with the Interim Applications. Perkins submits that all services and costs for which it requests compensation in the Application were reasonable and necessary and were performed for and on behalf of the Committee and not for or on behalf of any other person.

## II.    JURISDICTION

10.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B). The statutory bases for the relief requested herein are sections 330, 331 and 504 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 5082-1.

### III. NATURE OF LEGAL SERVICES PERFORMED BY PERKINS

11. Perkins has served as co-counsel to the Committee since the Committee Formation Date. As part of that role, Perkins has devoted time to legal issues and assistance to the Committee in these cases. A chart summarizing the hours spent during the Application Period, along with the hourly rate and resulting fees for each attorney and paraprofessional, is attached hereto as Exhibit A. The professional services that Perkins rendered to the Committee and the expenses related thereto during the Application Period through February 28, 2014 are set forth in detail in the Monthly Fee Statements for December, January and February submitted pursuant to the Procedures Order, copies of which are attached hereto as Exhibit B-1. For the Application Period of March 1 through March 11, 2014 the professional services rendered and expenses related thereto are set forth in detail in Exhibit B-2. The services rendered are segregated according to project billing categories pursuant to Local Rule 5082-1. Without limiting the detailed descriptions in Exhibits B-1 and B-2, a brief description and summary of certain services rendered during the Application Period are provided below by project category as maintained by Perkins.

#### B. General Case Administration

12. Perkins attorneys and paraprofessionals communicated with Akin Gump attorneys regarding local practice and procedures to ensure that the Committee was in compliance with the Local Rules and the Court's preferences. Perkins attorneys also filed pleadings on behalf of the Committee and assisted Akin Gump with its preparation for omnibus hearings. In addition, Perkins attorneys reviewed notices and pleadings filed in Debtors' cases to remain informed about the status of Debtors' cases and the Committee's strategy and goals.

13. Perkins attorneys also participated in Committee conference calls. In connection with those calls, Perkins attorneys reviewed materials provided prior to the calls to fully understand the issues being addressed and strategies being pursued by all major constituencies.

14. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 26.5 hours for which Perkins seeks compensation of $8,086.50. An itemized breakdown of the services rendered to the Committee is included in Exhibits B-1 and B-2.

### C. Perkins Coie Fee Application / Monthly Billing Reports

15. During the Application Period, Perkins attorneys reviewed and revised monthly prebilling summary reports to ensure accurate time entries for work performed on behalf of the Committee in Debtors' cases pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Perkins attorneys and paraprofessionals also prepared and filed three monthly fee statements pursuant to the Procedures Order. Perkins attorneys and paraprofessionals also prepared Perkins' third interim fee application, pursuant to which it was awarded and paid fees in the amount of $52,611.50 and reimbursed for expenses in the amount of $188.80.

16. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 25.30 hours for which Perkins seeks compensation of $6,457.00. An itemized breakdown of the services rendered to the Committee is included in Exhibits B-1 and B-2.

### D. Court Hearings

17. During the Application Period, Perkins attorneys prepared for and attended five Court hearings and reviewed agendas and pleadings relating to those hearings.

18. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 10.4 hours for which Perkins seeks compensation of $5,350.00. An itemized breakdown of the services rendered to the Committee is included in Exhibit B-1 and B-2.

### E. General Adversary Proceedings / Litigation Matters

19. During the Application Period, Perkins attorneys reviewed and analyzed numerous pleadings and discovery-related documents pertaining to Debtors' cases, including, but not limited to, those relating to Debtors' motion to terminate retiree benefits and EIX's motion to withdraw the reference with respect to the "Tax Injunction" included in the Second Amended Joint Chapter 11 Plan of Reorganization. Perkins paraprofessionals also prepared and filed pro

hac vice applications for Committee co-counsel with respect to pleadings filed in the district court.

20. In connection with the foregoing services, Perkins attorneys and paraprofessionals expended 8.2 hours for which Perkins seeks compensation of $3,660.00. An itemized breakdown of the services rendered to the Committee is included in Exhibit B-1 and B-2.

### F. Statement of Expenses

21. During the Application Period, Perkins incurred expenses totaling $1,208.40. A chart summarizing expenses incurred by Perkins during the Application Period is attached hereto as Exhibit C. Perkins incurred expenses for, among other things, photocopying (at 10 cents per page), filing fees and minimal Pacer charges and computer research fees. Invoices listing the expenses incurred by Perkins during the Application Period are included in Exhibits B-1 and B-2.

### G. Statement of Total Compensation Sought for Preparation of Fee Applications

22. The compensation sought by Perkins relating to its third interim fee application and preparation of the three fee statements totals approximately $4,715.

### IV. STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504 AND BANKRUPTCY RULE 2016(b)

23. All of the services performed by Perkins were required for the proper representation of the Committee in these cases, were authorized by the Court, and were performed by Perkins at the request and/or direction of the Committee. Pursuant to section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of Perkins' services are compensable.

24. There has been little, if any, duplication of services by the attorneys or paraprofessionals of Perkins. In those instances where two or more attorneys and/or paraprofessionals participated in any matter, such joint participation was necessary because of the complexity of the problem, magnitude of the issues, allocation of work responsibility or work involved and/or the time constraints that existed.

25. The rates at which Perkins seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other Perkins clients.

26. No agreement exists between Perkins and any third person for the sharing of compensation received by Perkins in these cases, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of Perkins.

27. A copy of the computer generated time entries reflecting the time recorded for Perkins' services to the Committee, organized by project billing categories in accordance with Local Rule 5082-1, are attached hereto as Exhibits B-1 and B-2.

28. Computer generated statements of expenses incurred by Perkins are included in Exhibits B-1 and B-2. A chart summarizing expenses incurred by Perkins during the Application Period is attached hereto as Exhibit C.

29. Attached hereto as Exhibit D is the declaration of David M. Neff attesting to, among other things, the accuracy of the information set forth in the exhibits to this Application.

## V. PAYMENT OF PERKINS' FEES AND EXPENSES

30. As set forth above and pursuant to the Procedures Order, Perkins has been paid $215,456.97 in connection with its Interim Applications. For the Application Period and as set forth in paragraph 7 above, Perkins has been paid: (a) $2,885.20 representing 80% of its requested fees for December and $276.80 representing 100% of its requested expenses for December (total of $3,162); (b) $10,284.00 representing 80% of its requested fees for January and $311.60 representing 100% of its requested expenses for January (total of $10,595.60); and (c) $4,529.60 representing 80% of its requested fees February and $298.90 representing 100% of its requested expenses for December (total of $4,828.50). Perkins is requesting payment for (i) the 20% holdback amount for December of $721.30; (ii) the 20% holdback amount for January of $2,571.00; (iii) the 20% holdback amount for February of $1,132.40; and (iv) the full

- 9 -

amount of $1,751.10 consisting of $1,430.00 for legal services rendered and $321.10 for expenses incurred for the Application Period of March 1 through March 11, 2014, for a total balance due of $6,175.80.

**WHEREFORE**, Perkins Coie LLP, co-counsel for the Committee, requests that the Court enter an order:

A. Authorizing and approving Perkins' fees of $207,222.50 and expenses of $8,234.47 (totaling $215,456.97) awarded to Perkins pursuant to the Interim Applications on a final basis;

B. Authorizing and approving final compensation in the amount of $23,553.50 for professional services rendered to the Committee by Perkins during the Application Period;

C. Authorizing and approving final reimbursement of Perkins' ordinary and necessary costs of $1,208.40 incurred during the Application Period;

D. Authorizing Debtors to pay to Perkins: (1) $721.30, which represents the 20% balance due from its December monthly fee statement; (2) $2,571.00, which represents the 20% balance due from its January monthly fee statement; (3) $1,132.40, which represents the 20% balance due from its February monthly fee statement; and (4) $1,751.10 which represents the 100% balance due of fees of $1,430.00 and expenses of $321.10 for March 1 through March 11, 2014, for a total payment of $6,175.80; and

E. Such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: April 30, 2014

Respectfully Submitted,

**PERKINS COIE LLP**

By:   */s/ Brian A. Audette*
     David M. Neff (ARDC # 6190202)
     Brian A. Audette (ARDC # 6277056)
     **PERKINS COIE LLP**
     131 S. Dearborn Street - Suite 1700
     Chicago, Illinois 60603-5559
     (312) 324-8400
     (312) 324-9400
     dneff@perkinscoie.com
     baudette@perkinscoie.com

*Co-Counsel to the Committee*