# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EDISON MISSION ENERGY, et al.,[1] | ) Case No. 12-49219 (JPC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

**NOTICE OF FOURTH INTERIM AND FINAL FEE APPLICATION OF
MCDONALD HOPKINS LLC, AS COUNSEL TO DEBTOR CAMINO
ENERGY COMPANY AND AS CONFLICTS COUNSEL TO THE OTHER
DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION
FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT
OF ACTUAL AND NECESSARY EXPENSES INCURRED
(DECEMBER 17, 2012 THROUGH MARCH 11, 2014)**

**PLEASE TAKE NOTICE** that McDonald Hopkins LLC has filed it is *Fourth Interim and Final Fee Application of McDonald Hopkins LLC, as Counsel to Debtor Camino Energy Company and as Conflicts Counsel to the Other Debtors and Debtors in Possession, for Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred (December 17, 2012 Through March 11, 2014)* (the "Final Fee Application").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Final Fee Application will be held before the Honorable Jacqueline P. Cox, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 680, Chicago, Illinois, 60604 on **June 18, 2014, at 10:30 a.m. (Central Time)**.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447).  The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is:  3 MacArthur Place, Suite 100, Santa Ana, California 92707.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Final Fee Application must be filed with the Court by **June 11, 2014, at 4:00 p.m. (Central Time)** and served by such time on (a) counsel to the EME Reorganization Trust and the above-captioned debtors and debtors in possession; (b) the Office of the U.S. Trustee for the Northern District of Illinois; (c) counsel to the official committee of unsecured creditors appointed in these chapter 11 cases; and (d) those parties who have requested service of papers in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and the *Order Approving Case Management Procedures* [Docket No. 128].

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases are available free of charge by visiting the case website maintained by GCG, Inc., the notice and claims agent for these chapter 11 cases, available at www.edisonmissionrestructuring.com or by calling (866) 241-6491. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  May 1, 2014

/s/ David A. Agay
David A. Agay (ARDC No. 6244314)
Joshua Gadharf (ARDC No. 6296543)
**MCDONALD HOPKINS LLC**
300 North LaSalle
Suite 2100
Chicago, Illinois 60654
Telephone:    (312) 280-0111
Facsimile:    (312) 280-8232

*Counsel to Debtor Camino Energy Company and Conflicts Counsel to the other Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EDISON MISSION ENERGY, <u>et al.</u>,[1] | ) Case No. 12-49219 (JPC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

**COVER SHEET FOR FOURTH INTERIM AND FINAL FEE APPLICATION OF**
**MCDONALD HOPKINS LLC, AS COUNSEL TO DEBTOR CAMINO**
**ENERGY COMPANY AND AS CONFLICTS COUNSEL TO THE OTHER**
**DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION**
**FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**<u>(DECEMBER 17, 2012 THROUGH MARCH 11, 2014)</u>**

| | |
|---|---|
| Name of Applicant: | McDonald Hopkins LLC |
| Authorized to Provide Professional Services to: | The Above-Captioned Debtors and Debtors in Possession |
| Date of Order Authorizing Employment: | January 17, 2013 *nunc pro tunc* to December 17, 2012 [Docket No. 328] |
| Period for Which Compensation and Reimbursement is Sought: | December 17, 2012 through March 11, 2014 |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447).  The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is:  3 MacArthur Place, Suite 100, Santa Ana, California 92707.

{4835461:}

| | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $175,287.00  ($20,404.00 for the period from December 1, 2013 through March 11, 2014 (the "Fourth Interim Fee Period")) |
| Amount of Expense Reimbursement Sought as Actual Reasonable, and Necessary: | $9,429.30  ($1,166.00 for the Fourth Interim Fee Period) |
| This is an | _x_ interim application   _x_ final application |
| Blended Hourly Rate (Excluding Paraprofessional Time) | $323.97 |

Prior Interim Applications:

| Application | Date Filed | Date Approved | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|---|---|
| First Interim [Docket No. 759] | 5/15/13 | 7/3/13 [Docket No. 1001] | 12/17/12 to 3/31/13 | $76,638.61 | $76,638.61 | $76,638.61 |
| Second Interim [Docket No. 1218] | 9/16/13 | 10/28/13 [Docket No. 1437] | 4/1/13 to 7/31/13 | $60,402.56 | $60,402.56 | $60,402.56 |
| Third Interim [Docket No. 1801] | 1/14/14 | 02/25/14 [Docket No. 2124] | 8/1/13 to 11/30/13 | $26,105.16 | $26,105.16 | $26,105.16 |
| **Total** | | | **12/17/12 to 11/30/13** | **$163,146.33** | **$163,146.33** | **$163,146.33** |

Summary of Pending Monthly Fee Statements
December 1, 2013 – March 11, 2014:

| Date Served | Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 1/24/14 | 12/1/13 to 12/31/13 | 5.80 | $2,780.00 | $2,224.00 | $84.30 | $84.30 | $556.00 |
| 3/4/14 | 1/1/14 to 1/13/14 | 45.30 | $13,501.50 | $10,801.20 | $147.41 | $147.41 | $2,700.30 |
| 3/6/14 | 2/1/14 to 2/28/14 | 12.45 | $3,425.50 | $2,740.40 | $182.88 | $182.88 | $685.10 |
| 3/28/14 | 3/1/14 to 3/11/14 | 2.70 | $697.00 | $557.60 | $751.41 | $751.41 | $139.40 |
| **Total** | | **66.25** | **$20,404.00** | **$16,323.20** | **$1,166.00** | **$1,166.00** | **$4,080.77**[2] |

---

[2]   MH's Third Interim Fee Application erroneously requested reimbursement of expenses in an amount $0.03 more than MH actually incurred during that billing period.  Therefore, MH has reduced the outstanding unpaid balance by that amount.

The MH attorneys who rendered professional services in these cases from December 17, 2012 through March 11, 2014 are:

| Name of Professional Person | Position with the Applicant and Year Admitted | | Department | Hourly Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| David A. Agay | Member | 1998 | Business Restructuring and Bankruptcy | $495.00 | 64.00 | $31,680.00 |
| | | | | $525.00 | 21.50 | $11,287.50 |
| Joshua A. Gadharf | Associate | 2008 | Business Restructuring and Bankruptcy | $300.00 | 258.20 | $77,460.00 |
| | | | | $310.00 | 34.05 | $10,555.50 |
| Richard N. Kessler | Member | 1982 | Litigation | $525.00 | 6.50 | $3,412.50 |
| T. Daniel Reynolds | Associate | 2012 | Business Restructuring and Bankruptcy | $200.00 | 65.30 | $13,060.00 |
| Jason L. Weiner | Associate | 2010 | Business Restructuring and Bankruptcy | $240.00 | 21.60 | $5,184.00 |
| **Totals for Attorneys** | | | | | **471.15** | **$152,639.50** |
| **Blended Rate (Excluding Paraprofessional Time):** | | | | **$323.97** | | |

The MH paraprofessionals who rendered professional services in these cases from December 17, 2012 through March 11 30, 2014 are:

| Name of Paraprofesional Person | Position with the Applicant | Department | Hourly Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| DeBorah G. Barrow | Senior Paralegal | Business Restructuring and Bankruptcy | $230.00 | 43.10 | $9,913.00 |
| | | | $240.00 | 31.70 | $7,608.00 |
| Linda M. Gallagher | Paralegal | Business Restructuring and Bankruptcy | $155.00 | 26.90 | $4,169.50 |
| | | | $165.00 | 5.80 | $957.00 |
| **Totals for Paraprofessionals** | | | | **107.50** | **$22,647.50** |

| | |
|---|---|
| **Total Fees Requested for Final Fee Period:** | **$175,287.00** |
| **Total Hours Billed for Final Fee Period:** | **578.65** |

{4835461:}

Compensation by Matter:

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|---|
| 2 | Case Administration | 53.80 | $10,349.50 | $1,276.81 | $11,626.31 |
| 3 | Professional Retention & Fee Applications | 156.20 | $44,144.00 | $508.07 | $44,652.07 |
| 5 | Unexpired Leases/ Executory Contracts | 0.0 | $0.00 | $24.15 | $24.15 |
| 6 | Claims Resolution | 3.10 | $935.00 | $0.00 | $935.00 |
| 8 | Plan of Reorganization | 13.00 | $6,309.00 | $0.00 | $6,309.00 |
| 10 | Creditor Communications | 4.20 | $1,249.00 | $0.00 | $1,249.00 |
| 12 | Travel | 15.55 | $4,737.50 | $2,107.53 | $6,845.03 |
| 13 | Hearings | 35.30 | $14,768.00 | $1,602.82 | $16,370.82 |
| 14 | First Day Filings | 13.70 | $4,582.50 | $8.50 | $4,591.00 |
| 16 | Adversary Proceedings | 158.10 | $51,528.50 | $2,874.87 | $54,403.37 |
| 17 | Partnership Issues | 121.50 | $35,307.00 | $1,006.14 | $36,313.14 |
| 19 | Hartney Fuel | 4.20 | $1,377.00 | $20.41 | $1,397.41 |
| **TOTALS** | | **578.65** | **$175,287.00** | **$9,429.30** | **$184,716.30** |

Expense Summary:

| Service Description | Amount |
|---|---|
| Computerized Research/Pacer | $626.50 |
| Computerized Research/Westlaw | $4,299.62 |
| Courtcall | $107.00 |
| Delivery Charges/Federal Express | $812.13 |
| Delivery Charges/Taxis | $56.00 |
| Lodging | $941.71 |
| Meals | $37.88 |
| Mileage | $212.80 |
| Parking | $43.69 |
| Production of Documents | $39.00 |
| Transportation/Airfare | $1,897.31 |
| Transportation/Taxis | $296.50 |
| Transportation/Mileage | $36.16 |
| Transportation/Parking | $23.00 |
| **Total** | **$9,429.30** |

{4835461:}                                     2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EDISON MISSION ENERGY, et al.,[1] | ) Case No. 12-49219 (JPC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |
| | ) |

**FOURTH INTERIM AND FINAL FEE APPLICATION OF**
**MCDONALD HOPKINS LLC, AS COUNSEL TO DEBTOR CAMINO**
**ENERGY COMPANY AND AS CONFLICTS COUNSEL TO THE OTHER**
**DEBTORS AND DEBTORS IN POSSESSION, FOR COMPENSATION**
**FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**(DECEMBER 17, 2012 THROUGH MARCH 11, 2014)**

McDonald Hopkins LLC ("MH") hereby submits this fourth and final fee application

(this "Final Fee Application"), pursuant to which it seeks: (a) final allowance and approval of

compensation for professional services rendered to the above-captioned debtors and debtors in

possession (collectively, the "Debtors") by MH in the amount of $175,287.00 for the periods

from December 17, 2012 through March 31, 2013 (the "First Interim Fee Period"), April 1, 2013

through July 31, 2013 (the "Second Interim Fee Period"), August 1, 2013 through November 30,

2013 (the "Third Interim Fee Period"), and December 1, 2013 through March 11, 2014 (the

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

"Fourth Interim Fee Period," and, together with the First Interim Fee Period, the Second Interim

Fee Period, and the Third Interim Fee Period, the "Final Fee Period"); (b) reimbursement of

actual and necessary expenses in the amount of $9,429.30 incurred by MH in rendering such

services during the Final Fee Period; and (c) the release of all unpaid amounts on account of fees

withheld during the Final Fee Period in accordance with the *Order Approving Procedures for*

*Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee*

*Members* [Docket No. 331] (the "Interim Compensation Order") in the amount of $4,080.77.  In

support of this Final Fee Application, MH respectfully states as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327 and 330 of title

11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules for the United

States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), and the Interim

Compensation Order.

## Background

4.      On December 17, 2012 (the "Petition Date"), seventeen of the Debtors filed

petitions with the Court under chapter 11 of the Bankruptcy Code.  On May 2, 2013, three

additional Debtors filed petitions with this Court under chapter 11 of the Bankruptcy Code.  The

Court approved procedural consolidation and joint administration of these chapter 11 cases

pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 115, 154, 780].  The Debtors operated their

businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    On March 11, 2014, the Court entered an order [Docket No. 2206] confirming the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Modifications)* (the "Plan").  On April 1, 2014, the effective date under the Plan occurred and, among other things, EME consummated the sale of substantially all of its assets to NRG Energy. Pursuant to Article IV.E of the Plan, the EME Reorganization Trust was established as the successor in interest to EME.[2]

### Retention of MH

6.    By this Court's order dated January 17, 2013, Debtor Camino Energy Company was authorized to retain MH as its counsel, effective as of the Petition Date, to assist and represent Camino with regard to the filing and prosecution of its chapter 11 case [Docket No. 328] (the "Retention Order").  The Retention Order also authorized the Debtors to retain MH as their conflicts counsel, effective as of the Petition Date, to handle matters that may not be handled by Kirkland & Ellis LLP ("K&E"), the Debtors' primary bankruptcy counsel, or the Debtors' other counsel, because of actual or potential conflicts of interest or, alternatively, matters the Debtors, K&E, or the Debtors' other counsel request be handled by MH.

7.    The Retention Order authorized the Debtors to compensate MH at MH's hourly rates and to reimburse MH for MH's actual and necessary out-of-pocket expenses incurred in connection with its representation of the Debtors in accordance with the procedures set forth in

---

[2]    On January 7, 2013, the U.S. Trustee for the Northern District of Illinois (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these chapter 11 cases [Docket No. 202] (as amended on January 18, 2013 [Docket No. 308]).  Pursuant to Article XIII.D of the Plan, the Committee was dissolved on the effective date of the Plan.

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the

U.S. Trustee (the "U.S. Trustee Guidelines"), the Interim Compensation Order, and any other

applicable order or procedures issued by this Court.

### Disinterestedness of MH

8.      As disclosed in the *Declaration of David A. Agay in Accordance with Bankruptcy

*Code § 327, Bankruptcy Rules 2014 and 2016, and Local Rule 2016-1*, which was attached as

Exhibit B to the *Application for Entry of Order Authorizing and Approving Employment of

McDonald Hopkins LLC as Counsel to Debtor Camino Energy Company and as Conflicts

Counsel to the Debtors*, filed on December 17, 2012 [Docket No. 327], the *First Supplemental

Declaration of David A. Agay in Support of Application for Entry of Order Authorizing and

Approving Employment of McDonald Hopkins LLC as Counsel to Debtor Camino Energy

Company and as Conflicts Counsel to the Debtors*, filed on May 15, 2013 [Docket No. 758], the

*Second Supplemental Declaration of David A. Agay in Support of Application for Entry of Order

Authorizing and Approving Employment of McDonald Hopkins LLC as Counsel to Debtor

Camino Energy Company and as Conflicts Counsel to the Debtors*, filed on August 1, 2013

[Docket No. 1061], the *Third Supplemental Declaration of David A. Agay in Support of

Application for Entry of Order Authorizing and Approving Employment of McDonald Hopkins

LLC as Counsel to Debtor Camino Energy Company and as Conflicts Counsel to the Debtors*,

filed on January 14, 2014 [Docket No. 1796], and the *Fourth Supplemental Declaration of David

A. Agay in Support of Application for Order Authorizing and Approving Employment of

McDonald Hopkins LLC as Counsel to Debtor Camino Energy Company and as Conflicts

Counsel to the Debtors*, filed January 28, 2014 [Docket No. 1928], (collectively, the "Agay

Declarations"), MH does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

9.      As provided in the Agay Declarations, MH may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors and these chapter 11 cases.  Further, MH has disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.

10.      During the Final Fee Period, MH performed the services described herein for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

11.      Except to the extent of the advance payments paid to MH that MH previously disclosed to this Court in the Agay Declarations, MH has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with these chapter 11 cases.

12.      In accordance with Bankruptcy Rule 2016(b), MH has not shared, nor agreed to share, (a) any compensation that it received or may receive during these chapter 11 cases with another person other than with the members, counsel, and associates of MH or (b) any compensation that another person or party received or may receive during these chapter 11 cases.

**Disclosure of Requested Compensation**

13.      As part of this Final Fee Application, MH requests aggregate compensation for this Final Fee Period of $175,287.00 for services rendered and $9,429.30 for reimbursement of actual expenses, for a total request of $184,716.30.  The fees and expenses sought in this Final Fee Application attributable to the Fourth Interim Fee Period are $20,404.00 and $1,166.00, respectively.

14.     Pursuant to the Interim Compensation Order, MH has already received a total of $171,206.20 for legal services provided to the Debtors during the Final Fee Period and $9,429.30 for expenses incurred in connection therewith.   The chart attached hereto as **Exhibit A** summarizes the current status of MH's Fourth Interim Monthly Statements (as defined below).

15.     The MH attorneys and paraprofessionals who rendered professional services during the Final Fee Period are listed on **Exhibit B**.   The rates listed for each attorney and paraprofessional are MH's standard hourly rates.   **Exhibit B** also identifies the individuals that rendered services and states the number of hours spent by each individual providing the services (in increments of one-tenth of an hour).   The professional services that MH rendered during the Final Fee Period are grouped into numbered and titled categories of subject matters (each a "Subject Matter").

16.     The fees sought in this Final Fee Application reflect an aggregate of 578.65 hours expended by MH professionals and paraprofessionals during the Final Fee Period rendering necessary and beneficial legal services to the Debtors at a blended average hourly rate of $302.92 for both attorneys and paraprofessionals, or $323.97 for attorneys only.   MH maintains computerized records of the time expended in the performance of the professional services required by the Debtors' estates.   These records are maintained in the ordinary course of MH's practice. [3]

---

[3]   For a detailed description of the services rendered and the expenses incurred by MH in its representation of the Debtors, see MH's fee statements for the periods:  December 1, 2013 through December 31, 2013, attached hereto as **Exhibit C** (the "December 2013 Statement"); January 1, 2014 through January 31, 2014, attached hereto as **Exhibit D** (the "January 2014 Statement"); and February 1, 2014 through March 11, 2014, attached hereto as **Exhibit E** (the "February/March 2014 Statements," together with the December 2013 Statement and the January 2014 Statement, the "Fourth Interim Monthly Statements"), each of which was served in accordance with the Interim Compensation Order.  See the *First Interim Fee Application of McDonald Hopkins LLC, as Counsel to Debtor Camino Energy Company and as Conflicts Counsel to the Other Debtors and Debtors in Possession, for Allowance of an Administrative Claim for Compensation and Reimbursement of*
(Continued…)

17.     The hourly rates and corresponding rate structure used by MH in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure that MH predominantly uses for restructuring, workout, bankruptcy, insolvency, and comparable matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

18.     MH's hourly rates are set at a level designed to compensate MH fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

19.     In accordance with the Interim Compensation Order, MH has filed and received Court approval of three interim fee applications during these chapter 11 cases, as set forth below:

- On May 15, 2013, MH filed its *First Interim Fee Application of McDonald Hopkins LLC, as Counsel to Debtor Camino Energy Company and as Conflicts Counsel to the Other Debtors and Debtors in Possession, for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses (December 17, 2012 Through March 31, 2013)* [Docket No. 759], which the Court approved on July 3, 2013 [Docket No. 1001];

- On September 16, 2013, MH filed its *Second Interim Fee Application of McDonald Hopkins LLC, as Counsel to Debtor Camino Energy Company and as Conflicts Counsel*

---

*Expenses (December 17, 2012 Through March 31, 2013)* [Docket No. 759] for monthly fee statements filed for the period from December 17, 2012 through March 31, 2013 (the "First Interim Monthly Statements"); the *Second Interim Fee Application of McDonald Hopkins LLC, as Counsel to Debtor Camino Energy Company and as Conflicts Counsel to the Other Debtors and Debtors in Possession, for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses (April 1, 2013 Through July 31, 2013)* [Docket No. 1218] for monthly fee statements filed for the period from April 1, 2013 through July 31, 2013 (the "Second Interim Monthly Statements"); and the *Third Interim Fee Application of McDonald Hopkins LLC, as Counsel to Debtor Camino Energy Company and as Conflicts Counsel to the Other Debtors and Debtors in Possession, for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses (August 1, 2013 Through November 30, 2013)* [Docket No. 1801] for monthly fee statements filed for the period from August 1, 2013 through November 30, 2013 (the "Third Interim Monthly Statements," together with the First Interim Monthly Statements, the Second Interim Monthly Statements, and the Fourth Interim Monthly Statements, the "Monthly Statements").

*to the Other Debtors and Debtors in Possession, for Allowance of an Administrative
Claim for Compensation and Reimbursement of Expenses (April 1, 2013 Through July
31, 2013)* [Docket No. 1218], which the Court approved on October 28, 2013 [Docket
No. 1437]; and

- On January 14, 2014, MH filed its *Third Interim Fee Application of McDonald Hopkins
LLC, as Counsel to Debtor Camino Energy Company and as Conflicts Counsel to the
Other Debtors and Debtors in Possession, for Allowance of an Administrative Claim for
Compensation and Reimbursement of Expenses (August 1, 2013 Through November 30,
2013)* [Docket No. 1801], which the Court approved on February 25, 2014 [Docket No.
2124].

20.     This Final Fee Application is MH's fourth and final request for compensation for

services rendered and reimbursement of expenses incurred as counsel to the Debtors.

### Requested Relief

21.     By this Final Fee Application, the Debtors respectfully seek the entry of an order

(a) allowing MH an administrative claim in the amount of: (i) $175,287.00 as compensation for

the reasonable and necessary legal services MH rendered to the Debtors during the Final Fee

Period and (ii) $9,429.30 in reimbursement for the actual and necessary expenses that MH

incurred during the Final Fee Period, for a total allowance of $184,716.30 and (b) authorizing

and directing the Debtors to immediately pay MH the balance of unpaid fees and expenses

requested in the Monthly Statements that were held back pursuant to the procedures set forth in

the Interim Compensation Order.

### Summary of Services Performed

22.     During the Final Fee Period, MH advised and represented Camino and the other

Debtors in connection with several matters arising from the performance of their duties as

debtors in possession.  The variety and complexity of the issues in these chapter 11 cases and the

need to act or respond to such issues on an expedited basis have required the expenditure of time

and effort by MH personnel on an as-needed basis.

23.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, allowance of the fees MH requests herein is fair and reasonable given: (a) the complexity of these chapter 11 cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

24.     In staffing these cases, in budgeting and incurring charges and disbursements, and in preparing and submitting this Final Fee Application, MH has been mindful of the need to be efficient while providing full, adequate, and zealous representation of the Debtors.  Specifically, with respect to professional services rendered, MH has ensured that all attorneys have only billed time for work which corresponds to that attorney's skill level.  In addition, MH has reviewed all time entries to ensure that multiple unrelated time entries are not lumped together or "blocked."

25.     MH has also endeavored to maintain accurate and detailed accounts of all actual and necessary expenses and that each expense is billed to the Subject Matter to which the person is billing his/her time for services rendered.

26.     Set forth below is a summary description of MH's principal activities, by Subject Matter, during the Final Fee Period:

**Matter 2 – Case Administration**

(Fees: $10,349.50; Hours: 53.80)

This Subject Matter includes time spent on a variety of administrative tasks necessary to ensure the efficient and smooth administration of the Debtors' chapter 11 cases, including managing and administering these chapter 11 cases on a daily basis and tracking critical dates.

### Matter 3 – Professional Retention & Fee Application

(Fees: $44,144.00; Hours: 156.20)

This Subject Matter describes time spent by MH preparing and filing its interim fee applications and the Agay Declarations, including conducting ongoing conflicts analyses in accordance with applicable bankruptcy law.  In addition, this Subject Matter includes time spent by MH preparing its Monthly Statements pursuant to the procedures and standards set forth in the Interim Compensation Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

### Matter 6 – Claims Resolution

(Fees: $935.00; Hours: 3.10)

This Subject Matter includes time spent assisting with the administration and resolution of claims filed against the Debtors, including preparing objections to claims.

### Matter 8 – Plan of Reorganization

(Fees: $6,309.00; Hours: 13.00)

This Subject Matter includes time spent reviewing and analyzing the various drafts of the Debtors' disclosure statements, plans of reorganization, and related agreements filed in these chapter 11 cases.

### Matter 10 – Creditor Communications

(Fees: $1,249.00; Hours: 4.20)

This Subject Matter includes time spent responding to inquiries from creditors regarding the Debtors' chapter 11 filings and the motions filed and orders entered in these chapter 11 cases. In addition, this Subject Matter includes time spent preparing for and representing Camino at the meeting of creditors held pursuant to section 341 of the Bankruptcy Code.

### Matter 12 – Travel

(Fees: $4,737.50; Hours: 15.55)

This Subject Matter includes time spent traveling while representing the Debtors during these chapter 11 cases. The amounts presented for review and payment in this Application reflect a voluntary reduction of one-half of the charges for travel time.

### Matter 13 – Hearings

(Fees: $14,768.00; Hours: 35.30)

This Subject Matter includes time spent preparing for and attending the "first-day" hearing, the "second-day" hearing, and the other scheduled omnibus hearings in these chapter 11 cases. This Subject Matter also includes time spent on conferences to discuss matters scheduled for a specific hearing and coordinating hearing logistics.

### Matter 14 – First Day Filings

(Fees: $4,582.50; Hours: 13.70)

This Subject Matter involves time spent (after the initial jointly administered chapter 11 petition was filed) preparing and filing Camino's voluntary chapter 11 petition and certain other of Camino's "first-day" filings, including a motion to jointly administer Camino's case with the other Debtors' cases. In addition, this Subject Matter involves coordinating with and advising Camino on follow-up issues related to its chapter 11 case.

### Matter 16 – Adversary Proceedings

(Fees: $51,528.50; Hours: 158.10)

This Subject Matter includes time spent investigating potential claims held by EME against Tyche Power Partners LLC f/k/a BNY Power Partners LLC ("Tyche") and responding to Tyche's *Motion for Relief from the Automatic Stay* [Docket No. 737]. The results of MH's

investigation led to the filing of an adversary complaint by EME against Tyche.  However, due

to a potential conflict of interest with JPMorgan Chase, Tyche's co-defendant in the adversary

proceeding, MH ultimately determined that it could not represent EME in the adversary

proceeding.

### Matter 17 – Partnership Issues

(Fees: $35,507.00; Hours: 121.50)

This Subject Matter includes time spent addressing various issues in connection with

Watson Cogeneration Company ("Watson") and Camino's interests therein, along with

analyzing certain operating and other agreements relating to Watson and Camino.  In addition,

this Subject Matter includes time spent tracking *Chevron Kern River Co., et al. v. Southern

Sierra Energy Co., et al.*, Adv. Pro. No. 12-01954 JPC, and analyzing its impact, if any, on

Watson.

### Matter 19 – Hartney Fuel

(Fees: $1,377.00; Hours: 4.20)

This Subject Matter includes time spent successfully representing Debtor Midwest

Generation, LLC ("Midwest Generation") in its efforts to require Hartney Fuel Oil Co. ("Hartney

Fuel") to honor its obligations under that certain Fuel Oil Supply Agreement, dated July 13,

2012, by and between Hartney Fuel and Midwest Generation.

### Actual and Necessary Expenses

27.    MH incurred a total of $9,429.30 in expenses on behalf of the Debtors during the

Final Fee Period.  These charges are intended to reimburse MH's direct operating costs, which

are not incorporated into the MH hourly billing rates.  It is MH's policy to charge its clients in all

areas of practice for identifiable, non-overhead expenses incurred in connection with the client's

case that would not have been incurred except for representation of that particular client.  It is also MH's policy to charge its clients only the amount actually incurred by MH in connection with such items.  Examples of such expenses are postage, overnight mail, courier delivery, transportation, computer assisted legal research, airfare, meals and lodging.  With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate.

28.    MH has negotiated a discounted rate for Westlaw computer assisted legal research.  Computer assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer assisted) legal research techniques.

29.    A summary of expenses by type, as well as a detailed itemization and description made by MH on the Debtors' behalf during the Final Fee Period, appears on **Exhibit B**.  These disbursements are grouped into the same numbered and titled categories of the Subject Matters as the fees are grouped.

## MH's Requested Compensation and Reimbursement Should Be Allowed

30.    Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services" rendered by the professional and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

31.    In determining the amount of reasonable compensation, courts consider the nature, extent, and value of the services, taking into account all relevant factors, including: (a) the time spent on such services; (b) the rates charged for such services; (c) whether the services were necessary or beneficial; (d) whether the services were performed efficiently given the complexity, importance, and nature of the problem, issue, or task addressed; and (e) whether

the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.  11 U.S.C. § 330(a)(3).

32.    Bankruptcy Rule 2016(a) provides that a professional seeking interim compensation for services or reimbursement of necessary expenses must file "an application setting forth a detailed description of (a) the services rendered, time expended and expenses incurred and (b) the amounts requested."  FED. R. BANKR. P. 2016(a).

33.    In addition, Local Rule 5082-1 provides that an application for interim compensation for services performed and reimbursement of expenses incurred by a professional must include a narrative summary and a detailed statement of the applicant's services for which compensation is sought.  Under Local Rule 5082-1(C), an applicant's detailed time records may constitute the detailed statement required by Bankruptcy Rule 2016(a).

34.    This Final Fee Application and its corresponding exhibits provide a narrative and a detailed statement of the services rendered, the time expended by each billing attorney and paraprofessional, the expenses incurred, and the amounts requested by MH for the period from December 17, 2012 through March 11, 2014.  Accordingly, MH's Final Fee Application meets the statutory requirements under Bankruptcy Rule 2016(a) and Local Rule 5082-1.

35.    MH respectfully submits that the professional services it provided in these chapter 11 cases were actual and necessary and that the requested final compensation represents a fair and reasonable amount that should be allowed in full.  As an initial matter, the complexities of these chapter 11 cases required substantial outlays of time and effort by MH attorneys and paraprofessionals performing an array of services in connection with MH's representation of the Debtors in these chapter 11 cases.

36.     The professional services provided by MH were performed by attorneys and paraprofessionals with broad expertise and high levels of skill in their practice area or specialty and such services helped facilitate the Debtors' smooth and seamless transition into chapter 11. With the assistance of MH, Camino and the other Debtors continued their business operations uninterrupted while the Debtors and their retained professionals pursued various operational and restructuring initiatives, which culminated in the confirmation of the Plan.  In light of the size and complexity of these chapter 11 cases, MH's services as restructuring counsel to Camino and as conflicts counsel to the other Debtors were beneficial and vital to the Debtors' reorganization efforts.

37.     Additionally, MH addressed all bankruptcy-related issues and performed each task as efficiently as possible given the time constraints and expedited nature of these cases. Whenever possible, MH conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Debtors.  In certain circumstances, however, it was necessary for more than one MH attorney to appear in Court at the same time.  Also, MH only appeared on matters within the scope of the Retention Order.  Similarly, on certain occasions, MH had more than one attorney attend a meeting or strategize on issues that had particular import on the matters MH handled for Camino and the other Debtors.  To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.

38.     Lastly, MH's rate structure was disclosed in its retention application and approved by the Court in the Retention Order.  The rates MH charges in these chapter 11 cases are consistent with the rates MH charges to other clients in non-bankruptcy matters and are consistent with the rates of similarly situated firms.  The compensation MH seeks is also

customary and reasonable based upon customary compensation charged by comparably skilled practitioners outside of chapter 11.

39.     With respect to expenses, this Final Fee Application contains a detailed list of expenses including the date, the type, and the amount.   Further, MH does not seek reimbursement for overhead expenses because they are built into MH's hourly rate.

40.     In summary, considering the complex nature of these chapter 11 cases and the value provided by MH's services to the Debtors' estates during these chapter 11 cases, this Final Fee Application meets each of the statutory requirements of section 330 of the Bankruptcy Code and substantially complies in all respects with the procedures set forth in the Interim Compensation Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

## Notice

41.     Notice of this Final Fee Application has been provided to: (a) the U.S. Trustee; (b) counsel to the Committee; and (c) those parties who have requested service of papers in these cases pursuant to Bankruptcy Rule 2002 of and the *Order Approving Case Management Procedures* [Docket No. 128].  In light of the nature of the relief requested herein, MH submits that no further notice is necessary.

## No Prior Request

42.     No prior request for the relief sought in this Final Fee Application has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, MH respectfully requests that the Court enter an order, substantially in the form attached hereto (a) allowing and awarding compensation for professional services rendered during the Final Fee Period in the amount of $175,287.00 and for reimbursement of all actual and necessary expenses incurring by MH during the Final Fee Period in the amount of $9,429.30; (b) authorizing and directing the Debtors to immediately pay MH the balance of unpaid fees and expenses requested in the Monthly Statements that were held back pursuant to the procedures set forth in the Interim Compensation Order; and (c) granting such further relief as is just and proper.


Dated:  May 1, 2014

/s/ David A. Agay
David A. Agay (ARDC No. 6244314)
Joshua Gadharf (ARDC No. 6296543)
**MCDONALD HOPKINS LLC**
300 North LaSalle
Suite 2100
Chicago, Illinois 60654
Telephone:     (312) 280-0111
Facsimile:      (312) 280-8232

*Counsel to Debtor Camino Energy Company
and Conflicts Counsel to the other Debtors
and Debtors in Possession*