**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| EDISON MISSION ENERGY., *et al.*, | Case No.: 12-49219 (JPC) |
| | Jointly Administered |
| Debtors.[1] | |

**APPLICATION OF SITRICK BRINCKO GROUP LLC FOR ALLOWANCE AND
PAYMENT OF FINAL COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS CLAIMS CONSULTANT FOR THE DEBTORS
AND DEBTORS IN POSSESSION**

| | |
|---|---|
| Name of Applicant: | Sitrick Brincko Group LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors-in-Possession |
| Date of Retention: | August 21, 2013 *Nunc Pro Tunc* to July 1, 2013 |
| Period for which compensation and reimbursement is sought: | July 1 2013 through March 11, 2014 |
| Amount of Compensation as actual, reasonable and necessary: | $507,712.50 |
| Amount of Expense Reimbursement as actual, reasonable and necessary: | $6,253.78 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

This is an: __ monthly __interim  _X_final report

Monthly and Interim Fee Statements during the Compensation Period

| Date Served | Period Covered | Total Requested Fees | Total Requested Expenses | Fees and Expenses Previously Paid |
|---|---|---|---|---|
| August 27, 2013 | 7/01/2013 – 7/31/2013 | $57,660.00 | $653.38 | Sitrick Brincko Group has received 100% of the fees requested and 100% of the expenses requested. |
| **FIRST INTERIM**<br><br>**Filed 9/16/2013**<br>**[Docket No. 1228]** | **7/01/2013 through 7/31/2013** | **$57,660.00** | **$653.38** | **Approved by Interim Fee Order:**<br><br>**Fees: $57,660.00**<br>**Expenses: $653.38** |
| 9/25/2013 | 8/01/2013 – 8/31/2013 | $70,492.50 | $933.40 | Sitrick Brincko Group has received 100% of the fees requested and 100% of the expenses requested. |
| 10/29/2013 | 9/01/2013 – 9/30/2013 | $69,975.00 | $933.40 | Sitrick Brincko Group has received 100% of the fees requested and 100% of the expenses requested. |
| 11/25/2013 | 10/01/2013 – 10/31/2013 | $52,920.00 | $606.71 | Sitrick Brincko Group has received 100% of the fees requested and 100% of the expenses requested. |
| 12/26/2013 | 11/1/2013 – 11/30/2013 | $66,465.00 | $840.06 | Sitrick Brincko Group has received 100% of the fees requested and 100% of the expenses requested. |
| **SECOND INTERIM**<br><br>**Filed 1/14/2014**<br>**[Docket No. 1808]** | **8/01/2013 through 11/30/2013** | **$259,852.50** | **$3,313.37** | **Approved by Interim Fee Order:**<br><br>**Fees: $259,852.50**<br>**Expenses: $3,313.37** |

| Date Served | Period Covered | Total Requested Fees | Total Requested Expenses | Fees and Expenses Previously Paid |
|---|---|---|---|---|
| 1/27/2014 | 12/1/2013 – 12/31/2013 | $54,517.50 | $653.38 | Pursuant to the Interim Compensation Order (as defined in this Application), Sitrick Brincko Group has received 80% of the fees requested and 100% of the expenses requested. |
| 2/25/2014 | 1/01/2014 – 1/31/2014 | $60,517.50 | $700.05 | Pursuant to the Interim Compensation Order (as defined in this Application), Sitrick Brincko Group has received 80% of the fees requested and 100% of the expenses requested. |
| 3/18/2014 | 2/01/2014 – 2/28/2014 | $51,337.50 | $653.38 | Pursuant to the Interim Compensation Order (as defined in this Application), Sitrick Brincko Group has received 80% of the fees requested and 100% of the expenses requested. |
| 3/18/2014 | 3/01/2014 – 3/11/2014 | $23,827.50 | 280.02 | Pursuant to the Interim Compensation Order (as defined in this Application), Sitrick Brincko Group has received 80% of the fees requested and 100% of the expenses requested. |

**Summary of Hours Billed by Professionals**
**for the Period July 1, 2013 through March 11, 2014**

| Professional | Position / Title | Hourly Billing Rate | Total Billed Hours | Total Fees |
|---|---|---|---|---|
| Thora Thoroddsen | Senior Managing Director | $375.00 | 1,303.50 | $488,812.50 |
| Yolanda G. Hoelscher | Senior Associate | $150.00 | 126.0 | $18,900.00 |
| **Totals** | | | **1,429.50** | **$507,712.50** |

**Summary of Hours by Matter Description for Professional Services Rendered**
**for the Period July 1, 2013 through March 11, 2014**

| Matter Description | Total Billed Hours | Total Fees |
|---|---|---|
| Asset Analysis / Disposition | .4 | $150.00 |
| Case Administration | 1.5 | $562.50 |
| Cash Flow / Financial Analysis | 43.8 | $16,425.00 |
| Claims Administration | 1,218.5 | $456,937.50 |
| Fee/Employment Applications | 142.9 | $25,237.50 |
| Financial Info Reporting / Financial Statements / Schedules | 22.4 | $8,400.00 |
| **Totals** | **1,429.50** | **$507,712.50** |

**Summary of Reimbursable Expenses**
**for the Period July 1, 2013 through March 11, 2014**

| Reimbursable Expenses | Amount |
|---|---|
| Ground Transportation | $6,253.78 |

4

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, et al.,[2] | ) | Case No. 12-49219 (JPC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**APPLICATION OF SITRICK BRINCKO GROUP LLC FOR ALLOWANCE AND
PAYMENT OF FINAL COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES AS CLAIMS CONSULTANT FOR THE DEBTORS
AND DEBTORS IN POSSESSION
FOR THE PERIOD FROM JULY 1, 2013 THROUGH MARCH 11, 2014**

Sitrick Brincko Group LLC ("Sitrick Brincko"), claims consultant to the above-captioned debtors and debtors in possession (collectively, the "Debtors") submits this application (the "Application") pursuant to sections 327, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code") for allowance and payment of final compensation for services rendered and for reimbursement of expenses in connection therewith, respectfully states:

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

5

**Introduction**

1. This Application is submitted pursuant to the terms of the *Order Approving Procedures For Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members*, dated January 17, 2013 [Docket No. 331] (the "Interim Compensation Order"). By this Application, Sitrick Brincko seeks (i) allowance and payment of final compensation for the professional services rendered by Sitrick Brincko as claims consultant to the Debtors for the period from July 1, 2013 through March 11, 2014 (the "Compensation Period") in the amount of $507,712.50, representing 1,429.50 hours of professional services, (ii) reimbursement of actual and necessary expenses incurred by Sitrick Brincko during the Compensation Period in connection with the rendition of such professional services in the amount of $6,253.78 and (iii) pursuant to the Interim Compensation Order, the final award and payment in full of any unpaid fees and expenses, including any held back fees, relating to services rendered on behalf of the Debtors during the Compensation Period.

**Jurisdiction**

2. The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

**Background**

4.  Edison Mission Energy, together with its Debtor and non-Debtor affiliates, is a leading independent power producing enterprise specializing in developing, operating, and selling energy and capacity from approximately 40 generating facilities in 12 states and the Republic of Turkey. The Debtors have approximately 750 employees and maintain headquarters in Chicago, Illinois and Santa Ana, California.

5.  On December 17, 2012 (the "Petition Date"), seventeen of the Debtors filed petitions with this Court under chapter 11 of the Bankruptcy Code. On May 2, 2013, three additional Debtors filed petitions with this Court under chapter 11 of the Bankruptcy Code. The Court has approved procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 115, 154, 780]. No party has requested the appointment of a trustee or examiner in these chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 7, 2013, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these chapter 11 cases [Docket No. 202] (as amended on January 18, 2013 [Docket No. 308]).

6.  Pursuant to the *Order Authorizing the Employment and Retention of Sitrick Brincko Group LLC as Claims Consultant for the Debtors and Debtors in Possession Nunc Pro Tunc to July 1, 2013* (the "Retention Order"), a copy of which is attached hereto as **Exhibit B**, the Debtors were authorized to retain and employ Sitrick Brincko *nunc pro tunc* to July 1, 2013.

7.  Given the size and scope of the Debtors' businesses and the amount and number of claims that have been filed against the Debtors to date, the Debtors selected Sitrick Brincko, to provide certain services with respect to claims management and processing, because of Sitrick

Brincko's significant experience with complex restructurings and all aspects of the claims resolution process.

8. On October 25, 2013, the Court entered an order approving the Debtors' entry into a plan sponsor and support agreement (the "Plan Sponsor Agreement") among the Debtors, NRG Energy, Inc. (together with its subsidiary NRG Holdings, Inc., "NRG"), the Committee, certain members of the ad hoc committee of certain EME noteholders (such committee, the "Noteholder Group"), and certain parties to the leveraged lease transactions for Debtor Midwest Generation, LLC's ("MWG") Powerton generating station and units 7 and 8 of MWG's Joliet generating station [Docket No. 1424]. The NRG sale transaction contemplated by the Plan Sponsor Agreement involves a sale of substantially all of EME's assets.

9. On December 19, 2013, the Debtors filed the *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 1721] (the "Plan") to effectuate an asset sale, including its direct and indirect equity interest in certain of its Debtor and non-Debtor subsidiaries, to NRG pursuant to a chapter 11 plan (the "NRG Sale") and obtained Court approval of the related disclosure statement [Docket No. 1718]. The Debtors began to solicit votes to accept or reject the Plan on December 27, 2013.

10. On February 20, 2014, the Debtors filed the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization* [Docket No. 2110] with the Court.

11. On March 6, 2014, the Debtors filed the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Modifications)* [Docket No. 2187] with the Court.

12. On March 10, 2014, the Debtors filed a revised version of the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Modifications)* (the "Amended Plan") [Docket 2201] with the Court. The Amended Plan included certain agreed

additions resolving objections to confirmation asserted by the Internal Revenue Service and the Illinois Department of Revenue.

13. On March 11, 2014, the Court entered an order [Docket No. 2206] (the "Confirmation Order") confirming the Amended Plan.

14. On April 1, 2014 the Plan became effective (the "Effective Date"). Pursuant to the terms of the Confirmation Order and the Plan, all professionals employed by the Debtor and Official Committee of Unsecured Creditors must file final fee applications for all fees and expenses incurred through the Effective Date within 30 days of the Effective Date.

## Prior Fee Requests

15. Pursuant to Sitrick Brincko's previous interim fee applications (the "Interim Applications"), Sitrick Brincko was awarded and has been paid fees and reimbursed expenses as follows:

|  | Fees | Expenses | Total Requested | Amount Paid |
|---|---|---|---|---|
| First Interim Fee Application 7/01/2013 – 7/31/2013 | $57,660.00 | $653.38 | $58,313.38 | $58,313.38 |
| Second Interim Fee Application 8/01/2013 – 11/30/2013 | $259,852.50 | $3,313.37 | $263,165.87 | $263,165.87 |
|  | $317,512.50 | $3,966.75 | $321,479.25 | $321.479.25 |

16. Pursuant to the terms of the Interim Compensation Order, Sitrick Brincko submitted four monthly fee statements in connection with its services in these cases during the Application Period. The chart below identifies the payments Sitrick Brincko received to date in the amount of 80% of its fees and 100% of its expenses for the Application Period:

|  | Fees | Expenses | Total Requested | Amount Paid | Balance Requested |
|---|---|---|---|---|---|
| December 2013 Monthly Fee Statement | $54,517.50 | $653.38 | $55,170.88 | $44,267.38 | $10,903.50 |
| January 2014 Monthly Fee Statement | $60,517.50 | $700.05 | $61,217.55 | $49,114.05 | $12,103.50 |
| February 2014 Monthly Fee Statement | $51,337.50 | $653.38 | $51,990.88 | $41,723.38 | $10,267.50 |
| March 1 to March 11, 2014 | $23,827.50 | $280.02 | $24,107.52 | $19,342.02 | $4,765.50 |
|  | $190,200.00 | $2,286.83 | $192,486.83 | $154,446.83 | $38,040.00 |

17. As stated in the Declaration of Thora Thoroddsen, Senior Managing Director of Sitrick Brincko, Annexed hereto as **Exhibit A**, all of the services for which compensation is sought were rendered for or on behalf of the Debtors solely in connection with these chapter 11 cases. There is no agreement or understanding between Sitrick Brincko and any other person for the sharing of compensation

## Summary of Services Rendered

18. Since its hire date, Sitrick Brincko has rendered professional services to the Debtors as requested and as necessary and appropriate in furtherance of the interests of the Debtors. The variety and complexity of the issues in these chapter 11 cases and the need to act or respond to such issues on an expedited basis in furtherance of the Debtors' needs have required the expenditure of substantial time by Sitrick Brincko personnel, on an as-needed-basis.

19. Sitrick Brincko maintains written records of the time expended by professionals in the rendition of their professional services to the Debtors. Such time records were made contemporaneously with the rendition of services by the person performing such services and in the ordinary course of Sitrick Brincko's practice, and are presented in a form that is in compliance with the Local Rules. A monthly compilation showing the name of the professional, the date on which services were performed, a description of the services rendered, and the

amount of time spent in performing the services during the Compensation Period is annexed hereto as **Exhibit C.**

20.  Sitrick Brincko also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of its professional services, which are also available for inspection. A schedule of the categories of expenses and amount for which reimbursement is requested is annexed hereto as **Exhibit D**.

21.  Sitrick Brincko respectfully submits that the professional services that it rendered on behalf of the Debtors were necessary and appropriate, and have directly contributed to the effective administration of these chapter 11 cases.

22.  The following summary of services rendered during the Compensation Period is not intended to be a detailed description of the work performed, as those day-to-day services and the time expended in performing such services are fully set forth in Exhibit C. Rather, it is merely an attempt to highlight certain areas in which services were rendered to the Debtors during the Compensation Period.

   a. Asset Analysis / Disposition (.4 - $150.00)

   - Reviewed *de minimis* sales detail for Q2-2013 report.

   b. Case Administration (1.5 hrs - $562.50)

   - Reviewed and analyzed the case docket and filed pleadings.
   - Reviewed correspondence regarding sale to NRG.
   - Attended meeting regarding organizing files for NRG acquisition.

   c. Cash Flow / Financial Analysis (43.8 hrs - $16,425.00)

   - Reviewed professional fees and other vendor invoices and payments.
   - Created accrual tracking system and updated all professional fee accruals in order to transition tracking to internal staff.

11

- Reconciled all professional interim fee applications to fee statements.

- Reconciled Treasury cash reports.

d. Claims Administration (1,218.5 hrs - $456,937.50)

- Reviewed and analyzed all claims and created a claims tracking system in order to determine the validity of the claims and eliminate duplication.

- Periodically reviewed and updated claims tracking system.

- Prepared detailed backup for omnibus claims objections and disputed claims.

- Contacted claimants to reconcile claims and verify their validity.

- Participated in meetings with the Debtors and their advisors related to the claims process.

- Reviewed intercompany claims and prepared format for clearing them.

e. Fee / Employment Applications (142.9 hrs - $25,237.50)

- Prepared and submitted monthly fee statements for July, August, September October, November, December 2013, January, February 2014 and March 1 - 11, 2014.

- Prepared first and second interim fee applications.

f. Financial Info Reporting / Financial Statements / Schedules (22.4 hrs - $8,400.00)

- Performed work relating to the Debtors' monthly operating reports.

**Reasonable and Necessary Services Rendered By Sitrick Brincko**

23. The professional services rendered by Sitrick Brincko on behalf of the Debtors during the Compensation Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

24. The Retention Order authorized the retention of Sitrick Brincko to provide the Debtors services related to:

    a. reviewing and evaluating claims to determine their validity;

    b. matching claims to scheduled liabilities;

    c. researching disputed claims;

    d. negotiating with claimants;

    e. performing avoidance claims analyses;

    f. providing litigation support in litigated claims disputes, including court testimony;

    g. managing the disbursements process; and

    assisting in any other bankruptcy related matters, if requested.

**Actual and Necessary Expenses Incurred by Sitrick Brincko**

25. As detailed in Exhibit D, Sitrick Brincko seeks reimbursement of $6,253.78 in expenses incurred during the Compensation Period for ground transportation. These expenses are charged at the actual costs of these services without markup. Sitrick Brincko has made every effort to minimize its disbursements in this case. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and all parties in interest.

**Sitrick Brincko's Requested Compensation and Reimbursement Should Be Allowed**

26. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern this Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy

Code "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be award to… a professional person, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

27.    Sitrick Brincko respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors and were

rendered to protect and preserve the Debtor's estates. Sitrick Brincko further believes that it performed the services for the Debtor economically, effectively, and efficiently, and the results obtained benefited the Debtors' estates and the other parties in interest. The requested compensation for the foregoing services is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, and tasks involved.

28. In order to provide the Debtors with the level of service required for a bankruptcy case of this size and complexity, and to provide the level of skill and expertise required for the sophisticated issues presented in these cases, Sitrick Brincko draws on the experience of consultants with a wide degree of tenure and deep restructuring expertise that inures to the benefit of the Debtors and all parties in interest.

29. During the Compensation Period, the professional services provided by Sitrick Brincko were performed with speed and efficiency. Whenever possible, Sitrick Brincko minimized the costs of its services to the Debtors by utilizing a lower cost professional.

30. During the Compensation Period, Sitrick Brincko billed the Debtors for time expended by professionals based on an hourly rate of $375.00 for Ms. Thoroddsen and $150.00 for Ms. Hoelscher. These hourly rates reflect an approximate 20% discount from the hourly rates and corresponding rate structure that Sitrick Brincko predominantly uses for restructuring, workout, bankruptcy, insolvency, and comparable matters. As stated above, **Exhibit C** lists the number of hours billed for these individuals and their hourly rate.

31. Moreover, Sitrick Brincko's hourly rates are set at a level designed to compensate Sitrick Brincko fairly for the work of its professionals and to cover certain fixed and routine overhead expenses. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

32. Sitrick Brincko regularly reviews its invoices to ensure that the Debtors are only billed for actual and necessary services.

33. In sum, Sitrick Brincko respectfully submits that the professional services rendered by Sitrick Brincko on behalf of the Debtors during the Compensation Period were necessary and appropriate given the complexity of these chapter 11 cases, the time spent by Sitrick Brincko, the nature and extent of Sitrick Brincko's services rendered, the value of Sitrick Brinco's services, and the cost of comparable services outside of bankruptcy, which are relevant factors set forth in Section 330 of the Bankruptcy Code. Accordingly, Sitrick Brincko respectfully submits that approval of the compensation sought herein is warranted and should be approved.

**No Prior Request**

34. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, Sitrick Brincko respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit E: (a) allowing and awarding compensation for professional services rendered during the Compensation Period in the amount of $507,712.50 and for reimbursement of all actual and necessary expenses incurred by Sitrick Brincko during the Compensation Period in the amount of $6,253.78; and (b) granting related relief.

Dated: May 1, 2014  By: _____
Thora Thoroddsen
Senior Managing Director
Sitrick Brincko Group LLC