## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, et al.,[1] | ) | Case No. 12-49219 (JPC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## NOTICE OF THIRD INTERIM AND FINAL FEE APPLICATION OF NOVACK AND MACEY LLP, AS SPECIAL LITIGATION COUNSEL TO DEBTOR EDISON MISSION ENERGY, FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (APRIL 8, 2013 TO MARCH 11, 2014)

**PLEASE TAKE NOTICE** that on **May 1, 2014**, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Third Interim and Final Fee Application of Novack and Macey LLP, as Special Litigation Counsel to Debtor Edison Mission Energy, for Allowance of an Administrative Claim for Compensation and Reimbursement of Expenses (April 8, 2013 through March 11, 2014) (the "Application").

**PLEASE TAKE FURTHER NOTICE** that on the **18th day of June, 2014, at 10:30 a.m. (Central Time)** or as soon thereafter as counsel may be heard, the Debtors shall appear before the Honorable Bankruptcy Judge Jacqueline P. Cox or any other judge who may be sitting in her place and stead, in Courtroom 680 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the Application.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Application must be filed with the Court by **June 11, 2014, at 4:00 p.m. (Central Time)** and served by such time on (a) counsel to the Debtors; (b) the Office of the U.S. Trustee for the Northern District of Illinois;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation, L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

(c) counsel to Kern River Gas Transmission Company; (d) counsel to U.S. Bank, N.A.; (e) counsel to the official committee of unsecured creditors appointed to these chapter 11 cases; (f) the indenture trustee for the Debtors' senior unsecured notes; (g) counsel to the ad hoc committee of certain holders of the Debtors' senior unsecured notes; (h) the indenture trustee for the lessor notes related to the Debtors' Powerton generating station in Pekin, Illinois, and units 7 and 8 of the Debtors' Joliet, Illinois, generating station and the pass-through trustee for the related pass-through certificates; (i) counsel to the ad hoc committee of certain holders of pass-through certificates related to the Debtors' Powerton and Joliet generating stations; (j) the generating stations; (k) the owner trusts and the equity investors for the Debtors' Powerton and Joliet generating stations and their respective counsel; (l) the lender under Debtor Edison Mission Energy's letter-of-credit facility; (m) the state attorneys general for states in which the Debtors conduct business; (n) United States Attorney for the Northern District of Illinois; (o) the Internal Revenue Service; (p) the Securities and Exchange Commission; (q) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and (r) those parties who have requested service of papers in these cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and the *Order Approving Case Management Procedures* [Docket No. 128].

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases are available free of charge by visiting the case website maintained by GCG, Inc., the Debtors' notice and claims agent for these chapter 11 cases, available at www.edisonmissionrestructuring.com or by calling (866) 241-6491. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: May 1, 2014

/s/ Monte L. Mann
Monte L. Mann (ARDC# 6229771)
Andrew D. Campbell (ARDC# 6269494)
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
mmann@novackmacey.com
acampbell@novackmacey.com

*Special Litigation Counsel to Debtor Edison Mission Energy*

#649522v3

2

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, et al.,[1] | ) | Case No. 12-49219 (JPC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## COVER SHEET FOR THIRD INTERIM AND FINAL FEE APPLICATION OF NOVACK AND MACEY LLP, AS SPECIAL LITIGATION COUNSEL TO DEBTOR EDISON MISSION ENERGY, FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (APRIL 8, 2013 THROUGH MARCH 11, 2014)

| | |
|---|---|
| **Name of Applicant:** | **Novack and Macey LLP ("NM")** |
| **Authorized to Provide Professional Services to:** | **Edison Mission Energy in Adv. Proc. No. 13-00568** |
| **Date of Order Authorizing Employment:** | **May 15, 2013 nunc pro tunc to April 8, 2013 [Docket No. 778]** |
| **Period for Which Compensation and Reimbursement is Sought:** | **April 8, 2013 through March 11, 2014** |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation, L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

| | |
|---|---|
| **Amount of Compensation Sought as Actual, Reasonable and Necessary:** | **$329,541.51 ($12,197.00 for the period December 1, 2013 through March 11, 2014 (the "Final Fee Period"))** |
| **Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:** | **$10,357.51 ($295.73 for the Final Fee Period)** |
| **Prior Interim Applications:** | **First, Docket 1220, September 16, 2013 Second, Docket 2050, February 14, 2014** |
| **This is an** | **X interim application   X final application** |
| **Blended Hourly Rate (Excluding paraprofessional Time)** | **$505.29 ($562.07 for the Final Fee Period)** |

### Prior Interim Applications

| Application | Date Filed | Date Approved | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|---|---|
| First Interim [Docket No. 1220] | 9/16/13 | 10/28/13 [Docket No. 1437] | 4/8/13 to 7/31/13 | $105,223.50 | $105,223.50 | $105,223.50 |
| Second Interim [Docket No. 2050] | 1/14/14 | 2/25/14 [Docket No. 2124] | 8/1/13 to 11/30/13 | $222,182.74 | $222,182.74 | $222,182.74 |
| **Totals** | | | | **$327,406.24** | **$327,406.24** | **$327,406.24** |

### Summary of Pending Monthly Fee Statements -- December 1, 2013 through March 11, 2014 (Final Fee Period)

| Date Served | Period Covered | Hours | Fees Requested | Fees Paid | Expenses Requested | Expenses Paid | Unpaid Balance |
|---|---|---|---|---|---|---|---|
| 1/27/14 | 12/1/13 to 12/31/13 | 14.80 | $8,160.50 | $6,528.00 | $86.21 | $86.21 | $1,632.50 |
| 2/25/14 | 1/1/14 to 1/31/14 | 4.5 | $2,632.50 | $2,106.00 | $97.66 | $97.66 | $526.50 |
| 3/25/14 | 2/1/14 to 2/28/14 | 2.4 | $1,404.00 | $1,123.20 | $111.86 | $111.86 | $280.80 |
| **Totals** | | **21.7** | **$12,197.00** | **$9,757.20** | **$295.73** | **$295.73** | **$2,439.80** |

The NM attorneys who rendered professional services in these cases from April 8, 2013 through March 11, 2014 are:

| Name of Professional Person | Matter | Position with the Applicant and Year Admitted | | Department | Hourly Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|---|
| Monte L. Mann | Adv. Pro. No. 13-568 | Partner | 1995 | Litigation | $585.00 $570.00 | 12.60 342.70 | $7,353 $195,339 |
| Andrew D. Campbell | Adv. Pro. No. 13-568 | Partner | 1999 | Litigation | $425.00 | 171.50 | $72,887.50 |
| Christopher S. Moore | Adv. Pro. No. 13-568 | Partner | 1998 | Litigation | $425.00 | 97.20 | $41,310 |
| Elizabeth C. Wolicki | Adv. Pro. No. 13-568 | Associate | 2008 | Litigation | $295.00 | 7.30 | $2,153.50 |
| | Totals for Attorneys | | | | | 631.60 | $319,146.51 |
| | Blended Rate (Excluding Paraprofessional Time): | | | | $505.29 | | |

**Total Attorneys Fees Requested for Fee Period:**     $319,146.51
**Total Attorney Hours Billed for Fee Period:**     631.60

The NM paraprofessionals who rendered professional services in these cases from April 8, 2013 through March 11, 2014 are:

| Name of Paraprofessional Person | Position with the Applicant | Department | Hourly Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Benny R. Dorsey | Paralegal | Litigation | $165.00 | 11.30 | $1,864.50 |
| Josh Seib | Paralegal | Litigation | $165.00 | 45.7 | $7,540.50 |
| Victoria L. Dryan | Paralegal | Litigation | $165.00 | 6.0 | $990.00 |
| **Totals for Paraprofessionals** | | | | 63 | $10,395.00 |

3

**Expense Summary (April 8, 2013 - March 11, 2014):**

| Reimbursable Expenses | Amount |
|---|---|
| Photocopies (2,339 pages @ .15) | $350.85 |
| Photocopies from Illinois Institute of Technology Chicago Kent Law Library | $16.25 |
| Pacer Charges | $126.90 |
| Westlaw | $8,804.01 |
| Local Transportation | $39.00 |
| Delivery expenses | $1,020.50 |
| **Total** | **$10,357.51** |

Dated:  May 1, 2014

/s/ Monte L. Mann
Monte L. Mann (ARDC# 6229771)
Andrew D. Campbell (ARDC# 6269494)
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
Telephone:  (312) 419-6900
Facsimile:  (312) 419-6928
mmann@novackmacey.com
acampbell@novackmacey.com

*Special Litigation Counsel to Debtor Edison Mission Energy*

4

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, et al.,[1] | ) | Case No. 12-49219 (JPC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

## THIRD INTERIM AND FINAL FEE APPLICATION OF NOVACK AND MACEY LLP, AS SPECIAL LITIGATION COUNSEL TO DEBTOR EDISON MISSION ENERGY, FOR ALLOWANCE OF AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (APRIL 8, 2013 THROUGH MARCH 11, 2014)

Novack and Macey LLP ("NM"), attorneys for Debtor Edison Mission Energy in Adv. Pro. No. 13-00568 ("Debtors"), hereby submits its Third Interim and Final Fee Application (this "Application") for payment of compensation for professional services rendered to the Debtors and for reimbursement of actual and necessary expenses incurred in connection with such services during the period from December 1, 2013 through March 11, 2014 (the "Final Fee Period") pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules for the United States Bankruptcy Court for the Northern

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

District of Illinois (the "Local Rules"), the *Order Authorizing the Debtors to Retain and Employ Novack and Macey as Special Litigation Counsel to Debtor Edison Mission Energy* [Docket No. 778] (the "Retention Order"), and the *Order Approving Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members* [Docket No. 331] (the "Interim Compensation Order").

By this Application, NM requests that the Court enter an order substantially in the form attached hereto (a) allowing NM an administrative claim in the amount of: (i) $12,197.00 as compensation for the reasonable and necessary legal services NM rendered to the Debtors during the Final Fee Period and (ii) $295.73 in reimbursement for the actual and necessary expenses that NM incurred during the Final Fee Period, for a total allowance of $12,492.73 and (b) authorizing and directing the Debtors to immediately pay NM the balance of unpaid fees and expenses ($2,439.80) requested in the Monthly Fee Statements (as defined below) that were held back pursuant to the procedures set forth in the Interim Compensation Order. In support of this Application, NM respectfully states as follows:

## Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 327, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 5082-1.

## Background

4.      Edison Mission Energy ("EME"), together with its Debtor and non-Debtor affiliates, is a leading independent power producing enterprise specializing in developing, operating, and selling energy and capacity from approximately 40 generating facilities in 12

2

states and the Republic of Turkey. The Debtors have approximately 915 employees and maintain headquarters in Chicago, Illinois and Santa Ana, California.

5.    On December 17, 2012 (the "Petition Date"), seventeen Debtors (collectively, the "Initial Debtors") filed voluntary petitions for relief with this Court under chapter 11 of the Bankruptcy Code. On December 18, 2012, the Court entered an order [Docket No. 115] approving procedural consolidation and joint administration of the Initial Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) (as amended by the Court's order entered on December 21, 2012 [Docket No. 154]).

6.    On January 7, 2013, the U.S. Trustee for the Northern District of Illinois (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Initial Debtors' chapter 11 cases [Docket No. 202] (as amended on January 18, 2013 [Docket No. 308]).

7.    On May 2, 2013, three additional Debtors (collectively, the "Homer City Debtors") filed voluntary petitions for relief with this Court under chapter 11 of the Bankruptcy Code and the Debtors also filed a motion seeking procedural consolidation of the Initial Debtors' and Homer City Debtors' respective chapter 11 cases [Docket No. 717].

8.    No party has requested the appointment of a trustee or examiner in these chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Retention of Novack and Macey LLP

9.    The Retention Order authorizes Debtors to retain NM as counsel *nunc pro tunc* to April 8, 2013, to assist and represent Debtors with regard to the filing and prosecution of its Adversary Proceeding No. 13-00568.

10.     Pursuant to the Retention Order, the Debtors are authorized to compensate NM at NM's hourly rates and to reimburse NM for NM's actual and necessary out-of-pocket expenses incurred in connection with its representation of the Debtors in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the U.S. Trustee (the "U.S. Trustee Guidelines"), the Interim Compensation Order, and any other applicable order or procedures issued by this Court.

11.     As disclosed in the *Declaration of Monte L. Mann in Accordance with Bankruptcy Code § 327, Bankruptcy Rules 2014 and 2016, and Local Rule 2016-1,* which was attached as Exhibit B to the *Application for Entry of Order Authorizing and Approving Employment of Novack and Macey LLP as Special Litigation Counsel to Debtor Edison Mission Energy,* filed on April 26, 2013 [Docket No. 705] (the "NM Retention Application") (the "Mann Declaration"), NM does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

12.     As provided in the Mann Declaration, NM may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors and these chapter 11 cases.  Further, NM has disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts. NM will update and supplement the Mann Declaration, as appropriate, if NM becomes aware of material new information.

13.     During the Final Fee Period, NM performed the services described herein for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other person.

4

14.    Except to the extent of the advance payments paid to NM that NM previously disclosed to this Court in the Mann Declaration, NM has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with these chapter 11 cases.

15.    In accordance with Bankruptcy Rule 2016(b), NM has not shared, nor agreed to share, (a) any compensation that it received or may receive during these chapter 11 cases with another person other than with the members, counsel, and associates of NM or (b) any compensation that another person or party received or may receive during these chapter 11 cases.

16.    Pursuant to the Interim Compensation Order, NM submitted monthly fee statements (each a "Monthly Fee Statement," and collectively, the "Monthly Fee Statements") to the Debtors, K&E, the U.S. Trustee, counsel for the Committee and counsel to the Ad Hoc Committee of Senior Noteholders of Edison Mission Energy.   In the absence of a timely objection to a Monthly Fee Statement, the Debtors are authorized to pay NM 80% of its fees and 100% of its actual and necessary expenses incurred and billed under each Monthly Fee Statement, respectively.   To date, during the Final Fee Period, NM has submitted three Monthly Fee Statements to the above-mentioned parties for the following periods:

(a)    Monthly Fee Statement for the period 12/1/13 through 12/31/13;

(b)    Monthly Fee Statement for the period 1/1/14 through 1/31/14; and

(c)    Monthly Fee Statement for the period 2/1/14 through 2/28/14.

The chart attached hereto as Exhibit A summarizes the current status of each Monthly Fee Statement.

17.    In addition to submitting Monthly Fee Statements, NM is also required to file with the Court a fee application in accordance with the 120-day guideline set forth in section 331

Case 12-49219   Doc 2312   Filed 05/01/14   Entered 05/01/14 17:01:16   Desc Main
Document      Page 12 of 19

of the Bankruptcy Court for Court approval of the amount of fees and expenses sought pursuant to the Monthly Fee Statements. Upon approval of this Application, the Debtors are authorized to pay NM the remaining fees held back for payment with each Monthly Fee Statement. This is the third such application NM has submitted in these chapter 11 cases.

18.    On September 16, 2013, NM filed its First Interim Fee Application [Docket No. 1220 (the "First Application") for the period from April 8, 2013 through July 31, 2013.

19.    On October 28, 2013, this Court entered an order approving the Second Application [Docket No. 1436].

20.    On January 14 and February 14, 2014, NM filed its Second Interim Fee Application [Docket Nos. 1800, 2050] (the "Second Application" and together with the First Application and Second Application, the "Interim Applications") for the period from August 1, 2013 through November 30, 2013.

21.    On February 25, 2014, this Court entered an order approving the Second Application [Docket No. 2130].

**Requested Relief**

22.    By this Application, the Debtors respectfully seek the entry of an order (a) allowing NM an administrative claim in the amount of: (i) $12,197.00 as compensation for the reasonable and necessary legal services NM rendered to the Debtors during the Final Fee Period and (ii) $295.73 in reimbursement for the actual and necessary expenses that NM incurred during the Final Fee Period, for a total allowance of $12,492.73 and (b) authorizing and directing the Debtors to immediately pay NM the balance of unpaid fees and expenses requested in the Monthly Fee Statements that were held back pursuant to the procedures set forth in the Interim Compensation Order.

6

### Reasonable and Necessary Services Rendered by NM - Generally

23.    During the Final Fee Period, NM has advised and represented the Debtors in connection with Adversary Proceeding No. 13-00568.

24.    The NM attorneys and paraprofessionals who have rendered professional services during the Final Fee Period are listed on Exhibit B.  The rates listed for each attorney and paraprofessional are NM's standard hourly rates.  Exhibit B also identifies the individuals who rendered services and states the number of hours spent by each individual providing the services (in increments of one-tenth of an hour).  Exhibit B also contains a summary of expenses.

25.    Attached as Exhibit C is a detailed itemization and description of the services that NM rendered during the Final Fee Period.  Based on these rates and the services performed by each individual during the Fee Period, the total reasonable value of such services rendered during the Final Fee Period is $12,197.00.  NM attorneys expended a total of 21.7 hours working on the Adversary Proceeding No. 13-00568 during the Final Fee Period.  NM's blended hourly rate for the services provided by NM attorneys during the Final Fee Period is $562.07.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, allowance of the fees NM is requesting is fair and reasonable given:  (a) the complexity of the matter; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

26.    In staffing, in budgeting and incurring charges and disbursements, and in preparing and submitting this Application, NM has been mindful of the need to be efficient while providing full, adequate, and zealous representation of the Debtors.  Specifically, with respect to professional services rendered, NM has ensured that all attorneys have only billed time for work

which corresponds to that attorney's skill level.  In addition, NM has reviewed all time entries to ensure that multiple unrelated time entries are not lumped together or "blocked."

27.    NM has also endeavored to maintain accurate and detailed accounts of all actual and necessary expenses.

## Reasonable And Necessary Services Rendered By NM

28.    All of NM's services referenced herein relate to its representation of Edison Mission Energy in Adversary Proceeding No. 13-00568.

## Actual and Necessary Expenses

29.    It is NM's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client.  It is also NM's policy to charge its clients only the amount actually incurred by NM in connection with such items.  Examples of such expenses are postage, overnight mail, courier delivery, transportation, computer assisted legal research, airfare, meals and lodging.  With respect to airfare expenses, all travel, by all individuals, is billed at the coach class rate.

30.    Computer assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer assisted) legal research techniques.

31.    As previously stated, a summary of expenses by type, as well as a detailed itemization and description made by NM on the Debtors' behalf during the Final Fee Period, appears on Exhibit B.  All of these disbursements comprise the requested sum for NM's out-of-pocket expenses, totaling $295.73.

8

### NM's Requested Compensation And Reimbursement Should Be Allowed

32.     Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services" rendered by the professional and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A), (B).  In accordance with the Retention Order, NM is a professional employed in these chapter 11 cases under section 327 of the Bankruptcy Code.

33.     Bankruptcy Rule 2016(a) provides that a professional seeking interim compensation for services or reimbursement of necessary expenses must file "an application setting forth a detailed description of (a) the services rendered, time expended and expenses incurred and (b) the amounts requested." FED. R. BANKR. P. 2016(a).  In addition, Local Rule 5082-1 provides that an application for interim compensation for services performed and reimbursement of expenses incurred by a professional must include a narrative summary and a detailed statement of the applicant's services for which compensation is sought.  Under Local Rule 5082-1(C), an applicant's detailed time records may constitute the detailed statement required by Bankruptcy Rule 2016(a).  This Application and its corresponding exhibits provide a narrative and a detailed statement of the services rendered, the time expended by each billing attorney and paraprofessional, the expenses incurred, and the amounts requested by NM. Accordingly, NM's Application meets the statutory requirements under Bankruptcy Rule 2016(a) and Local Rule 5082-1.

34.     In determining the amount of reasonable compensation, courts consider the nature, extent, and value of the services, taking into account all relevant factors, including: (a) the time spent on such services; (b) the rates charged for such services; (c) whether the

9

services were necessary or beneficial; (d) whether the services were performed efficiently given the complexity, importance, and nature of the problem, issue, or task addressed; and (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. 11 U.S.C. § 330(a)(3).

35.     NM respectfully submits that the professional services it provided to the Debtors during the Fee Period were actual and necessary and that the requested interim compensation represents a fair and reasonable amount that should be allowed in full. As an initial matter, the Adversary Proceeding No. 13-00568 required substantial outlays of time and effort by NM attorneys and paraprofessionals performing an array of services in connection with NM's representation of EME.

36.     The professional services provided by NM have been performed by attorneys and paraprofessionals with expertise and skill in their practice area or specialty.

37.     Additionally, NM has performed each task as efficiently as possible given the time constraints and expedited nature of these cases.   Whenever possible, NM has conscientiously attempted to avoid having multiple attorneys appear or confer on behalf of the Debtors.  In certain circumstances, however, it was necessary for more than one NM attorney to appear in Court at the same time.  Also, NM only appeared on matters within the scope of the Retention Order.  Similarly, on certain occasions, NM had more than one attorney attend a meeting or strategize on issues that had particular import on the matters NM has handled for Debtors.  To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.

38.     NM's rate structure was disclosed in its retention application and approved by the Court in the Retention Order.  The rates NM charges in these chapter 11 cases are consistent with

10

the rates NM charges to other clients in non-bankruptcy matters and are consistent with the rates of similarly situated firms. The compensation NM seeks is also customary and reasonable based upon customary compensation charged by comparably skilled practitioners outside of chapter 11.

39.    With respect to expenses, this Application contains a detailed list of expenses including the date, the type, and the amount. Further, NM does not seek reimbursement for overhead expenses.

40.    In summary, considering the complex nature of services and the value provided by NM's services to the Debtors' estates during these chapter 11 cases, this Application meets each of the statutory requirements of section 330 of the Bankruptcy Code and substantially complies in all respects with the procedures set forth in the Interim Compensation Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

## Notice

41.    Notice of this Application has been provided to:  (a) the Office of the U.S. Trustee for the Northern District of Illinois; (b) counsel to the Committee; (c) the indenture trustee for the Debtors' senior unsecured notes; (d) counsel to the ad hoc committee of certain holders of the Debtors' senior unsecured notes; (e) the indenture trustee for the lessor notes related to the Debtors' Powerton generating station in Pekin, Illinois, and units 7 and 8 of the Debtors' Joliet, Illinois, generating station and the pass-through trustee for the related pass-through certificates; (f) counsel to the ad hoc committee of certain holders of pass-through certificates related to the Debtors' Powerton and Joliet generating stations; (g) the owner trusts and the equity investors for the Debtors' Powerton and Joliet generating stations (and their respective counsel, if known); (h) the lender under EME's letter-of-credit facility (i) the state attorneys general for states in which the Debtors conduct business; (j) United States Attorney for the Northern District of

Illinois; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; and (m) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (n) the Pension Benefit Guaranty Corporation; and (o) those parties who have requested service of papers in these cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and the *Order Approving Case Management Procedures* [Docket No. 128]. In light of the nature of the relief requested herein, NM submits that no further notice is necessary.

**No Prior Request**

42.    No prior request for the relief sought in this Application has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, NM respectfully requests that the Court enter an order, substantially in the form attached hereto (a) allowing NM an administrative expense claim for the Final Fee Period in the sum of $12,492.73 comprised of (i) $12,197.00 as compensation for reasonable and necessary professional services rendered to the Debtors and (ii) $295.73 for reimbursement of actual and necessary costs and expenses incurred; (b) authorizing and directing the Debtors to immediately pay NM the balance of unpaid fees and expenses requested in the Monthly Fee Statements that were held back pursuant to the procedures set forth in the Interim Compensation Order; and (c) granting such further relief as is just and proper.

Dated: May 1, 2014

/s/ Monte L. Mann
Monte L. Mann (ARDC# 6229771)
Andrew D. Campbell (ARDC# 6269494)
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
Telephone: (312) 419-6900
Facsimile: (312) 419-6928
mmann@novackmacey.com
acampbell@novackmacey.com

*Special Litigation Counsel to Debtor Edison Mission Energy*

13