## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, et al.,[1] | ) | Case No. 12-49219 (JPC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF FOURTH INTERIM AND FINAL
## FEE APPLICATION OF PERELLA WEINBERG PARTNERS LP,
## AS FINANCIAL ADVISOR FOR THE DEBTORS
## AND DEBTORS IN POSSESSION, FOR COMPENSATION
## FOR PROFESSIONAL SERVICES RENDERED AND FOR
## REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

**PLEASE TAKE NOTICE** that Perella Weinberg Partners LP has filed the *Fourth Interim and Final Fee Application of Perella Weinberg Partners LP, as Financial Advisor for the Debtors and Debtors in Possession, for Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred* (the "Final Fee Application").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Final Fee Application will be held before the Honorable Jacqueline P. Cox, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 680, Chicago, Illinois 60604, on **June 18, 2014, at 10:30 a.m. (Central Time).**

**PLEASE TAKE FURTHER NOTICE** that any objection to the Final Fee Application must be filed with the Court by **June 11, 2014, at 4:00 p.m. (Central Time)** and served by such time on (a) counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors"); (b) the Office of the U.S. Trustee for the Northern District of Illinois; (c) counsel to the official committee of unsecured creditors appointed to these chapter 11 cases; (d) the indenture trustee for the Debtors' senior unsecured notes; (e) counsel to the ad hoc committee of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Finance Co. (9202); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

certain holders of the Debtors' senior unsecured notes; (f) the indenture trustee for the lessor notes related to the Debtors' Powerton generating station in Pekin, Illinois, and units 7 and 8 of the Debtors' Joliet, Illinois generating station and the pass-through trustee for the related pass-through certificates; (g) counsel to the ad hoc committee of certain holders of pass-through certificates related to the Debtors' Powerton and Joliet generating stations; (h) the owner trusts and the equity investors for the Debtors' Powerton and Joliet generating stations; (i) the state attorneys general for states in which the Debtors conduct business; (j) United States Attorney for the Northern District of Illinois; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; (m) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (n) the respective professional whose Final Fee Application is the subject of the objection; and (o) those parties who have requested service of papers in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure and the *Order Approving Case Management Procedures* [Docket No. 128].

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases are available free of charge by visiting the case website maintained by GCG, Inc., the Debtors' notice and claims agent for these chapter 11 cases, available at www.edisonmissionrestructuring.com or by calling (866) 241-6491. You may also obtain copies of any pleadings by visiting this Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  May 1, 2014                    */s/ Kevin Cofsky* _____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, et al.,[1] | ) | Case No. 12-49219 (JPC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**COVER SHEET FOR**
**FOURTH INTERIM AND FINAL FEE APPLICATION OF**
**PERELLA WEINBERG PARTNERS LP, AS FINANCIAL ADVISOR**
**FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR**
**<u>REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED</u>**

| | |
|---|---|
| **<u>Name of Applicant:</u>** | **Perella Weinberg Partners LP ("Perella")** |
| Authorized to provide professional services to: | Edison Mission Energy, et al., Debtors and Debtors in Possession |
| Date of retention: | Order entered on February 20, 2013, retaining Perella *nunc pro tunc* to December 17, 2012 |
| Period for which compensation and reimbursement is sought: | December 17, 2012, through March 11, 2014 (the "<u>Final Fee Period</u>") |
| Amount of compensation sought as actual, reasonable, and necessary: | $11,992,741.93 ($8,945,967.74 for the period December 1, 2013 through March 11, 2014 (the "<u>Fourth Interim Fee Period</u>") |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $115,474.82 ($2,877.82 for the Fourth Interim Fee Period) |
| Total compensation and expense | $12,108,216.75 ($8,948,845.56 for the Fourth |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Finance Co. (9202); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

reimbursement requested[2]:                          Interim Fee Period)

This is a _ monthly **X** interim **X** final application.

---

[2]    Perella served copies of the applicable Monthly Applications, which detail the compensation and expense reimbursement requested by Perella pursuant to this Fourth Interim Fee Application, in accordance with the Interim Compensation Order.

## Summary of Hours by Professional
## During the Fourth Interim Fee Period[1]

| Professional | Position / Title | 12/1/13 to 12/31/13 | 1/1/14 to 1/31/14 | 2/1/14 to 2/28/14 | 3/1/14 to 3/11/14 | Total Hours |
|---|---|---|---|---|---|---|
| Michael Kramer | Partner | 15.0 | 9.0 | 9.0 | 6.0 | 39.0 |
| Kevin Cofsky | Managing Director | 23.5 | 15.0 | 14.0 | 19.0 | 71.5 |
| Mark Davis | Director | 56.0 | 28.0 | 16.0 | 7.0 | 107.0 |
| Adel Senoussi | Associate | 80.0 | 35.5 | 25.0 | 8.0 | 148.5 |
| Mark Su | Analyst | 36.0 | 39.0 | 24.0 | 11.5 | 110.5 |
| | **Total** | **210.5** | **126.5** | **88.0** | **51.5** | **476.5** |

## Summary of Hours by Professional
## During the Final Fee Period

| Professional | Position / Title | First Interim | Second Interim | Third Interim | Fourth Interim | Total Hours |
|---|---|---|---|---|---|---|
| Michael Kramer | Partner | 283.5 | 161.5 | 105.5 | 39.0 | 589.5 |
| Kevin Cofsky | Managing Director | 470.0 | 314.0 | 204.0 | 71.5 | 1,059.5 |
| MK Alisdairi | Director | 57.0 | 35.5 | 0.0 | 0.0 | 92.5 |
| Mark Davis | Director | 798.5 | 765.5 | 432.5 | 107.0 | 2,103.5 |
| Adel Senoussi | Associate | 923.0 | 719.0 | 458.0 | 148.5 | 2,248.5 |
| Mark Su | Analyst | 788.0 | 803.0 | 539.0 | 110.5 | 2,240.5 |
| Eric Brady | Analyst | 0.0 | 105.5 | 0.0 | 0.0 | 105.5 |
| | **Total** | **3,320.0** | **2,904.0** | **1,739.0** | **476.5** | **8,439.5** |

---

[1]    Monthly Statements submitted to the court for the Fourth Interim Fee Period are set forth as Exhibits B, C, D and E.

**Summary of the Total Amount of Fees and Expenses Incurred
Under Each Compensation Category During the Fourth Interim Fee Period**

| Matter Description | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|
| December 2013 financial advisor fee | $200,000.00 | $554.25 | $200,554.25 |
| January 2014 financial advisor fee | $200,000.00 | $856.02 | $200,856.02 |
| February 2014 financial advisor fee | $200,000.00 | $129.55 | $200,129.55 |
| March 1-11, 2014 financial advisor fee | $70,967.74 | $1,338.00 | $72,305.74 |
| PoJo Amendment / Restructuring Fee | $2,500,000.00 | N/A | $2,500,000.00 |
| Restructuring Fee, net of crediting[1] | $5,775,000.00 | N/A | $5,775,000.00 |

**Summary of the Total Amount of Fees and Expenses Incurred
Under Each Compensation Category During the Final Fee Period**

| Matter Description | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|
| First Interim Fee Period | $696,774.19 | $50,381.02 | $747,155.21 |
| Second Interim Fee Period[2] | $1,550,000.00 | $37,172.45 | $1,587,172.45 |
| Third Interim Fee Period[3] | $800,000.00 | $25,043.53 | $825,043.53 |
| Fourth Interim Fee Period | $8,945,967.74 | $2,877.82 | $8,948,845.56 |

---

[1]    $8,000,000.00 Restructuring Fee, less $600,000.00 from 50% crediting of Monthly Fee (for six months from October 2013 to March 2014), less $1,250,000.00 from 50% crediting of PoJo Amendment/Restructuring Fee, less $375,000.00 from 50% crediting of Financing Fee.

[2]    Second Interim Fee Period includes $269.93 of expenses not included in Monthly Statements submitted to the court.

[3]    Third Interim Fee Period includes $168.92 of expenses not included in Monthly Statements submitted to the court.

4

### Summary of Expenses Incurred During the Fourth Interim Fee Period

| Expenses Categories | 12/1/13 to 12/31/13 | 1/1/14 to 1/31/14 | 2/1/14 to 2/28/14 | 3/1/14 to 3/11/14 | Total Amount |
|---|---|---|---|---|---|
| Airfare | $0.00 | $0.00 | $0.00 | $1,338.00 | **$1,338.00** |
| Ground Transportation | $22.67 | $35.10 | $76.00 | $0.00 | **$133.77** |
| Meals & Entertainment | $483.26 | $256.41 | $0.00 | $0.00 | **$739.67** |
| Conference Line / Telephone/Internet/Cable Line | $0.00 | $529.69 | $22.89 | $0.00 | **$552.58** |
| Reproduction | $48.32 | $34.82 | $30.66 | $0.00 | **$113.80** |
| **Total** | **$554.25** | **$856.02** | **$129.55** | **$1,338.00** | **$2,877.82** |

### Summary of Expenses Incurred During the Final Fee Period

| Expenses Categories | First Interim | Second Interim[1] | Third Interim[2] | Fourth Interim | Total Amount |
|---|---|---|---|---|---|
| Airfare | $26,041.61 | $21,343.74 | $12,957.49 | $1,338.00 | **$61,680.84** |
| Ground Transportation | $13,450.05 | $7,526.73 | $6,902.69 | $133.77 | **$28,013.24** |
| Hotel Rooms & Taxes | $4,145.15 | $1,328.96 | $2,168.86 | $0.00 | **$7,642.97** |
| Meals & Entertainment | $4,507.14 | $4,562.85 | $2,413.40 | $739.67 | **$12,223.06** |
| Conference Line / Telephone/Internet/Cable Line | $2,008.36 | $770.79 | $0.00 | $552.58 | **$3,331.73** |
| Postage/Freight | $228.71 | $1,639.38 | $0.00 | $0.00 | **$1,868.09** |
| Reproduction | $0.00 | $0.00 | $601.09 | $113.80 | **$714.89** |
| **Total** | **$50,381.02** | **$37,172.45** | **$25,043.53** | **$2,877.82** | **$115,474.82** |

---

[1]   Second Interim Fee Period includes $269.93 of expenses not included in Monthly Statements submitted to the court.

[2]   Third Interim Fee Period includes $168.92 of expenses not included in Monthly Statements submitted to the court.

KE 30798618

Dated:  May 1, 2014                    _/s/ Kevin Cofsky_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| EDISON MISSION ENERGY, et al.,[1] | ) | Case No. 12-49219 (JPC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**FOURTH INTERIM AND FINAL**
**FEE APPLICATION OF PERELLA WEINBERG PARTNERS LP,**
**AS FINANCIAL ADVISOR FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION, FOR COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND FOR**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

Perella Weinberg Partners LP ("Perella"), Financial Advisor to the above-captioned

debtors and debtors in possession (collectively, the "Debtors"), submits its (a) fourth interim fee

application for payment of compensation for professional services rendered to the Debtors in the

amount of $8,945,967.74 and reimbursement of actual and necessary expenses in the amount of

$2,877.82 that Perella incurred for the period December 1, 2013, through March 11, 2014 (the

"Fourth Interim Fee Period"), which are included in the request for compensation during the

Final Fee Period (as defined below) and as part of the final fee application (this "Final Fee

Application"); and (b) Final Fee Application for (i) final allowance of compensation for services

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy
Company (6590); Edison Mission Finance Co. (9202); Edison Mission Energy Fuel Services, LLC (4630);
Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission
Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938);
Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC
(1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest
Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346);
Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of parent
Debtor Edison Mission Energy's corporate headquarters and the Debtors' service address is: 3 MacArthur
Place, Suite 100, Santa Ana, California 92707.

1

rendered in the amount of $11,992,741.93 and reimbursement of actual and necessary expenses in the amount of $115,474.82 that Perella incurred for the period from December 17, 2012, through March 11, 2014 (the "<u>Final Fee Period</u>").  In support of this Final Fee Application, Perella respectfully states as follows.

<u>**Perella's Contributions to the Debtors' Successful Chapter 11 Cases**</u>[2]

1.  Perella continued to work diligently with the Debtors during the Fourth Interim Fee Period to stabilize operations, engage in discussions with the Debtors' principal stakeholders to develop a consensual and value-maximizing restructuring proposal, and identify and implement strategies for maximizing the value of the Debtors' assets for the benefit of all of the Debtors' stakeholders.

2.  In sum, through the efforts of Perella during the Fourth Interim Fee Period, the Debtors have made considerable progress in these chapter 11 cases. Given the complexity of these chapter 11 cases and the importance of the matters on which Perella has advised the Debtors, Perella respectfully submits that it is appropriate for this Court to enter an order allowing the compensation and reimbursements requested herein.

<u>**Jurisdiction and Venue**</u>

3.  The United States Bankruptcy Court for the Northern District of Illinois (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

4.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  The statutory bases for the relief requested herein are sections 327, 330, and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 2016 of the Federal Rules

---

[2]  Capitalized terms used not otherwise defined in this Application shall have the meanings ascribed to them herein.

2

of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 5082-1 of the Local Rules of

Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the

Northern District of Illinois (the "Local Rules"), and the *Order Establishing*

*Procedures for Interim Compensation and Reimbursement of Expenses for*

*Professionals and Official Committee Members* [Docket No. 331] (the "Interim

Compensation Order").

## Background

6.  Edison Mission Energy ("EME"), together with its Debtor and non-Debtor affiliates, is

    a leading independent power producing enterprise specializing in developing,

    operating, and selling energy and capacity from approximately 40 generating facilities

    in 12 states and the Republic of Turkey.   The Debtors have approximately 800

    employees and maintain headquarters in Chicago, Illinois and Santa Ana, California.

7.  On December 17, 2012 (the "Petition Date"), seventeen of the Debtors filed petitions

    with this Court under chapter 11 of the Bankruptcy Code.   On May 2, 2013, three

    additional Debtors filed petitions with this Court under chapter 11 of the Bankruptcy

    Code.   The Court has approved procedural consolidation and joint administration of

    these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) [Docket Nos. 115, 154,

    780].   No party has requested the appointment of a trustee or examiner in these chapter

    11 cases.   The Debtors continue to operate their businesses and manage their properties

    as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

    Code.   On January 7, 2013, the U.S. Trustee appointed an official committee of

    unsecured creditors (the "Committee") in these chapter 11 cases [Docket No. 202] (as

    amended on January 18, 2013 [Docket No. 308]).

KE 30798618

8. On March 10, 2014, the Debtors filed the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Modifications)* [Docket No. 2201] (the "Plan"). On March 11, 2014, the Court entered an order confirming the Plan [Docket No. 2206].

## The Debtors' Retention of Perella

9. By this Court's order dated February 20, 2013, the Debtors were authorized to retain Perella as their investment banker and financial advisor, effective as of the Petition Date, to provide certain general financial advisory and investment banking services, restructuring services and financing services [Docket No. 524] (the "Retention Order"). The Retention Order authorizes the Debtors to compensate Perella in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines (the "Guidelines"), and any applicable Court orders, including the Interim Compensation Order.

## Disinterestedness of Perella

10. As disclosed in the Declaration of Kevin Cofsky in Support of the Debtors' Application to Employ and Retain Perella Weinberg Partners as Investment Banker and Financial Advisor  for Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date, filed on December 17, 2012  [Docket No. 36, Ex. B], and the First Supplemental Declaration of Kevin Cofsky in Support of the Debtors' Application to Employ and Retain Perella Weinberg Partners as Investment Banker and Financial Advisor for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date, filed on May 15, 2013  [Docket No. 752] (collectively, the "Cofsky Declarations"), Perella does not hold or represent any interest adverse to the Debtors' estates and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

KE 30798618

11. Perella may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  Perella has disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts as part of the Cofsky Declarations.

12. Perella performed the services for which it is seeking compensation on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

13. Except to the extent of the advance payments paid to Perella that Perella previously disclosed to the Court in the Cofsky Declarations, Perella has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with these chapter 11 cases.

14. Pursuant to Bankruptcy Rule 2016(b), Perella has not shared, nor has Perella agreed to share:  (a) any compensation it received or may receive with another person other than with the partners, counsel, and associates of Perella; or (b) any compensation another person or party has received or may receive.

5

### Disclosure of Requested Compensation

15. As part of this Final Fee Application, Perella requests aggregate compensation for this Final Fee Period of $11,992,741.93 for services rendered and $115,474.82 for reimbursement of actual expenses, for a total request of $12,108,216.75. The fees and expenses sought in this Final Fee Application attributable to the Fourth Interim Fee Period are $8,945,967.74 and $2,877.82, respectively.[3]

16. Pursuant to the Interim Compensation Order, Perella has already received a total of $536,774.19 for financial advisory services provided to the Debtors during the Fourth Interim Fee Period and $2,877.82 for expenses incurred in connection therewith, representing approximately 80 percent of Perella's monthly financial advisory fees and 100 percent of out-of-pocket expenses incurred and submitted by Perella for the Fourth Interim Fee Period.

17. On May 15, 2013, Perella filed the First Interim Fee Application of Perella Weinberg Partners LP, as Financial Advisor for the Debtors and Debtors in Possession, for

---

[3]   For detail on the compensation and expense reimbursement requested by Perella in its representation of the Debtors, see Perella's fee statements for the periods: December 1, 2013, through December 31, 2013, attached hereto as **Exhibit B** (the "December 2013 Statement"); January 1, 2014, through January 31, 2014, attached hereto as **Exhibit C** (the "January 2014 Statement"); February 1, 2014, through February 28, 2014, attached hereto as **Exhibit D** (the "February 2014 Statement"); and March 1, 2014, through March 11, 2014, attached hereto as **Exhibit E** (the "March 2014 Statement," together with the December 2013 Statement, the January 2014 Statement, and the February 2014 Statement, the "Fourth Interim Monthly Statements"), each of which was served in accordance with the Interim Compensation Order. *See* the *First Interim Fee Application of Perella Weinberg Partners LP, as Financial Advisor for the Debtors and Debtors in Possession, for Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred* [Docket No. 767] for monthly fee statements filed for the period December 17, 2012, through March 31, 2013 (the "First Interim Monthly Statements"), the *Second Interim Fee Application of Perella Weinberg Partners LP, as Financial Advisor for the Debtors and Debtors in Possession, for Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred* [Docket No. 1224] for monthly fee statements filed for the period April 1, 2013, through July 31, 2013 (the "Second Interim Monthly Statements") and the *Third Interim Fee Application of Perella Weinberg Partners LP, as Financial Advisor for the Debtors and Debtors in Possession, for Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred* [Docket No. 1812] for monthly fee statements filed for the period August 1, 2013, through November 30, 2013 (the "Third Interim Monthly Statements," together with the First Interim Monthly Statements, the Second Interim Monthly Statements, and the Fourth Interim Monthly Statements, the "Monthly Statements").

KE 30798618

Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred [Docket No. 767], which the Court approved on July 3, 2013 [Docket No. 1000].  On September 16, 2013, Perella filed the Second Interim Fee Application of Perella Weinberg Partners LP, as Financial Advisor for the Debtors and Debtors in Possession, for Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred [Docket No. 1224], which the Court approved on October 28, 2013 [Docket No. 1435].  On January 15, 2014, Perella filed the Third Interim Fee Application of Perella Weinberg Partners LP, as Financial Advisor for the Debtors and Debtors in Possession, for Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred [Docket No. 1812], which the Court approved on February 25, 2014 [Docket No. 2123].

18. This Final Fee Application is Perella's fourth and final request for compensation for services rendered and reimbursement of expenses incurred as Financial Advisor to the Debtors.

**<u>Summary of Services Performed</u>**

19. During the Final Fee Period, Perella provided significant professional services to the Debtors in connection with these chapter 11 cases. These services were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

20. Perella does not maintain, in the normal course of financial advisory services to its clients, detailed written time records, does not bill its clients based on the number of hours expended by its professionals, and does not possess technology or other systems for maintaining such records. However, as approved by the Retention Order,

7

paragraph 21 sets out a description of services rendered by Perella during the Fourth Interim Fee Period and the Final Fee Period.

21. During the Final Fee Period, Perella assisted the Debtors on many matters related to the following primary items, including:

- Assisting in the development of financial data and presentations to the Debtors' board of directors, various creditors, and other parties;

- Analyzing the Debtors' financial liquidity and evaluating alternatives to improve such liquidity;

- Evaluating the Debtors' debt capacity and alternative capital structures;

- Analyzing various restructuring scenarios and the potential impact of these scenarios on the value of the Debtors and the recoveries of those stakeholders impacted by the restructuring;

- Providing financial advice and assistance to the Debtors in developing a restructuring;

- Participating in negotiations among the Debtors and its creditors, suppliers, lessors and other interested parties;

- Advising the Debtors and negotiating with lenders with respect to potential waivers, consents, or amendments of various credit facilities and other debt obligations;

- Assisting the Debtors and participating in negotiations with entities or groups affected by the restructuring;

- Assisting the Debtors in negotiations with respect to a restructuring of the facility leases pertaining to the Powerton and Joliet facilities;

- Assisting in the arranging of financing, including identifying potential sources of capital, assisting in the due diligence process and negotiating the terms of the proposed

8

financing, including advising the Debtors and an EME subsidiary in obtaining a new replacement letter of credit facility;

- Providing strategic advice with regard to restructuring or refinancing the Debtors' obligations;

- Providing strategic advice with regard to potential sales of assets (including the eventual transaction with NRG Energy); and

- Assisting the Debtors in analyzing recoveries to claimants and determining detailed distribution mechanics to claimants.

### <u>Reasonable and Necessary Services Rendered By Perella</u>

22. The foregoing professional services rendered by Perella on behalf of the Debtors during the Final Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

23.  During the Final Fee Period, Perella advised and assisted the Debtors in many facets of these chapter 11 cases.  To this end, as set forth on page 3 in detail in the summary attached to this Fourth Interim and Final Fee Application, numerous Perella professionals spent time rendering professional services on behalf of the Debtors.

KE 30798618

## Actual and Necessary Expenses Incurred By Perella

24. Perella has incurred a total of $115,474.82 in expenses on behalf of the Debtors during the Final Fee Period.  These charges are intended to reimburse Perella's direct operating costs, which are not incorporated into the Perella compensation.  Perella charges external copying at the provider's cost without markup.  Only clients who actually require such services are separately charged for such services.  The effect of including such expenses as part of the compensation would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

25. The time constraints imposed by the circumstances of these chapter 11 cases required Perella employees to devote, from time to time, evenings and weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, to respond to daily inquiries from various creditors and other parties in interest on a timely basis, and to satisfy the demands of the Debtors' business and ensure the orderly administration of their estates given the exigent circumstances of these chapter 11 cases.  Consistent with firm policy and as further disclosed in the Perella retention application, Perella employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  The reimbursement amounts do not exceed those set forth in the Guidelines.

26. Among other things, Perella ensures all expenses are reasonable and appropriate expenses for which to seek reimbursement.

## Perella's Requested Compensation and Reimbursement Should Be Allowed

27. Section 331 of the Bankruptcy Code provides for interim compensation of professionals.  Pursuant to the Retention Order, Perella's Monthly Fees, financing fees, and expenses are subject to the standard of review provided for in section 328(a) of the

10

Bankruptcy Code and are not subject to the standard of review set forth in section 330 of the Bankruptcy Code except by the U.S. Trustee, and in such case "reasonableness" shall not be evaluated primarily on an hourly basis.

28. Section 328(a) of the Bankruptcy Code permits, with the Court's approval, the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328 represents a departure from the practice that prevailed before the enactment of the Bankruptcy Code in 1978. The purpose of section 328 is to permit the pre-approval of compensation arrangements as a method of ensuring that the most competent professionals will be available to provide services in bankruptcy cases. See *In re Westbrooks*, 202 B.R. 520, 521 (Bankr. N.D. Ala. 1996) (percentage fee arrangements "comport with the Bankruptcy Code's goal of attracting highly qualified professionals to the bankruptcy forum"); *In re Olympia Holding Corp.*, 176 B.R. 962, 964 (Bankr. M.D. Fla. 1994).

29.

> Once the terms of a professional's retention have been approved under section 328(a) of the Bankruptcy Code, the approved compensation structure cannot be altered unless the agreed terms "prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a); *see also In re Reimers*, 972 F.2d 1127, 1128 (9th Cir. 1992) (compensation agreement approved under Section 328(a) must be enforced in the absence of unforeseeable circumstances, and is not subject to a "reasonableness" review under Section 330); *In the Matter of National Gypsum Company*, 123 F.3d 861 (5th Cir. 1997) (same); *In re Olympia Holding Corp.*, 176 B.R. at 964 (same). As the Court explained in *National Gypsum*: If the most competent professionals are to be available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their

11

> expertise and commitment. Courts must protect those agreements
> and expectations, once found to be acceptable.

123 F.3d at 863.

30. Additionally, Perella respectfully submits that the services for which it seeks compensation in this Final Fee Application were reasonable and warranted. Perella has been involved in a meaningful way in these chapter 11 cases and fulfilled its duties in advising the Debtors. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Perella submits that the amount of fees and expenses requested herein is fair and reasonable in light of (a) the complexity of the issues presented, (b) the time expended, (c) the skill required to properly perform the financial advisory services, (d) the experience, reputation and ability of the professionals rendering services, (e) the preclusion of other similar employment, (f) the value of such services, (g) the market rates charged for comparable services both in and out of the chapter 11 context, and (h) the nature and scope of work performed by Perella in these chapter 11 cases during the Final Fee Period. Compensation for services rendered during the Final Fee Period has been earned and is due and payable under the terms of the Engagement Letter.

31. In sum, Perella respectfully submits that the services for which it seeks compensation in the Final Fee Application were necessary for and beneficial to the Debtors and its estates and were rendered to protect and preserve the Debtors' estates. Accordingly, Perella respectfully submits that fees and expense reimbursement sought herein should be allowed and approved by this Court pursuant to sections 328(a) and 330 of the Bankruptcy Code.

KE 30798618

**Notice**

32. Notice of this Final Fee Application has been provided to:  (a) the Office of the U.S. Trustee for the Northern District of Illinois; (b) counsel to the Committee; (c) the indenture trustee for the Debtors' senior unsecured notes; (d) counsel to the ad hoc committee of certain holders of the Debtors' senior unsecured notes; (e) the indenture trustee for the lessor notes related to the Debtors' Powerton generating station in Pekin, Illinois, and units 7 and 8 of the Debtors' Joliet, Illinois, generating station and the pass-through trustee for the related pass-through certificates; (f) counsel to the ad hoc committee of certain holders of pass-through certificates related to the Debtors' Powerton and Joliet generating stations; (g) the owner trusts and the equity investors for the Debtors' Powerton and Joliet generating stations (and their respective counsel, if known); (h) the lender under Debtor Edison Mission Energy's letter-of credit facility; (i) the state attorneys general for states in which the Debtors conduct business; (j) United States Attorney for the Northern District of Illinois; (k) the Internal Revenue Service; (l) the Securities and Exchange Commission; and (m) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business. In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

**No Prior Request**

33. No prior request for the relief sought in this Final Fee Application has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

13

WHEREFORE, Perella respectfully requests that this Court enter an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, allowing and awarding compensation for professional services rendered during the Final Fee Period in the amount of $11,992,741.93 and for reimbursement of all actual and necessary expenses incurred by Perella during the Final Fee Period in the amount of $115,474.82.

Dated:  May 1, 2014                      */s/ Kevin Cofsky*