UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EDISON MISSION ENERGY, et al.,[1] | ) Case No. 12-49219 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

NOTICE OF MOTION UNDER 11 U.S.C. SECTIONS 105(A) AND 350(A) AND FED. R. BANKR. P. 3022 FOR ORDER AND FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES

**PLEASE TAKE NOTICE** that on the **17th day of September, 2014, at 10:30 a.m.** (Central Time) or as soon thereafter as counsel may be heard, NRG Energy Holdings Inc., and the Post-Effective Date Debtor Subsidiaries[2] (collectively, the "Purchaser Parties") will appear before the Honorable Jacqueline P. Cox or any other judge who may be sitting in her place and stead, in Courtroom 680 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the attached *Motion Under 11 U.S.C. Sections 105(a) and 350(a) and Fed. R. Bankr. P. 3022 for Order and Final Decree Closing Certain Chapter 11 Cases* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be filed with the Court, and served so as to be actually received by each of the following entities, by **September 10, 2014**: (a) counsel to the Purchaser Parties; (b) counsel to the Reorganization Trust; and (c) the Office of the U.S. Trustee for the Northern District of Illinois.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases are available free of charge by visiting the case website maintained by GGS, Inc., the notice and claims agent for these chapter 11 cases, available at www.edisonmissionrestructuring.com or by calling (866) 241-6491. You may also obtain copies of any pleadings by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of the Reorganization Trust's service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Modifications)*, as confirmed, filed on March 11, 2014 [Docket No. 2206-1].

Date: August 26, 2014

Respectfully submitted,

By: */s/ Joseph D. Frank*
Joseph D. Frank (IL No. 6216085)
Jeremy C. Kleinman (IL No. 6270080)
FrankGecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0036
*jfrank@fgllp.com*
*jkleinman@fgllp.com*

and

C. Luckey McDowell (admitted *pro hac vice*)
Ian E. Roberts (admitted *pro hac vice*)
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: 214.953.6500
Facsimile: 214.953.6503
Email: *luckey.mcdowell@bakerbotts.com*
           *ian.roberts@bakerbotts.com*

Counsel to NRG Energy Holdings Inc. and the Post-Effective Date Debtor Subsidiaries

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EDISON MISSION ENERGY, et al.,[1] | ) Case No. 12-49219 (JPC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION UNDER 11 U.S.C. SECTIONS 105(A) AND 350(A) AND FED. R. BANKR. P. 3022 FOR ORDER AND FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES**

NRG Energy Holdings Inc. ("NRG") and the Post-Effective Date Debtor Subsidiaries[2] (collectively, the "Purchaser Parties") file this *Motion Under 11 U.S.C. Sections 105(a) and 350(a) and Fed. R. Bankr. P. 3022 for Order and Final Decree Closing Certain Chapter 11 Cases* (the "Motion") and respectfully ask the Court for an order and final decree closing the bankruptcy cases identified on **Exhibit A** attached hereto (collectively, the "Designated Cases"). In support of the Motion, the Purchaser Parties represent as follows:

**PRELIMINARY STATEMENT**

1. The bankruptcy cases for a majority of the debtors acquired by NRG have been fully administered, and the Purchaser Parties seek entry of a final decree to close those cases. Pursuant to the joint plan of reorganization in these cases, NRG acquired the equity interests in thirteen of the twenty debtors (the "Acquired Debtors"). With respect to the ten Acquired

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447). The location of the Reorganization Trust's service address is: 3 MacArthur Place, Suite 100, Santa Ana, California 92707.

[2] Capitalized terms used but not defined herein shall have the meaning given in the Plan (as defined herein).

{NRG/001/00039746.DOCX/2}      1

Debtors identified on **Exhibit A**, the bankruptcy cases have been fully administered. For these entities, there is no longer a need to keep their respective bankruptcy cases open, and closing their cases will avoid unnecessary additional administrative costs.

2.  Certain matters remain outstanding for three Acquired Debtors: reorganized Midwest Generation, LLC; reorganized Midwest Generation EME, LLC; and reorganized Edison Mission Midwest Holdings Co. This motion has no effect on the cases of these three reorganized debtors.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.  On December 17, 2012 (the "Petition Date"), Edison Mission Energy ("EME") and seventeen of its subsidiaries filed petitions with this Court under chapter 11 of the Bankruptcy Code. On May 2, 2013, three additional Debtors filed petitions with this Court under chapter 11 of the Bankruptcy Code.

6.  On March 11, 2014, the Court entered an order [Docket No. 2206] confirming the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Modifications)* [Docket No. 2201] (the "Plan").

7.  Effective April 1, 2014, NRG consummated the purchase of substantially all of EME's assets pursuant to the Asset Purchase Agreement dated October 18, 2013, between EME

{NRG/001/00039746.DOCX/2}                        2

and NRG (the "APA") and the Confirmation Order, as provided for in Article IV.B of the Plan. In addition to acquiring the equity interest of the Acquired Debtors and the other Acquired Companies, NRG assumed certain liabilities pursuant and subject to the terms of the APA and Plan, including the responsibility for resolving and paying certain Claims, as further described in sections 1.6 and 1.7 of the APA and Article III of the Plan.

## RELIEF REQUESTED

8.  The Purchaser Parties request that this Court enter an order and final decree closing the Designated Cases set forth on **Exhibit A**.

## BASIS FOR RELIEF

9.  Bankruptcy Code section 350(a) provides that the Court shall close a case after the estate has been fully administered. 11 U.S.C. § 350(a). In addition, the Bankruptcy Rules provide that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Furthermore, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

10. There is no definition of "fully administered" in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, and courts have resisted application of a strict standard. *See In re Wade*, 991 F.2d 402, 407, n.2 (7th Cir. 1993) (recognizing that "the meaning of full administration as used in section 350(a) is not clear" and that the timing of closing is a "nebulous concept"). However, the Advisory Committee Note to Fed. R. Bankr. P. 3022 provides some guidance for the Court. *See Shotkoski v. Fokkena (In re Shotkoski)*, 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009); *In re Union Home & Indust., Inc.*, 375 B.R. 912, 916–917 (B.A.P. 10th Cir. 2007) (noting that the court also must consider case-specific, procedural, and practical factors in

{NRG/001/00039746.DOCX/2}                              3

the exercise of its discretion under Fed. R. Bankr. P. 3022); *Weaver v. Tex. Capital Bank (In re SL Mgmt., LLC)*, No. 09-04254 (Bankr. N.D. Tex. Mar. 30, 2010) (noting that the Advisory Committee Note does not require that all claims be paid before a case is considered "fully administered").

11. The Advisory Committee Note to Fed. R. Bankr. P. 3022 lists certain factors that may—among other case-specific and practical factors to be considered by the court in its discretion—be helpful to determine whether a case has been fully administered, including:

- whether property proposed by the plan of reorganization to be transferred has in fact been transferred;
- whether the debtor has assumed the business addressed by the plan of reorganization; and
- whether payments under the plan of reorganization have commenced.

*See* Fed. R. Bankr. P. 3022, Advisory Committee Notes (1991); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998).

12. Importantly, Rule 3022 is intended to provide courts a flexible standard for determining whether an estate is fully administered, and the determination is based on a case-by-case basis. *See In re Union Home & Indust.*, 375 B.R. at 917 ("The factors listed in the Advisory [Committee] Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered."). Furthermore, the mere possibility that the court's jurisdiction may be invoked in the future does not mean that the court should keep the case open.

13. Here, several factors support closing the Designated Cases listed in **Exhibit A**. First, the Plan transactions were consummated on April 1, 2014, and with respect to the Designated Cases, property to be transferred under the Plan has been transferred. Second, the Acquired Debtors continue to operate in the ordinary course and perform their obligations under

{NRG/001/00039746.DOCX/2}                    4

the Plan and APA and have otherwise assumed the business addressed by the Plan. Third, except for certain contingent indemnity claims,[3] all claims against the Acquired Debtors that are the subject of this motion have been satisfied or otherwise resolved. Accordingly, there is nothing further to administer in these Designated Cases, and they should be closed. Closing the Designated Cases will relieve the Court, the U.S. Trustee, and the applicable Acquired Debtors from the burden of having to continue to monitor and administer the Designated Cases on **Exhibit A**.

14. In compliance with Local Rule 3022-1, attached as **Exhibit B** is a chart describing the final disposition of claims against the Acquired Debtors that are the subject of this Motion.

## NOTICE

15. The Purchaser Parties have provided notice of this Motion to: (a) counsel to the Reorganization Trust; (b) the U.S. Trustee; (c) the United States Attorney for the Northern District of Illinois; (d) the Internal Revenue Service; (e) the holders of contingent claims against, *inter alios,* the Debtors in the Designated Cases; and (f) those parties who have requested service of papers in this case pursuant to Rule 2002 of the Bankruptcy Rules and the *Order Approving Case Management Procedures* [Docket No. 128]. In light of the nature of the relief requested herein, the Purchaser Parties respectfully submit that no further notice is necessary.

---

[3] The only remaining claims against the debtors that are the subject of this motion are between eleven and thirteen wholly contingent indemnification claims (against each debtor) filed by (and/or scheduled for) certain employees and former employees. The Purchaser Parties do not expect that these contingencies will occur in the short-term, if at all. To the extent such claims ever mature and are Assumed Liabilities under the Plan and APA, they will be satisfied in the ordinary course by the applicable Post-Effective Date Subsidiary. Nothing in this Motion or the order sought will prejudice the right of any party in interest to move to reopen these cases pursuant to 11 U.S.C. § 350(b) and involve the Court as may become necessary or appropriate.

WHEREFORE, for the reasons stated, the Purchaser Parties respectfully request that this Court enter an Order and Final Decree closing the cases listed on **Exhibit A** attached hereto, and granting such other and further relief as the Court deems just and proper.

Date: August 26, 2014

Respectfully submitted,

By: /s/ *Joseph D. Frank*
Joseph D. Frank (IL No. 6216085)
Jeremy C. Kleinman (IL No. 6270080)
FrankGecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0036
*jfrank@fgllp.com*
*jkleinman@fgllp.com*

and

C. Luckey McDowell (admitted *pro hac vice*)
Ian E. Roberts (admitted *pro hac vice*)
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  214.953.6500
Facsimile:   214.953.6503
Email: *luckey.mcdowell@bakerbotts.com*
            *ian.roberts@bakerbotts.com*

Counsel to NRG Energy Holdings Inc. and the Post-Effective Date Debtor Subsidiaries