UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| EDISON MISSION ENERGY, et al., | ) Case No. 12-49219 (JPC) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF ALBERT SCERBO IN SUPPORT OF MOTION
UNDER 11 U.S.C. SECTIONS 105(A) AND 350(A) AND FED. R. BANKR. P. 3022
FOR ORDER AND FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES**

I, Albert Scerbo, declare as follows:

1. I am Vice President Integration Controller for NRG Energy, Inc. Through its subsidiary NRG Energy Holdings Inc. (the "Purchaser"), NRG acquired substantially all of the assets of Edison Mission Energy ("EME"), including its interest in thirteen debtor entities (the "Acquired Debtors"). This transaction occurred under the terms of (i) the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Modifications)* [Docket No. 2201] (the "Plan") and (ii) a related Asset Purchase Agreement, dated October 18, 2013, by and among EME, the Purchaser and NRG (the "APA").

2. I am generally familiar with the status of the claims for which the Purchaser and the Acquired Debtors are responsible under the terms of the Plan and APA, including the amounts distributed to claim holders on account of those claims.

3. I submit this declaration (this "Declaration") in support of the *Purchaser Parties' Motion under 11 U.S.C. Sections 105(A) and 350(A) and Fed. R. Bankr. P. 3022 For Order and Final Decree Closing Certain Chapter 11 Cases Proofs of Claim* [Docket No. 2487] (the "Motion").

Active 16663183.2

1

4. Except where noted otherwise, the statements in this Declaration are based on my personal knowledge, information supplied or verified by employees or advisors of NRG, or my review of relevant documents. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Purchaser.

5. On April 1, 2014, NRG consummated the transactions contemplated by the APA and Plan, and the Effective Date occurred. In addition to acquiring the equity interests of the Acquired Debtors and the other Acquired Companies, NRG assumed certain liabilities pursuant and subject to the terms and conditions of the APA and Plan, including the responsibility for resolving and paying certain claims, as further described in sections 1.6 and 1.7 of the APA and Article III of the Plan.

6. On and after the Effective Date, NRG has paid or caused to be paid allowed claims of creditors against each of the Acquired Debtors. With respect to 10 out of the 13 Acquired Debtors, all Allowed claims have been paid or otherwise satisfied in accordance the Plan (except for certain contingent claims, as I explain below in paragraph9). The list of these ten Acquired Debtors that are the subject of the Motion (the "Designated Debtors") is attached to the Motion as Exhibit A.

7. As it relates to the Designated Debtors, NRG and the Acquired Debtors have now completed the transfers of property contemplated by the Plan.

8. The Designated Debtors have successfully reorganized and continue to operate in the ordinary course. They have performed their obligations under the Plan and APA and have otherwise assumed the business addressed by the Plan.

9. The only remaining claims against the Designated Debtors are approximately thirteen wholly contingent indemnification claims asserted against each of the Debtors and filed by (and/or scheduled for) certain employees and former employees. NRG does not expect these claims to mature in the short-term, if ever. If these claims do ever mature and are Allowed, they will be satisfied in the ordinary course in accordance with the terms of the Plan and APA. Except for these contingent claims, all claims against the Designated Debtors have been satisfied or otherwise resolved.

10. At this time, there is nothing further to administer in the Designated Debtors' cases. Closing the Designated Cases will avoid the unnecessary incurrence of additional fees and expenses. I believe such cases should be closed and request that the Court grant the Motion.

*[-Signature Page Follows-]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: September 8, 2014

_____
Albert Scerbo
Vice President Integration Controller
NRG Energy, Inc.

*Signature Page to Scerbo Declaration In Support of Motion to Close*