**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **EDISON MISSION ENERGY, et al.,**[1] | ) Case No. 12-49219 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Honorable Jacqueline P. Cox |
| | ) |
| | ) Hearing: December 22, 2016 |
| | )           9:30 a.m. |

**COMMONWEALTH EDISON COMPANY'S LIMITED OBJECTION
TO THE EME REORGANIZATION TRUST'S MOTION TO
TERMINATE THE EME REORGANIZATION TRUST AND FOR
ENTRY OF A FINAL DECREE CLOSING CERTAIN CHAPTER 11 CASES**

Commonwealth Edison Company ("ComEd") respectfully submits its Limited Objection to the EME Reorganization Trust's Motion to Terminate the EME Reorganization Trust and For Entry of a Final Decree Closing Certain Chapter 11 Cases (the "Motion") [Dkt.2667], and states:

1.    On March 11, 2014, this Court entered an Order Confirming Debtors' Joint Chapter 11 Plan Of Reorganization [Dkt.2206]. The Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization (With Technical Modifications) (the "Plan") [Dkt.2187-1] became effective on April 1, 2014 and as a result, the Debtors rejected two executory contracts which are relevant to this Objection: (a) an Asset Sale Agreement between ComEd and Edison Mission Energy ("EME") dated as of March 22, 1999 (the "ASA"); and (b) the Agreement For Administration and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Energy (1807); Camino Energy Company (2601); Chestnut Ridge Energy Company (6590); Edison Mission Energy Fuel Services, LLC (4630); Edison Mission Finance Co. (9202); Edison Mission Fuel Resources, Inc. (3014); Edison Mission Fuel Transportation, Inc. (3012); Edison Mission Holdings Co. (6940); Edison Mission Midwest Holdings Co. (6553); EME Homer City Generation L.P. (6938); Homer City Property Holdings, Inc. (1685); Midwest Finance Corp. (9350); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558); Midwest Generation Procurement Services, LLC (2634); Midwest Peaker Holdings, Inc. (5282); Mission Energy Westside, Inc. (0657); San Joaquin Energy Company (1346); Southern Sierra Energy Company (6754); and Western Sierra Energy Company (1447).

Resolution of Asbestos Claims dated as of February 20, 2003 (the "Admin Agreement") between ComEd and Midwest Generation, LLC ("MWG") [Dkt.1851-3 at pg.3].

2. As a result of the rejection of these contracts, ComEd holds the following proofs of claim against Edison Mission Energy ("EME") and Midwest Generation, LLC ("Midwest Gen") that remain unsatisfied:

- Claim Nos. 1296-1299 and 2059-2062 which assert amounts that EME and Midwest Gen owe to ComEd for indemnification under the ASA and the Admin Agreement, including for post-petition administrative claims.

- Claim Nos. 1300, 1301, 2055, 2056, 2057, and 2058 assert amounts EME and Midwest Gen owe to ComEd for invoices issued to Midwest Gen for costs and expenses incurred investigating, negotiating, and administering settlements for, and defending, certain asbestos claims pursuant to the terms of the Admin Agreement, as well as claims for (i) unresolved pending asbestos claims; (ii) future asbestos claims, and (iii) certain asbestos liabilities arising out of or relating to the fossil generating power stations sold to EME, including administrative claims.

- Claim Nos. 1302, 1303, 2063, and 2064 assert amounts EME and Midwest Gen owe to ComEd for compliance, legal, and environmental costs, including administrative claims.

Collectively Claim Nos. 1296-99, 1300-03, and 2055-64 are referred to herein as the "ComEd Claims."

3. Under the Plan, EME sold substantially all of its assets to NRG Energy Holdings, Inc. ("Purchaser") and NRG Energy, Inc. (with Purchaser, "NRG"). Article V, paragraph E of the Plan states:

> For the avoidance of doubt, the Purchaser, or an applicable Post-Effective Date Debtor Subsidiary, in accordance with the Purchase Agreement, shall be responsible for any Allowed Claim for rejection damages under any Executory Contract or Unexpired Lease rejected by the Debtors after the date of the Plan Sponsor Agreement except for any Allowed Claim for rejection damages on account of any Executory Contract or Unexpired Lease rejected after the date of the Plan Sponsor Agreement without the consent of the Purchaser, which Allowed Claim shall be a General Unsecured Claim against the applicable Debtor.

[Dkt. 2187-1 at pg.48.]

4. Following the Effective Date, ComEd has been in negotiations with NRG to resolve the ComEd Claims, but no agreement has yet been reached.

5. On October 17, 2016, the Reorganization Trust filed its notice of intent to terminate the Reorganization Trust ("Termination Notice). In response to the Termination Notice, ComEd served the Reorganization Trust with a letter reserving its rights to be paid from the Reorganization Trust in the event that NRG disputes its obligation to satisfy the ComEd Claims. The Reorganization Trust mentions this letter in Exhibit A to its Motion and states in response that pursuant to a Stipulation that resolved certain proofs of claims that the Purchaser did not assume that the "Reorganization Trust and ComEd agreed that any and all liability [for the ComEd Claims] would be borne by Purchaser." (Motion at Ex. A.)

6. The Reorganization Trust's reading of this Stipulation is incorrect. ComEd did not waive its rights to recovery from the Reorganization Trust in the event that Purchaser were to claim that it had not assumed the liability for the ComEd Claims. Having said that, ComEd believes that it is undisputed that Purchaser did assume liability for the ComEd Claims under the Plan. Accordingly, it requests that the Court include in any Order granting the Motion, the following:

> Pursuant to the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Amendments), NRG Energy Holdings, Inc. has assumed any and all liability for Commonwealth Edison Company's Claim Nos. 1296-1299, 1300-1303, and 2055-2064.

7. Alternatively, the Reorganization Trust should not be terminated until such time as ComEd's Claims are satisfied. Although if NRG were to take such a position that position would be frivolous, ComEd should not be put in the position where NRG disclaims liability under the Plan and ComEd is left with no recourse. Given the Reorganization Trust's desire to terminate the Trust, it is appropriate that the Court make clear that it is doing so only because the Purchaser has the legal responsibility to pay the ComEd Claims.

WHEREFORE, ComEd respectfully requests that the Court grant its Limited Objection and include the requested language in any Order granting the Motion and that the Court grant such other relief as this Court deems just.

COMMENWEALTH EDISON COMPANY

BY: /s/ *Catherine Steege*
One of its Attorneys

Catherine Steege (6183529)
Melissa M. Root (6288246)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
PH: 312/222-9350
FAX: 312/840-7352

Dated: December 15, 2016

4